UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 17 - 4199**

-------------------------------------------------------x   Docket No.:

JEANTOV HERCSKY,

**AZRACK, J.**

          Plaintiff,   **COMPLAINT**

  -against-   **DEMAND FOR JURY TRIAL**

**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

**BROWN, M. J.**

JACQUELINE EVANS and SHARYN GUZZI
(a/k/a SHARYN EVANS GUZZI and SHARYN
EVANS),

★   JUL 14 2017   ★

        Defendants.   LONG ISLAND OFFICE

-------------------------------------------------------x

     JEANTOV HERCSKY, through his attorney Kathy A. Polias, Attorney-at-Law,

complaining of the Defendants JACQUELINE EVANS (hereinafter also referred to as

"Defendant Evans") and SHARYN GUZZI (a/k/a SHARON EVANS GUZZI and SHARYN

EVANS) (hereinafter also referred to as "Defendant Guzzi"), respectfully alleges as follows:

## NATURE OF ACTION

1.     This is an action to redress:

    (a)    Defendants' malicious prosecution of Plaintiff, in violation of common
Law;

    (b)    Defendants' malicious abuse of process, in violation of common law;

    (c)    Defendants' false arrest and imprisonment of Plaintiff, in violation of
common law; and

    (d)    Defendants' defamation of Plaintiff, in violation of common law, to the
Suffolk County Police Department, which resulted in Plaintiff being
arrested and prosecuted.

## JURISDICTION AND VENUE

2.      This Court has diversity jurisdiction in this case, pursuant to 28 U.S.C. Sec. 1332, as the Plaintiff is a resident of a different state than the Defendants and the amount in controversy exceeds the sum or value of $75,000.00.  Plaintiff resides in the State of New Jersey and Defendants reside in the State of New York.

3.      Venue is proper because the acts complained of herein occurred within the County of Suffolk, which is within the Eastern District of New York.

## PARTIES

4.      During all times relevant and material to this Complaint, Plaintiff Jeantov Hercsky resided in the State of New Jersey.

5.      During all times relevant and material to this Complaint, Defendant Jacqueline Evans was a resident of the State of New York, within the jurisdiction of this Court.

6.      During all times relevant and material to this Complaint, Defendant Sharyn Guzzi was a resident of the State of New York, within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

7.      Plaintiff and Defendant Jacqueline Evans have a young son together.   Defendant Sharyn Guzzi is Defendant Jacqueline Evans' mother.

8.      In or about 2015, Defendants Jacqueline Evans and Sharyn Guzzi repeatedly, knowingly, and maliciously made grossly false and defamatory allegations and reports to the Suffolk County Police Department regarding Plaintiff.  They did so individually and also in conspiracy with each other.  They did so in order to retaliate against and hurt Plaintiff because he and Jacqueline Evans had been having disputes and disagreements in their relationship, and to gain an advantage for Defendant Evans in the following proceedings in Suffolk County Family

2

Court concerning the custody of Plaintiff's and Defendant Evans' young son: an order to show cause that Defendant Evans filed with the Suffolk County Family Court on December 29, 2014, the first appearance on which was on February 9, 2015; and a custody petition that Defendant Evans filed with the Suffolk County Family Court in 2015. .

9.       Defendants' defamatory statements about Plaintiff to the Suffolk County Police Department resulted in Defendant being arrested by the Suffolk County Police Department and prosecuted by the Suffolk County District Attorney's Office in Criminal Court in three separate criminal proceedings. Plaintiff lost his freedom for many hours after each arrest. He also had to make numerous appearances in each of the criminal proceedings. He lost income because he was not able to work on the many days that he had Court appearances in the criminal proceedings. He was forced to spend tens of thousands in attorney's fees and costs for his criminal defense in the proceedings. He also had to spend thousands of dollars on transportation to Court in Long Island from New Jersey, and from Court back to New Jersey for the three proceedings. All three criminal proceedings were dismissed.

**Defendant Sharyn Guzzi's False Police Report Regarding Plaintiff Made on or About January 4, 2015, Defendant Jacqueline Evans' False Police Report Regarding Plaintiff Made on or About February 1, 2015, and the Resulting Arrest and Prosecutions of Plaintiff**

10.      On or about January 4, 2015, Defendant Sharyn Guzzi knowingly and maliciously made false and defamatory allegations to the Fourth Precinct of the Suffolk County Police Department, or more specifically to Police Officer Ronald Sambuco, about Plaintiff. She gave a sworn, written statement to the Fourth Precinct of the Suffolk County Police Department, in which she told blatant lies and made defamatory allegations about Plaintiff, including that almost three months earlier, on October 8, 2014, Plaintiff threatened, in a phone conversation with Defendant Guzzi, physical harm to Defendant Guzzi and her daughter, co-Defendant Jacqueline

Evans. Defendant Guzzi falsely stated in the written statement dated January 4, 2015, "While speaking to Jeantov on the phone, I could tell he was becoming irate, he was starting to raise his voice, suddenly Jeantov said to me 'you and your sick daughter are going to be unrecognizable when I burry [sic] you.' I immediately hung the phone up, I was frightened by his tone and by what he said." Upon Plaintiff's information and belief, Defendant Guzzi made similar statements verbally to the Police.

11.    Defendant never made any of the aforementioned statements to Defendant Sharyn Guzzi, or any statements approximating the aforementioned statements to Defendant Sharyn Guzzi. Upon Plaintiff's information and belief, Defendant Jacqueline Evans knowingly, intentionally, and maliciously conspired with Defendant Guzzi for Defendant Guzzi to make this false report. This is a reasonable assumption because as explained below in paragraph 29, Defendant Evans herself had made two false police reports about Plaintiff the month before in December 2014.

12.    On or about February 1, 2015, Defendant Jacqueline Evans knowingly and maliciously made false allegations to the Fourth Precinct of the Suffolk County Police Department, or more specifically to Detective Brian Draiss, that Plaintiff threatened to physically harm her. She imputed statements to Plaintiff that she completely fabricated herself. She gave a sworn, written statement, in which she perjuriously alleged:

> Jeantov called me and stated, 'I heard you being on 'J-Date'. You think you are going to take my son to meet another man while we are still married. I'll kill all of you before that ever happens. I'm giving you 24 hours. If you don't come see me by then, you better watch your back you fucking whore, and I don't care if you call the police.

Upon Plaintiff's information and belief, Defendant Evans made similar statements verbally to the Suffolk County Police Department as well.

4

13.     Plaintiff never made any of the aforementioned statements to Defendant Evans, or any statements approximating the aforementioned statements to Defendant Evans.  Upon Plaintiff's information and belief, Defendant Sharyn Guzzi knowingly, intentionally, and maliciously conspired with Defendant Evans for Defendant Evans to make this false report.  This is a reasonable assumption for the following reasons.  Firstly, as explained above, Defendant Guzzi herself had made a false police report about Plaintiff the month before in January 2015, which led to his arrest and imprisonment in February 2015.  Furthermore, as explained below in paragraph 29, in December 2014, Defendant Guzzi had repeatedly told Police Officers in Queens to arrest Plaintiff on false allegations made by her daughter, Defendant Jacqueline Evans, and Defendant Guzzi also made false allegations about Plaintiff to the Police herself on that occasion.

14.     As a result of each defamatory report described above, an arrest warrant was issued against Plaintiff, for a total of two arrest warrants.  On February 9, 2015, the Suffolk County Police Department arrested Plaintiff on both warrants.   Two plainclothes Suffolk County Police Officers arrested Plaintiff on the warrants on February 9, 2015 in Suffolk County Family Court while he was making an appearance in the child custody proceeding.  They arrested him in front of the Family Court Judge, put him in an unmarked car, and brought him to the Fourth Precinct.  He was imprisoned for at least 24 hours.  He was not able to eat during his imprisonment because he is an observant Jew and the food was not Kosher.  Police Officer O'Connor told Plaintiff at the Precinct that the Defendants had been coming to the Precinct regarding Plaintiff a lot.

15.     Plaintiff was arraigned in Suffolk County Criminal Court in the following two

5

criminal cases at the same time:  People of the State of New York v. Hercsky, Docket No.:

2015SU001263; and People of the State of New York v. Hercsky, Docket No.:  2015SU005270.

Upon Plaintiff's information and belief, Defendant Guzzi and Defendant Evans made statements

to the Suffolk County District Attorney's Office that were similar to the ones that they made to

the Suffolk County Police Department.

      16.    In the first of the two proceedings, Plaintiff was charged with Aggravated

Harassment 2 – Threaten by Phone/No Legitimate Purpose, in violation of New York Penal Law

240.03 02 (Class A Misdemeanor).   The Misdemeanor Information alleged:

> The Defendant, at 59 Croft Lane, Smithtown in the Town of Smithtown,
> Suffolk County, New York on or about October 8, 2014 at approximately
> 10:00 P.M., with intent to harass, annoy, threaten or alarm another person,
> he or she made a telephone call, whether or not a conversation ensued,
> with no purpose of legitimate communication, in that, the Defendant,
> Jeantov Hercsky, during a telephone conversation with the witness,
> Sharyn Guzzi, he did say to her in sum and substance, "You and your sick
> daughter are going to be unrecognizable when I bury you." This threat did
> harass, annoy, and alarm Sharyn Guzzi.

      17.    In the second of the two proceedings, Plaintiff was charged with Criminal

Contempt in the First Degree in violation of New York Penal Law 215.51 B III (a Class E

Felony) and Aggravated Harassment in the Second Degree – Threat in Violation of New York

State Penal Law 240.30 01 A (a Class A Misdemeanor).

      18.    The Misdemeanor Information for the proceeding stated:

> The Defendant, at 59 Croft Lane, Smithtown in the Town of Smithtown,
> Suffolk County, New York, on or about February 1, 2015 at
> approximately 7:40 p.m., with intent to harass annoy, threaten or alarm
> another person, communicated, or caused communication to be initiated
> by mechanical or electronic means or otherwise with a person,
> anonymously or otherwise by telephone or by telegraph, mail or any other
> form of written communication, in a manner likely to cause annoyance
> and alarm; in THAT Defendant, Jeantov Hercsky, called the victim
> Jacqueline Evans and stated, I heard about you being on "J-Date". You
> think you're going to take my son to meet another man while we are still

married. I'll kill all of you before that ever happens. I'm giving you 24 hours. If you don't come see me by then, you better watch your back you fucking whore, and I don't care if you go to the police. This action did place the complainant in reasonable fear of physical injury serious physical injury or death.

19.     The Felony Information for the proceeding stated:

The Defendant, Jeantov Hercsky at 59 Croft Lane, Smithtown, in the town of Smithtown, Suffolk County, New York, on or about February 1, 2015, at approximately 7:40 p.m., intentionally places or attempts to place a person for whose protection such order was issued in reasonable fear of physical injury, serious physical injury or death when he/she communicates or causes a communications to be initiated with such person by mechanical or electronica means or otherwise, anonymously or otherwise, by telephone, or telegraph, mail or any other form of written communication, in that; the Defendant did call the protected party Jacqueline Evans on the cell phone and state, I heard you about being on J-Date. You think you're' going to take my son to meet another man while we are still married. I'll kill all of you before that ever happens. I'm giving you 24 hours. If you don't come see me by then, you better watch your back you fucking whore, and I don't care if you go to the police. This action did place the complainant in reasonable fear of physical injury serious physical injury or death.

20.     Plaintiff was released from the arraignment on his own recognizance. He had to

appear in Criminal Court many times in each proceeding and spend many thousands of dollars

on his criminal defense and on transportation to and from the Courthouse. He paid these

expenses largely with credit cards and has incurred significant interest on the credit card debt.

He lost income due to his missing work to attend the Court appearances. The first of the two

aforementioned proceedings (Docket No.: 2015SU001263) was dismissed on August 18, 2016.

The second of the two aforementioned proceedings (Docket No.: 2015SU005270) was

dismissed on January 10, 2017.

**Defendant Jacqueline Evans' False Police Report Regarding Plaintiff Made on or About**
**May 22, 2015 and the Resulting Arrest and Prosecution of Plaintiff**

21.    On or about May 27, 2015, Defendant Jacqueline Evans knowingly and maliciously made false and defamatory allegations to the Fourth Precinct of the Suffolk County Police Department about Plaintiff.  She gave a sworn, written statement to the Precinct, in which she falsely alleged that Plaintiff violated an Order of Protection that had been issued by the Queens County Criminal Court[1] by having his mother call Defendant Evans numerous times on May 22, 2015, and threaten Defendant Evans on Plaintiff's behalf.  Defendant Evans perjuriously stated in the written statement that the following occurred on May 22, 2015:

> On Friday afternoon at about 1:30 PM Yafta Sarn, the mother of my ex-domestic partner (the father of my son) called me numerous times and stated to me during one of the conversations, "Jeantov wanted me to call you and tell you this isn't over yet!"  I asked her after she said that if Jeantov told her to call and, she said "Yes."  I have an Order of Protection against Jeantov that states he is not allowed to have third party contact with me.  These phone calls violated the order from Family Court in Queens, Docket #2104070646, which I got on 12/02/2014 and expires on 06/01/2015.  I am in fear for my safety and want him arrested.

Upon Plaintiff's information and belief, Defendant Evans made similar statements verbally to the Suffolk County Police Department.

22.    Plaintiff did not ask his mother to contact Defendant Evans after the Order of Protection was issued by the Queens County Criminal Court, and Plaintiff's mother never made the statements imputed to her in Defendant Evans' false statement.  Upon Plaintiff's information and belief, Defendant Sharyn Guzzi knowingly, intentionally, and maliciously conspired with Defendant Evans for Defendant Evans to make this false report.  This is a reasonable assumption for the following reasons.  Firstly, as explained above, Defendant Guzzi herself had made a false police report about Plaintiff the month before in January 2015, which led to his arrest and imprisonment in February 2015.  Furthermore, as explained below in paragraph 29, in December

---

[1] This Order of Protection was issued in the criminal proceedings in Queens County Criminal Court that resulted from the false allegations and police reports made by Defendant Evans described in paragraph 29.

2014, Defendant Guzzi had repeatedly told Police Officers in Queens to arrest Plaintiff on false allegations made by her daughter, Defendant Jacqueline Evans, and Defendant Guzzi also made false allegations about Plaintiff to the Police herself on that occasion.

23.    As a result of Defendant Evans' false and defamatory statements about Plaintiff, Plaintiff was arrested on May 29, 2015 by the Suffolk County Police Department and prosecuted by the Suffolk County District Attorney's Office in the following criminal proceeding:  People of the State of New York v. Hercsky, Docket No.: 2015SU022612.  The Suffolk County Police Department contacted Plaintiff, told him that Plaintiff had made a police report against him, and urged him to turn himself in, or the Police Department would make an application for a warrant for his arrest.  Plaintiff turned himself in at the Fourth Precinct on May 29, 2015.  He was arrested and imprisoned for at least 24 hours before being arraigned.  Again, he was not able to eat during his imprisonment because he is an observant Jew and the food was not Kosher.

24.    Plaintiff was arraigned in Suffolk County Criminal Court in People of the State of New York v. Hercsky, Docket No.: 2015SU022612 on charges of Criminal Contempt in the Second Degree, in violation of Penal Law 215.50 03 (a Class A Misdemeanor).  Upon information and belief, Defendant Evans made statements to the Suffolk County District Attorney's Office that were similar to the ones that she made to the Suffolk County Police Department.

25.    The Misdemeanor Information for the aforementioned prosecution stated:

> The Defendant, at 59 Croft Lane, Smithtown, in the Town of Smithtown, Suffolk County, New York, on or about May 22, 2015, at approximately 1:30 p.m., engaged in intentional disobedience or resistance to the lawful process or other mandate of a Court; in that, the defendant Hercsky Jeantov DOB 04/14/83, did have his mother, Sarn, Yaffa contact the victim, Evans, Jacqueline via telephone and state, "Jeantov wanted me to call you and tell you this isn't over yet!" and when asked by the victim if Jeantov told her to call, she stated "Yes!", there by violating an order of

9

> protection wich [sic] states the Defendant is not to have any third party contact, issued by Queens County Family Court, Docket #2014070646, issued originally on 12/02/14 and expires on 06/01/15.

26.     Plaintiff was released on his own recognizance from the arraignment.  He had to appear in Criminal Court many times in the criminal proceeding and spend many thousands of dollars on his criminal defense and on transportation to and from the Courthouse.  He paid these expenses largely with credit cards and has incurred significant interest on the credit card debt.  He lost income because he missed work to attend the Court appearances.  The criminal proceeding was dismissed on August 18, 2016.

27.     On June 6, 2016, Defendant Evans gave a written statement that stated:

> It is my desire that all charges and pending criminal actions against Jeantov Hercsky, brought or filed by me or my mother, be dismissed.
>
> I do not require any order of protection at present, as I have no fear or concern of improper behavior by Mr. Hercsky.
>
> I have written this with this with the intention to promote cooperation between me and Mr. Hercsky, with regard to our son [Z.E.].

28.     Plaintiff has suffered a great deal of emotional, mental, and physical distress as a result of Defendants' actions over the past two and a half years.  This distress has included but not have been limited to the following.  Plaintiff has been consistently worried and nervous that Defendants will fabricate more allegations and make more false reports to the Police.  Virtually every time a police vehicle has been within his vicinity, he has been worried that one or both of the Defendants made another false report and that the police are coming to arrest him.  Every time he has had to go to Family Court regarding the child he shares with Defendant Evans he has worried that he would be arrested on another false report by one or both of the Defendants.  He experienced intense humiliation and embarrassment when he was arrested and had to appear in Criminal Court dozens of times.

10

29.     As mentioned above, Defendant Jacqueline Evans had also made false reports and allegations to the Police about Plaintiff in December 2014 that led to two arrests of Plaintiff in December 2014 in Queens.  These two arrests were prior to the two arrests that are the subject of this action.  Plaintiff is not seeking to recover damages for the December 2014 arrests because the statute of limitations to bring claims on those arrests has expired.  On or about December 1, 2014, Defendant Evans called 911 for the Police to come to the home that the parties shared at the time in Queens.[2]  When the Police came, Defendant Evans falsely alleged to them that Plaintiff had physically assaulted her while he was holding their child.   Defendant Evans had also called Defendant Guzzi to come to the home and Defendant Guzzi repeatedly told the Police to arrest Plaintiff and falsely alleged to the Police that Plaintiff beats up her daughter and Defendant Guzzi's dog.  As a result of the Defendants' false police reports, Plaintiff was arrested on December 1, 2014 and taken to the 111th Precinct in Queens.  He spent many hours in jail before he was arraigned in Queens County Criminal Court in People of the State of New York v. Hercsky, Docket No.: 2014QN070646 on charges that included assault-related and child endangerment-related charges.  The criminal case was adjourned contemplating dismissal in or about July 2015 and then dismissed in or about January 2016.  The second of the two December 2014 arrests was on December 28, 2014.  Plaintiff received a call from the 111th Precinct in Queens telling him to come into the Precinc97t.  When he arrived at the Precinct, he was told that Defendant Evans had made another complaint against him and he was arrested.  The arrest number was Q14677636.  Plaintiff was released after a few hours and the charges against him were dismissed pre-arraignment.

## AND AS FOR A FIRST CAUSE OF ACTION

---

[2] She did this right after Plaintiff called the police because Defendant had assaulted him.

30.     Plaintiff incorporates by reference paragraphs 1 through 29 herein.

31.     In violation of common law, Defendant Sharyn Guzzi maliciously prosecuted Plaintiff by intentionally, knowingly, and maliciously making false allegations regarding Plaintiff to the Suffolk County Police Department on or about January 4, 2015, which directly led to, and resulted in, Plaintiff's arrest on February 9, 2015 and the commencement and continuation of <u>People of the State of New York v. Hercsky</u>, Docket No.: 2015SU001263, in Suffolk County Criminal Court.

32.     On or about January 4, 2015, Defendant Guzzi falsely reported to the Police that Plaintiff threatened, over the phone on October 14, 2014, physical harm to her and daughter, co-Defendant Evans.  Defendant Guzzi made this report and these allegations, knowing that they were completely false and fabricated and that there was no probable or reasonable cause for a prosecution or an arrest.  Defendant Guzzi did so with the ulterior, malicious motive and objective of retaliating against and hurting Plaintiff because he and Defendant Evans had been having disputes and disagreements in their relationship, and to gain an advantage for her daughter, Defendant Evans, in the order to show cause concerning the custody of Plaintiff's and Defendant Evans' son that Defendant Evans had filed with the Suffolk County Family Court on December 29, 2014, the first appearance on which was to be on February 9, 2015.  The criminal prosecution was terminated in Plaintiff's favor on August 18, 2016.

33.     As a result of Defendant Guzzi's malicious prosecution of Plaintiff, Plaintiff suffered the following losses and damages.  Plaintiff lost his freedom and liberty for many hours. He was prosecuted by the Suffolk County District Attorney's Office and had to appear in Court many times on the prosecution.  He had to spend many thousands of dollars on his criminal defense and on transportation to and from the Courthouse for the proceeding.  He paid these

expenses largely with his credit cards and has incurred a great deal of interest on the credit card

debts. He lost income from missing work to attend Court appearances in the criminal

proceeding. He suffered great emotional, mental, and physical distress. The damages that

Plaintiff has sustained for this cause of action have greatly exceeded $75,000.00.

### AND AS FOR A SECOND CAUSE OF ACTION

34. Plaintiff incorporates by reference paragraphs 1 through 33 herein.

35. In violation of common law, Defendant Jacqueline Evans maliciously prosecuted

Plaintiff by intentionally, knowingly, and maliciously making false allegations regarding

Plaintiff to the Suffolk County Police Department on or about February 1, 2015, which directly

led to, and resulted in, Plaintiff's arrest on February 9, 2015 and the commencement and

continuation of People of the State of New York v. Heresky, Docket No.: 2015SU005270, in

Suffolk County Criminal Court.

36. On or about February 1, 2015, Defendant Evans falsely reported to the Police that

Plaintiff threatened physical harm to her earlier that day. Defendant Evans made this report and

these allegations, knowing that they were completely false and fabricated, and that there was no

probable or reasonable cause for a prosecution or an arrest. Defendant Evans did so with the

ulterior, malicious motive and objective of retaliating against and hurting Plaintiff because he

and Defendant Evans had been having disputes and disagreements in their relationship, and to

gain an advantage in the order to show cause concerning the custody of Plaintiff's and Defendant

Evans' son that Defendant Evans had filed with the Suffolk County Family Court on December

29, 2014, the first appearance on which was to be on February 9, 2015. The criminal

prosecution was terminated in Plaintiff's favor on January 10, 2017.

13

37.     As a result of Defendant Evans' malicious prosecution of Plaintiff, Plaintiff suffered the following losses and damages.  Plaintiff lost his freedom and liberty for many hours. He was prosecuted by the Suffolk County District Attorney's Office and had to appear in Court many times on the prosecution.  He had to spend many thousands of dollars on his criminal defense and on transportation to and from the Courthouse for the proceeding.  He paid these expenses largely with his credit cards and has incurred a great deal of interest on the credit card debts.  He lost income from missing work to attend Court appearances in the criminal proceeding.  He suffered great emotional, mental, and physical distress.  The damages that Plaintiff has sustained for this cause of action have greatly exceeded $75,000.00.

<b><u>AND AS FOR A THIRD CAUSE OF ACTION</u></b>

38.     Plaintiff incorporates by reference paragraphs 1 through 37 herein.

39.     In violation of common law, Defendant Jacqueline Evans maliciously prosecuted Plaintiff by intentionally, knowingly, and maliciously making false allegations regarding Plaintiff to the Suffolk County Police Department on or about May 22, 2015, which directly led to, and resulted in, Plaintiff's arrested on May 29, 2015 and the commencement and continuation of <u>People of the State of New York v. Hercsky</u>, Docket No.: 2015SU022612, in Suffolk County Criminal Court.

40.     On or about May 22, 2015, Defendant Evans falsely reported to the Police that earlier that day, Plaintiff violated a temporary Order of Protection that had been entered by the Queens County Criminal Court.  Defendant Evans made this report and these allegations, knowing that they were completely false and fabricated, and that there was no probable or reasonable cause for a prosecution or an arrest.  Defendant Evans did so with the motive of retaliating against and hurting Plaintiff because he and Defendant Evans had been having

14

disputes and disagreements in their relationship, and to gain an advantage in the following proceedings in Suffolk County Family Court concerning the custody of Plaintiff's and Defendant Evans' young son: an order to show cause that Defendant Evans filed with the Suffolk County Family Court on December 29, 2014; and a custody petition that Defendant Evans filed with the Suffolk County Family Court in 2015. The criminal prosecution was terminated in Plaintiff's favor on August 18, 2016.

41. As a result of Defendant Evans' malicious prosecution of Plaintiff, Plaintiff suffered the following losses and damages. Plaintiff lost his freedom and liberty for many hours. He was prosecuted by the Suffolk County District Attorney's Office and had to appear in Court many times on the prosecution. He had to spend many thousands of dollars on his criminal defense and on transportation to and from the Courthouse for the proceeding. He paid these expenses largely with his credit cards and has incurred a great deal of interest on the credit card debts. He lost income from missing work to attend Court appearances in the criminal proceeding. He suffered great emotional, mental, and physical distress. The damages that Plaintiff has sustained for this cause of action have greatly exceeded $75,000.00.

## AND AS FOR A FOURTH CAUSE OF ACTION

42. Plaintiff incorporates by reference paragraphs 1 through 41 herein.

43. In violation of common law, Defendant Sharyn Guzzi maliciously abused process by intentionally, knowingly, and maliciously making a false report regarding Plaintiff to the Suffolk County Police Department on or about January 4, 2015, which directly led to, and resulted in, Plaintiff's arrest on February 9, 2015 and the commencement and continuation of People of the State of New York v. Hercsky, Docket No.: 2015SU001263, in Suffolk County Criminal Court.

44.     On or about January 4, 2015, Defendant Guzzi falsely reported to the Police that Plaintiff had threatened, over the phone on October 14, 2014, physical harm to Defendant Guzzi and daughter, co-Defendant Evans.  Defendant Guzzi made this report and these allegations, knowing that they were completely false and fabricated and that there was no probable or reasonable cause for a prosecution or an arrest.  She did so for the collateral objectives of retaliating against and hurting Plaintiff because he and Defendant Evans had been having disputes and disagreements in their relationship, and to gain an advantage for her daughter, Defendant Evans, in the order to show cause concerning the custody of Plaintiff's and Defendant Evans' son that Defendant Evans had filed with the Suffolk County Family Court on December 29, 2014, the first appearance on which was to be on February 9, 2015.  The criminal prosecution was terminated in Plaintiff's favor on August 18, 2016.

45.     As a result of Defendant Guzzi's malicious abuse of process, Plaintiff suffered the following losses and damages.  Plaintiff lost his freedom and liberty for many hours.  He was prosecuted by the Suffolk County District Attorney's Office and had to appear in Court many times on the prosecution.  He had to spend many thousands of dollars on his criminal defense and on transportation to and from the Courthouse for the proceeding.  He paid these expenses largely with his credit cards and has incurred a great deal of interest on the credit card debts.  He lost income from missing work to attend Court appearances in the criminal proceeding.  He suffered great emotional, mental, and physical distress.   The damages that Plaintiff has sustained for this cause of action have greatly exceeded $75,000.00.

## AND AS FOR A FIFTH CAUSE OF ACTION

46.     Plaintiff incorporates by reference paragraphs 1 through 45 herein.

47.      In violation of common law, Defendant Jacqueline Evans maliciously abused process by intentionally, knowingly, and maliciously making a false report regarding Plaintiff to the Suffolk County Police Department on or about February 1, 2015, which directly led to, and resulted in Plaintiff's arrest on February 9, 2015 and the commencement and continuation of People of the State of New York v. Hercsky, Docket No.: 2015SU005270, in Suffolk County Criminal Court.

48.      On or about February 1, 2015, Defendant Evans falsely reported to the Police that Plaintiff threatened physical harm to her earlier that day.  Defendant Evans made this report and these allegations, knowing that they were completely false and fabricated and that there was no probable or reasonable cause for a prosecution or an arrest.  Defendant Evans did so with the collateral objectives of retaliating against and hurting Plaintiff because he and Defendant Evans had been having disputes and disagreements in their relationship, and to gain an advantage in the order to show cause concerning the custody of Plaintiff's and Defendant Evans' son that Defendant Evans had filed with the Suffolk County Family Court on December 29, 2014, the first appearance on which was to be on February 9, 2015.  The criminal prosecution was terminated in Plaintiff's favor on January 10, 2017.

49.      As a result of Defendant Evans' malicious abuse of process, Plaintiff suffered the following losses and damages.  Plaintiff lost his freedom and liberty for many hours.  He was prosecuted by the Suffolk County District Attorney's Office and had to appear in Court many times on the prosecution.  He had to spend many thousands of dollars on his criminal defense and on transportation to and from the Courthouse for the proceeding.  He paid these expenses largely with his credit cards and has incurred a great deal of interest on the credit card debts.  He lost income from missing work to attend Court appearances in the criminal proceeding.  He

suffered great emotional, mental, and physical distress.   The damages that Plaintiff has sustained for this cause of action have greatly exceeded $75,000.00.

## AND AS FOR A SIXTH CAUSE OF ACTION

50.     Plaintiff incorporates by reference paragraphs 1 through 49 herein.

51.     In violation of common law, Defendant Jacqueline Evans maliciously abused process by intentionally, knowingly, and maliciously making a false report regarding Plaintiff to the Suffolk County Police Department on or about May 22, 2015, which directly led to, and resulted in, Plaintiff's arrest on May 29, 2015 and the commencement and continuation of People of the State of New York v. Hercsky, Docket No.: 2015SU022612, in Suffolk County Criminal Court.

52.     On or about May 22, 2015, Defendant Evans falsely reported to the Police that earlier that day, Plaintiff had violated a temporary Order of Protection entered by the Queens County Criminal Court.   Defendant Evans made this report and these allegations, knowing that they were completely false and fabricated.   Defendant Evans did so with the collateral objectives of retaliating against and hurting Plaintiff because he and Defendant Evans had been having disputes and disagreements in their relationship, and to gain an advantage in the following proceedings in Suffolk County Family Court concerning the custody of Plaintiff's and Defendant Evans' young son:  an order to show cause that Defendant Evans filed with the Suffolk County Family Court on December 29, 2014; and a custody petition that Defendant Evans filed with the Suffolk County Family Court in 2015.   The criminal prosecution was terminated in Plaintiff's favor on August 18, 2016.

53.     As a result of Defendant Evans' malicious abuse of process, Plaintiff suffered the

following losses and damages. Plaintiff lost his freedom and liberty for many hours. He was

prosecuted by the Suffolk County District Attorney's Office and had to appear in Court many

times on the prosecution. He had to spend many thousands of dollars on his criminal defense

and on transportation to and from the Courthouse for the proceeding. He paid these expenses

largely with his credit cards and has incurred a great deal of interest on the credit card debts. He

lost income from missing work to attend Court appearances in the criminal proceeding. He

suffered great emotional, mental, and physical distress. The damages that Plaintiff has sustained

for this cause of action have greatly exceeded $75,000.00.

**AND AS FOR A SEVENTH CAUSE OF ACTION**

54.    Plaintiff incorporates by reference paragraphs 1 through 53 herein.

55.    In violation of common law, Defendant Sharyn Guzzi falsely arrested and

imprisoned Plaintiff on or about February 9, 2015 by instigating, causing, inducing, and actively

promoting the Suffolk County Police Department's arrest and imprisonment of Plaintiff on or

about February 9, 2015, knowing that there was no probable or reasonable cause for Plaintiff's

arrest and imprisonment. Defendant Sharyn Guzzi did same by falsely reporting to the Police on

January 4, 2015 that Plaintiff had threatened, over the phone on October 14, 2014, physical harm

to Defendant Guzzi and daughter, co-Defendant Evans. Defendant Guzzi made this report and

these allegations, knowing that they were completely false and fabricated. She did so for the

collateral objectives of retaliating against and hurting Plaintiff because he and Defendant Evans

had been having disputes and disagreements in their relationship, and to gain an advantage for

her daughter, Defendant Evans, in the order to show cause concerning the custody of Plaintiff's

and Defendant Evans' son that Defendant Evans had filed with the Suffolk County Family Court

19

on December 29, 2014, the first appearance on which was to be on February 9, 2015.   The

resulting criminal prosecution was terminated in Plaintiff's favor on August 18, 2016.

56.      As a result of Defendant Guzzi's false arrest and imprisonment of Plaintiff,

Plaintiff suffered the following losses and damages.   Plaintiff lost his freedom and liberty for

many hours.   He was prosecuted by the Suffolk County District Attorney's Office and had to

appear in Court many times on the prosecution.   He had to spend many thousands of dollars on

his criminal defense and on transportation to and from the Courthouse for the proceeding.   He

paid these expenses largely with his credit cards and has incurred a great deal of interest on the

credit card debts.   He lost income from missing work to attend Court appearances in the criminal

proceeding.   He suffered great emotional, mental, and physical distress.   The damages that

Plaintiff has sustained for this cause of action have greatly exceeded $75,000.00.

### AND AS FOR AN EIGHTH CAUSE OF ACTION

57.      Plaintiff incorporates by reference paragraphs 1 through 56 herein.

58.      In violation of common law, Defendant Jacqueline Evans falsely arrested and

imprisoned Plaintiff on or about February 9, 2015 by instigating, causing, inducing, and actively

promoting the Suffolk County Police Department's arrest and imprisonment of Plaintiff on or

about February 9, 2015, knowing that there was no probable or reasonable cause to believe that

Plaintiff had committed a crime.   Defendant Evans did same by falsely reporting to the Police on

or about February 1, 2015, that Plaintiff had threatened physical harm to her earlier that day.

Defendant Evans made this report and these allegations, knowing that they were completely false

and fabricated.   Defendant Evans did so with the collateral objectives of retaliating against and

hurting Plaintiff because he and Defendant Evans had been having disputes and disagreements in

their relationship, and to gain an advantage in the order to show cause concerning the custody of

Plaintiff's and Defendant Evans' son that Defendant Evans had filed with the Suffolk County Family Court on December 29, 2014, the first appearance on which was to be on February 9, 2015. The resulting criminal prosecution was terminated in Plaintiff's favor on January 10, 2017.

59.     As a result of Defendant Evans' false arrest and imprisonment of Plaintiff, Plaintiff suffered the following losses and damages. Plaintiff lost his freedom and liberty for many hours. He was prosecuted by the Suffolk County District Attorney's Office and had to appear in Court many times on the prosecution. He had to spend many thousands of dollars on his criminal defense and on transportation to and from the Courthouse for the proceeding. He paid these expenses largely with his credit cards and has incurred a great deal of interest on the credit card debts. He lost income from missing work to attend Court appearances in the criminal proceeding. He suffered great emotional, mental, and physical distress. The damages that Plaintiff has sustained for this cause of action have greatly exceeded $75,000.00.

## AND AS FOR A NINTH CAUSE OF ACTION

60.     Plaintiff incorporates by reference paragraphs 1 through 59 herein.

61.     In violation of common law, Defendant Jacqueline Evans falsely arrested and imprisoned Plaintiff on or about May 29, 2015 by instigating, causing, inducing, and actively promoting the Suffolk County Police Department's arrest and imprisonment of Plaintiff on or about May 29, 2015, knowing that there was no probable or reasonable cause to believe that Plaintiff had committed a crime. Defendant Evans did same by falsely reporting to the Police on or about May 22, 2015 that earlier that day, Plaintiff had violated a temporary Order of Protection entered by the Queens County Criminal Court. Defendant Evans made this report and these allegations, knowing that they were completely false and fabricated. Defendant Evans did

so with the collateral objectives of retaliating against and hurting Plaintiff because he and

Defendant Evans had been having disputes and disagreements in their relationship, and to gain

an advantage in the following proceedings in Suffolk County Family Court concerning the

custody of Plaintiff's and Defendant Evans' young son: an order to show cause that Defendant

Evans filed with the Suffolk County Family Court on December 29, 2014; and a custody petition

that Defendant Evans filed with the Suffolk County Family Court in 2015. The resulting

criminal prosecution was terminated in Plaintiff's favor on August 18, 2016.

62.     As a result of Defendant Evans' false arrest and imprisonment of Plaintiff,

Plaintiff suffered the following losses and damages. Plaintiff lost his freedom and liberty for

many hours. He was prosecuted by the Suffolk County District Attorney's Office and had to

appear in Court many times on the prosecution. He had to spend many thousands of dollars on

his criminal defense and on transportation to and from the Courthouse for the proceeding. He

paid these expenses largely with his credit cards and has incurred a great deal of interest on the

credit card debts. He lost income from missing work to attend Court appearances in the criminal

proceeding. He suffered great emotional, mental, and physical distress. The damages that

Plaintiff has sustained for this cause of action have greatly exceeded $75,000.00.

## AND AS FOR A TENTH CAUSE OF ACTION

63.     Plaintiff incorporates paragraphs 1 through 62 as if set forth herein.

64.     In violation of common law, Defendant Sharyn Guzzi intentionally, knowingly,

and maliciously defamed, slandered, and libeled Plaintiff to the Fourth Precinct of the Suffolk

County Police Department, and Police Officer Sambuco in particular, as well as to the Suffolk

County District Attorney's Office. This defamation included but was not limited to falsely

stating in a written statement to the Police on January 4, 2015, "While speaking to Jeantov on the

phone, I could tell he was becoming irate, he was starting to raise his voice, suddenly Jeantov said to me 'you and your sick daughter are going to be unrecognizable when I burry [*sic*] you.' I immediately hung the phone up, I was frightened by his tone and by what he said.". Upon information and belief, Defendant Guzzi made similar statements verbally to the Suffolk County Police Department and the Suffolk County District Attorney's Office. The statements were libelous per se and slanderous per se because they alleged that Plaintiff committed crimes. The resulting criminal prosecution was terminated in Plaintiff's favor on August 18, 2016.

65.    As a result of Defendant Guzzi's defamation of Plaintiff, Plaintiff suffered the following losses and damages. Plaintiff lost his freedom and liberty for many hours. He was prosecuted by the Suffolk County District Attorney's Office and had to appear in Court many times on the prosecution. He had to spend many thousands of dollars on his criminal defense and on transportation to and from the Courthouse for the proceeding. He paid these expenses largely with his credit cards and has incurred a great deal of interest on the credit card debts. He lost income from missing work to attend Court appearances in the criminal proceeding. He suffered great emotional, mental, and physical distress. The damages that Plaintiff has sustained for this cause of action have greatly exceeded $75,000.00.

### AND AS FOR AN ELEVENTH CAUSE OF ACTION

66.    Plaintiff incorporates paragraphs 1 through 65 as if set forth herein.

67.    In violation of common law, Defendant Jacqueline Evans intentionally, knowingly, maliciously defamed, libeled, and slandered Plaintiff to the Fourth Precinct of the Suffolk County Police Department, and Detective Brian Draiss in particular, as well as to the Suffolk County District Attorney's Office. This defamation included but was not limited to falsely stating in a written statement to the Police on February 1, 2015:

> Jeantov called me and stated, 'I heard you being on 'J-Date'. You think you are going to take my son to meet another man while we are still married. I'll kill all of you before that ever happens. I'm giving you 24 hours. If you don't come see me by then, you better watch your back you fucking whore, and I don't care if you call the police.

Upon information and belief, Defendant Evans made similar statements verbally to the Suffolk County Police Department and the Suffolk County District Attorney's Office. The statements were libelous per se and slanderous per se because they alleged that Plaintiff committed crimes. The resulting criminal prosecution was terminated in Plaintiff's favor on January 10, 2017.

68.     As a result of Defendant Guzzi's defamation of Plaintiff, Plaintiff suffered the following losses and damages. Plaintiff lost his freedom and liberty for many hours. He was prosecuted by the Suffolk County District Attorney's Office and had to appear in Court many times on the prosecution. He had to spend many thousands of dollars on his criminal defense and on transportation to and from the Courthouse for the proceeding. He paid these expenses largely with his credit cards and has incurred a great deal of interest on the credit card debts. He lost income from missing work to attend Court appearances in the criminal proceeding. He suffered great emotional, mental, and physical distress. The damages that Plaintiff has sustained for this cause of action have greatly exceeded $75,000.00.

## AND AS FOR A TWELFTH CAUSE OF ACTION

69.     Plaintiff incorporates paragraphs 1 through 68 as if set forth herein.

70.     In violation of common law, Defendant Jacqueline Evans intentionally, knowingly, and maliciously defamed, libeled, and slandered Plaintiff to the Fourth Precinct of the Suffolk County Police Department, and Police Officer John Paul O'Connor in particular, as well as to the Suffolk County District Attorney's Office. This defamation included but was not limited to falsely stating in a written statement to the Police on May 22, 2015:

> On Friday afternoon at about 1:30 PM Yafta Sarn, the mother of my ex-domestic partner (the father of my son) called me numerous times and stated to me during one of the conversations, "Jeantov wanted me to call you and tell you this isn't over yet!" I asked her after she said that if Jeantov told her to call and, she said "Yes." I have an Order of Protection against Jeantov that states he is not allowed to have third party contact with me. These phone calls violated the order from Family Court in Queens, Docket #2104070646, which I got on 12/02/2014 and expires on 06/01/2015. I am in fear for my safety and want him arrested.

Upon information and belief, Defendant Evans made similar statements verbally to the Suffolk County Police Department and the Suffolk County District Attorney's Office. The statements were libelous per se and slanderous per se because they alleged that Plaintiff committed crimes. The resulting criminal prosecution was terminated in Plaintiff's favor on August 18, 2016.

71.     As a result of Defendant Evans' defamation of Plaintiff, Plaintiff suffered the following losses and damages. Plaintiff lost his freedom and liberty for many hours. He was prosecuted by the Suffolk County District Attorney's Office and had to appear in Court many times on the prosecution. He had to spend many thousands of dollars on his criminal defense and on transportation to and from the Courthouse for the proceeding. He paid these expenses largely with his credit cards and has incurred a great deal of interest on the credit card debts. He lost income from missing work to attend Court appearances in the criminal proceeding. He suffered great emotional, mental, and physical distress. The damages that Plaintiff has sustained for this cause of action have greatly exceeded $75,000.00.

## AND AS FOR A THIRTEENTH CAUSE OF ACTION

72.     Plaintiff incorporates paragraphs 1 through 71 as if set forth herein.

73.     In violation of common law, Defendant Sharyn Guzzi conspired with Defendant Evans to maliciously prosecute Plaintiff as set forth in the Second and Third Causes of Action, to maliciously abuse process as set forth in the Fifth and Sixth Causes of Action, to falsely arrest

and imprison Plaintiff as set forth in the Eighth and Ninth Causes of Action, and to defame Plaintiff as set forth in the Eleventh and Twelfth Causes of Action.

74.    As a result, Defendant Guzzi is jointly and severally liable with Defendant Evans for the damages Plaintiff sustained in the Second, Third, Fifth, Sixth, Eighth, Ninth, Eleventh, and Twelfth Causes of Action.

## AND AS FOR A FOURTEENTH CAUSE OF ACTION

75.    Plaintiff incorporates paragraphs 1 through 74 as if set forth herein.

76.    In violation of common law, Defendant Jacqueline Evans conspired with Defendant Evans to maliciously prosecute Plaintiff as set forth in the First Cause of Action, to maliciously abuse process as set forth in the Fourth Cause of Action, to falsely arrest and imprison Plaintiff as set forth in the Seventh Cause of Action, and to defame Plaintiff as set forth in Tenth Causes of Action.

77.    As a result, Defendant Evans is jointly and severally liable with Defendant Guzzi for the damages Plaintiff sustained in the First, Fourth, Seventh, and Tenth Causes of Action.

**WHEREFORE, Plaintiff prays the Court for judgment as follows:**

Under common law for each of the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, and Fourteenth Causes of Action against Defendants Sharyn Guzzi and Jacqueline Evans, jointly and severally:

i.    An order ordering Defendant Sharyn Guzzi and Defendant Jacqueline Evans to pay Plaintiff general and compensatory damages for Plaintiff's loss of his freedom and liberty as a result of Defendant Guzzi's and Defendant Evans' actions, and for the emotional, mental, and physical distress that he suffered, as a

result of Defendant Guzzi's and Defendant Evans' actions, in the amount of One Million Dollars ($1,000,000.00) or in an amount to be decided at trial;

ii.    An order ordering Defendant Sharyn Guzzi and Defendant Jacqueline Evans to pay specific damages for the monies that Plaintiff spent on his criminal defense and transportation to and from the Courthouse, for the interest on the credit card debt that Plaintiff incurred to pay for his criminal defense and the transportation, and for the income that Plaintiff lost, as a result of Defendant Guzzi's and Defendant Evans' actions, in an amount to be decided in accordance with proof and/or at trial;

iii.    An order ordering Defendant Sharyn Guzzi and Defendant Evans to pay punitive damages, in the amount of One Million Dollars ($1,000,000.00) or in an amount to be decided at trial; and

iv.    An order ordering Defendant Guzzi and Defendant Evans to pay Plaintiff the costs and disbursements of this action.

Dated: Brooklyn, New York
July 14, 2017

*[signature]*

Kathy A. Polias, Esq. (KP-9025)
*Attorney for Plaintiff Jeantov Hercsky*
68 Jay Street, Suite 201
Brooklyn, NY 11201
Tel. No.: 718-514-2062
E-mail: kathypoliasesq@gmail.com