UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x      Docket No.:  17-CV-4199 (JMA)
JEANTOV HERCSKY,                                                                                  (GRB)

                                 Plaintiff,                                  **AMENDED COMPLAINT**

            -against-                                                        **DEMAND FOR JURY TRIAL**

JACQUELINE EVANS and SHARYN GUZZI,

                                 Defendants.
-----------------------------------------------------------------x

        JEANTOV HERCSKY, through his attorney Kathy A. Polias, Attorney-at-Law,

complaining of the Defendants JACQUELINE EVANS and SHARYN GUZZI, respectfully

alleges as follows:

<u>**NATURE OF ACTION**</u>

1.        This is an action to redress:

        (a)        Defendants' malicious prosecution of Plaintiff, in violation of common

                Law;

        (b)        Defendants' abuse of process, in violation of common law;

        (c)        Defendant's false arrest and imprisonment of Plaintiff, in violation of

                common law;

        (d)        Defendants' defamation of Plaintiff, in violation of common law, to the

                Suffolk County Police Department, which resulted in Plaintiff being

                arrested and prosecuted;

        (e)        Defendants' aiding and abetting each other's tortious acts against Plaintiff,

                in violation of common law; and

(f)     Defendants' conspiracy to commit tortious acts against Plaintiff, in

violation of common law.

## JURISDICTION AND VENUE

2.     This Court has diversity jurisdiction in this case, pursuant to 28 U.S.C. Sec. 1332,

as the Plaintiff is a resident of a different state than the Defendants and the amount in

controversy exceeds the sum or value of $75,000.00.  Plaintiff resides in the State of New Jersey

and Defendants reside in the State of New York.

3.     Venue is proper because the acts complained of herein occurred within the

County of Suffolk, which is within the Eastern District of New York.

## PARTIES

4.     During all times relevant and material to this Complaint, Plaintiff Jeantov

Hercsky resided in the State of New Jersey.

5.     During all times relevant and material to this Complaint, Defendant Jacqueline

Evans was a resident of the State of New York, within the jurisdiction of this Court.  During all

times relevant and material to this Complaint, Defendant Jacqueline Evans resided in Suffolk

County.

6.     During all times relevant and material to this Complaint, Defendant Sharyn Guzzi

was a resident of the State of New York, within the jurisdiction of this Court.  During all times

relevant and material to this Complaint, Defendant Sharyn Guzzi resided in Suffolk County.

## FACTUAL ALLEGATIONS

### Overview

7.     Plaintiff and Defendant Jacqueline Evans have a young son together.   Defendant

Sharyn Guzzi is Defendant Jacqueline Evans' mother.

8.      In or about 2015, Defendants Jacqueline Evans and Sharyn Guzzi repeatedly, knowingly, and maliciously made grossly false and defamatory allegations and reports to the 4th Precinct of the Suffolk County Police Department regarding Plaintiff.

9.      Defendant Sharyn Guzzi knowingly, maliciously, and intentionally made a false report about Plaintiff to the Fourth Precinct of the Suffolk County Police Department on January 4, 2015.  Defendant Jacqueline Evans knowingly, maliciously, and intentionally made false reports about Plaintiff to the Fourth Precinct of the Suffolk County Police Department on February 1, 2015 and May 27, 2015.

10.      The Suffolk County Police Department arrested Plaintiff on February 9, 2015, as a result of the false reports made by Defendant Guzzi and Defendant Evans on January 4, 2015 and February 1, 2015, respectively.  The Suffolk County Police Department arrested Plaintiff on May 29, 2015, as a result of false report made by Defendant Evans on May 27, 2015.  As explained in more detail below, Plaintiff had to appear in Court in the resulting criminal proceedings many times.  The criminal proceedings based on Defendant Guzzi's 1/4/2015 complaint and Evans' 5/27/2015 complaint were dismissed/terminated in Plaintiff's favor, and with prejudice, on August 18, 2016.  The criminal proceeding based on Evans' 2/1/2015 complaint was dismissed/terminated in Plaintiff's favor, and with prejudice, on January 10, 2017.

11.      Defendants made these false complaints:  to retaliate against Plaintiff and hurt Plaintiff because he and Defendant Evans had had disputes and disagreements in their relationship; and for the collateral purpose of gaining an advantage for Defendant Evans, and painting Plaintiff in a bad light, in child custody proceedings that were pending between Plaintiff and Defendant Evans in Suffolk County Family Court, with respect to their shared son.

12.    Plaintiff lost his freedom for many hours after each arrest.  He also had to make numerous appearances in each of the criminal proceedings.  He lost income because he was not able to work on the many days that he had Court appearances in the criminal proceedings.  He was forced to spend tens of thousands in attorney's fees and costs for his criminal defense.  He also had to spend thousands of dollars on transportation to Court in Long Island from New Jersey, and from Court back to New Jersey.

**Defendant Sharyn Guzzi's False Police Report Regarding Plaintiff Made on or About January 4, 2015, Defendant Jacqueline Evans' False Police Report Regarding Plaintiff Made on or About February 1, 2015, and the Resulting Arrest and Prosecutions of Plaintiff**

13.    On or about January 4, 2015, Defendant Sharyn Guzzi knowingly and maliciously made false and defamatory allegations to the Fourth Precinct of the Suffolk County Police Department, or more specifically to Police Officer Ronald Sambuco, about Plaintiff.  She gave a sworn, written statement to the Fourth Precinct of the Suffolk County Police Department, in which she told blatant lies and made defamatory allegations about Plaintiff, including that almost three months earlier, on October 8, 2014, Plaintiff threatened, in a phone conversation with Defendant Guzzi, physical harm to Defendant Guzzi and her daughter, co-Defendant Jacqueline Evans.

14.    Defendant Guzzi falsely stated in the handwritten statement dated January 4, 2015:

> While speaking to Jeantov on the phone, I could tell he was becoming irate, he was starting to raise his voice, suddenly Jeantov said to me 'you and your sick daughter are going to be unrecognizable when I burry [*sic*] you.'  I immediately hung the phone up, I was frightened by his tone and by what he said."

15.    Upon Plaintiff's information and belief, Defendant Guzzi made similar statements verbally to the Police Officer Sambuco and the Fourth Precinct, as a complainant making a

4

verbal report to the Police would normally precede the Police having the complainant make a written statement.  Furthermore, the Fourth Precinct prepared a more detailed, typewritten statement for Defendant Guzzi that included more detail than her handwritten statement and therefore must have been at least partially based on her verbal communications to the Fourth Precinct.

16.    Defendant never made any of the statements that Defendant Sharyn Guzzi reported to the police he made, or any statements approximating those statements.

17.    On or about February 1, 2015, Defendant Jacqueline Evans knowingly and maliciously made false allegations to the Fourth Precinct of the Suffolk County Police Department, or more specifically to Detective Brian Draiss, that Plaintiff threatened to physically harm her.  She imputed statements to Plaintiff that she completely fabricated herself.  She gave a sworn, handwritten statement, in which she perjuriously alleged:

> Jeantov called me and stated, 'I heard you being on 'J-Date'.  You think you are going to take my son to meet another man while we are still married.  I'll kill all of you before that ever happens.  I'm giving you 24 hours.  If you don't come see me by then, you better watch your back you fucking whore, and I don't care if you call the police.

18.    Upon Plaintiff's information and belief, Defendant Evans made similar statements verbally to the Fourth Precinct, as a complainant making a verbal report to the Police would normally precede the Police having the complainant make a written statement.  Furthermore, the Fourth Precinct prepared a more detailed, typewritten statement for her that included more detail than her written statement and therefore must have been partially based on her verbal communications to the Fourth Precinct.  The more detailed, typewritten statement indicated that Plaintiff's actions had violated an Order of Protection that had been issued by the Queens County Criminal Court on December 19, 2014, in People of the State of New York v. Jeantov Hercsky,

Docket No.:  2014QN070646, and that Defendant Evans wanted him arrested for having violated the Order of Protection.   As explained below, the Queens County Criminal Court proceeding was another criminal proceeding that had resulted from a police report made by Defendant Evans against Plaintiff in December 2014.

19.     Plaintiff never made any of the aforementioned statements to Defendant Evans, or any statements approximating the aforementioned statements to Defendant Evans.

20.     As a result of each defamatory report described above, an arrest warrant was issued against Plaintiff, for a total of two arrest warrants.  On February 9, 2015, the Suffolk County Police Department arrested Plaintiff on both warrants.   Two plainclothes Suffolk County Police Officers arrested Plaintiff on the warrants on February 9, 2015 in Suffolk County Family Court while he was making an appearance in the child custody case.  They arrested him in front of the Family Court Judge, put him in an unmarked car, and brought him to the Fourth Precinct at 727 Veterans Memorial Highway, Smithtown, NY 11787.

21.     Plaintiff was imprisoned for at least 24 hours.  He was not able to eat during his imprisonment because he is an observant Jew and the food was not Kosher.  Police Officer John Paul O'Connor told Plaintiff at the Precinct that the Defendants had been coming to the Precinct regarding Plaintiff a lot.

22.     In relation to Defendant Sharyn Guzzi's complaint on January 4, 2015, the Fourth Precinct of the Suffolk County Police Department charged Plaintiff with crimes that included but may have not been limited to Aggravated Harassment in the Second Degree - Threaten by Phone/No Legitimate Purpose, in violation of New York Penal Law 240.03 02 (Class A Misdemeanor).  In relation to Defendant Jacqueline Evans' complaint on February 1, 2015, the Suffolk County Police Department charged Plaintiff with crimes that included but may have not

been limited to: Criminal Contempt in the First Degree, in violation of New York Penal Law

215.51 B III (a Class E Felony); and Aggravated Harassment in the Second Degree – Threat, in

Violation of New York State Penal Law 240.30 01 A (a Class A Misdemeanor).

23.    On or about February 10, 2015, Plaintiff was arraigned in the Suffolk County

District Court, 1st Judicial District in the following two criminal cases at the same time: <u>People</u>

<u>of the State of New York v. Hercsky</u>, Docket No.: 2015SU001263; and <u>People of the State of</u>

<u>New York v. Hercsky</u>, Docket No.: 2015SU005270. Upon Plaintiff's information and belief,

Defendant Guzzi and Defendant Evans made statements to the Suffolk County District

Attorney's Office that were similar to the ones that they made to the Suffolk County Police

Department, as it is common practice for District Attorney's Offices to interview the

complainant.

24.    In the first of the two aforementioned proceedings, Plaintiff was charged with

crimes that included but may have not been limited to Aggravated Harassment in the Second

Degree – Threaten by Phone/No Legitimate Purpose, in violation of New York Penal Law

240.03 02 (Class A Misdemeanor). The Misdemeanor Information alleged:

> The Defendant, at 59 Croft Lane, Smithtown in the Town of Smithtown,
> Suffolk County, New York on or about October 8, 2014 at approximately
> 10:00 P.M., with intent to harass, annoy, threaten or alarm another person,
> he or she made a telephone call, whether or not a conversation ensued,
> with no purpose of legitimate communication, in that, the Defendant,
> Jeantov Hercsky, during a telephone conversation with the witness,
> Sharyn Guzzi, he did say to her in sum and substance, "You and your sick
> daughter are going to be unrecognizable when I bury you." This threat did
> harass, annoy, and alarm Sharyn Guzzi.

25.    Detective Ronald Sambuco of the Fourth Precinct of the Suffolk County Police

Department was indicated as the Complainant on the Information and Sharyn Guzzi was

indicated as the source of his information and belief.

26.    In the second of the two aforementioned proceedings, Plaintiff was charged with Criminal Contempt in the First Degree, in violation of New York Penal Law 215.51 B III (a Class E Felony), and Aggravated Harassment in the Second Degree – Threat, in violation of New York State Penal Law 240.30 01 A (a Class A Misdemeanor).

27.    The Misdemeanor Information for the proceeding stated:

> The Defendant, at 59 Croft Lane, Smithtown in the Town of Smithtown, Suffolk County, New York, on or about February 1, 2015 at approximately 7:40 p.m., with intent to harass annoy, threaten or alarm another person, communicated, or caused communication to be initiated by mechanical or electronic means or otherwise with a person, anonymously or otherwise by telephone or by telegraph, mail or any other form of written communication, in a manner likely to cause annoyance and alarm; in THAT Defendant, Jeantov Hercsky, called the victim Jacqueline Evans and stated, I heard about you being on "J-Date". You think you're going to take my son to meet another man while we are still married. I'll kill all of you before that ever happens. I'm giving you 24 hours. If you don't come see me by then, you better watch your back you fucking whore, and I don't care if you go to the police. This action did place the complainant in reasonable fear of physical injury serious physical injury or death.

28.    The Felony Information for the proceeding stated:

> The Defendant, Jeantov Hercsky at 59 Croft Lane, Smithtown, in the town of Smithtown, Suffolk County, New York, on or about February 1, 2015, at approximately 7:40 p.m., intentionally places or attempts to place a person for whose protection such order was issued in reasonable fear of physical injury, serious physical injury or death when he/she communicates or causes a communications to be initiated with such person by mechanical or electronica means or otherwise, anonymously or otherwise, by telephone, or telegraph, mail or any other form of written communication, in that; the Defendant did call the protected party Jacqueline Evans on the cell phone and state, I heard you about being on J-Date. You think you're' going to take my son to meet another man while we are still married. I'll kill all of you before that ever happens. I'm giving you 24 hours. If you don't come see me by then, you better watch your back you fucking whore, and I don't care if you go to the police. This action did place the complainant in reasonable fear of physical injury serious physical injury or death.

29.     Detective Brian Draiss of the Fourth Precinct of the Suffolk County Police Department was indicated as the complainant on these Informations with the source of his information and belief being Jacqueline Evans.

30.     Plaintiff was released from the arraignment on his own recognizance.  He had to appear in Criminal Court many times in each proceeding.  He appeared in Court an average of once a month in each of the criminal proceedings until each criminal proceeding was dismissed. Plaintiff spent tens of thousands on his criminal defense and on transportation to and from the Courthouse.  He also lost substantial income due to his missing work to attend the Court appearances.

31.     The first of the two aforementioned proceedings (Docket No.:  2015SU001263) was dismissed on August 18, 2016, more than eighteen months after its commencement. Defendant Sharyn Guzzi attended the first post-arraignment appearance in this criminal proceeding, and upon Plaintiff's information and belief, continued to work with the Suffolk County District Attorney's Office in the prosecution of Plaintiff all the way up to around August 2016 when the case was dismissed.  The fact that the Suffolk County District Attorney's Office continued the prosecution for this long a period demonstrates that Defendant Guzzi was continuing to communicate to the District Attorney's Office over this period that her false allegations against Plaintiff were true, that she wanted the criminal case to proceed, and that she was willing to give perjurious testimony against Plaintiff at a trial.  During the pendency of the criminal proceeding, the District Attorney's Office did not put forth any evidence that could lead to a conviction other than the substance of the information and statement that Defendant Guzzi gave to the Suffolk County Police Department on January 4, 2015 before the arrest.

32.     The second of the two aforementioned proceedings (Docket No.:
2015SU005270) was dismissed on January 10, 2017, more than twenty-three months after its
commencement.  Defendant Jacqueline Evans attended the first post-arraignment appearance.
Upon information and belief, Defendant Evans continued to work with the Suffolk County
District Attorney's Office in the prosecution of Plaintiff all the way up to around January 2017
when the case was dismissed.  The fact that the Suffolk County District Attorney's Office
continued the prosecution for this long a period demonstrates that Defendant Evans was
continuing to communicate to the District Attorney's Office over that period that her false
allegations against Plaintiff were true, that she wanted the criminal case to proceed, and that she
was willing to give perjurious testimony against Plaintiff at a trial.   During the pendency of the
proceeding, the District Attorney's Office did not put forth any evidence that could lead to a
conviction other than the substance of the information and statement that Defendant Evans gave
to the Suffolk County Police Department on February 1, 2015 before the arrest.

**Defendant Jacqueline Evans' False Police Report Regarding Plaintiff Made on or About
May 27, 2015 and the Resulting Arrest and Prosecution of Plaintiff**

33.     On or about May 27, 2015, Defendant Jacqueline Evans knowingly and
maliciously made false and defamatory allegations to the Fourth Precinct of the Suffolk County
Police Department about Plaintiff, or more specifically, Police Officer John Paul O'Connor.  She
gave a sworn, handwritten statement to the Precinct, in which she falsely alleged that Plaintiff
had violated an Order of Protection issued by the Queens County Family Court under Docket
No.:  2014070646[1] by having his mother call Defendant Evans numerous times on May 22, 2015

---

[1] As stated above, the Order of Protection had actually been issued by the Queens County Criminal Court on
December 19, 2014, in People of the State of New York v. Jeantov Hercsky, Docket No.:  2014QN070646.

and threaten Defendant Evans on Plaintiff's behalf.  Defendant Evans perjuriously stated in the

handwritten statement that the following occurred on May 22, 2015:

> On Friday afternoon at about 1:30 PM Yafta Sarn, the mother of my ex-domestic partner (the father of my son) called me numerous times and stated to me during one of the conversations, "Jeantov wanted me to call you and tell you this isn't over yet!"  I asked her after she said that if Jeantov told her to call and, she said "Yes."  I have an Order of Protection against Jeantov that states he is not allowed to have third party contact with me.  These phone calls violated the order from Family Court in Queens, Docket #2104070646, which I got on 12/02/2014 and expires on 06/01/2015.  I am in fear for my safety and want him arrested.

34.    Upon Plaintiff's information and belief, Defendant Guzzi made similar statements

verbally to Police Officer O'Connor and the Fourth Precinct, as a complainant making a verbal

report to the Police would normally precede the Police having the complainant make a written

statement.  Furthermore, the Fourth Precinct prepared a more detailed, typewritten statement for

her that included more detail than her handwritten statement and therefore must have been

partially based on her verbal communications to the Fourth Precinct.

35.    Plaintiff did not ask his mother to contact Defendant Evans after the Order of

Protection was issued by the Queens County Criminal Court, and Plaintiff's mother never made

the statements imputed to her in Defendant Evans' false statement.

36.    As a result of Defendant Evans' false and defamatory statements about Plaintiff,

Plaintiff was arrested on May 29, 2015 by the Suffolk County Police Department and prosecuted

by the Suffolk County District Attorney's Office in the following criminal proceeding:  People of

the State of New York v. Hercsky, Docket No.:  2015SU022612.  The Suffolk County Police

Department contacted Plaintiff, told him that Defendant Evans had made a police report against

him, and urged him to turn himself in, or the Police Department would make an application for a

warrant for his arrest.  Plaintiff turned himself in at the Fourth Precinct on May 29, 2015.  He

was arrested and imprisoned for at least 24 hours before being arraigned. Again, he was not able to eat during his imprisonment because he is an observant Jew and the food was not Kosher. The Suffolk County Police Department charged Plaintiff with crimes that included but may have not been limited to: Criminal Contempt in the Second Degree, in violation of Penal Law 215.50 03 (a Class A Misdemeanor).

37.    Plaintiff was arraigned in Suffolk County Criminal Court in People of the State of New York v. Hercsky, Docket No.: 2015SU022612 on charges that included by may have not been limited to Criminal Contempt in the Second Degree, in violation of Penal Law 215.50 03 (a Class A Misdemeanor). Upon Plaintiff's information and belief, Defendant Evans made statements to the Suffolk County District Attorney's Office that were similar to the ones that she made to the Suffolk County Police Department, as it is common practice for District Attorney's Offices to interview the complainant.

38.    The Misdemeanor Information for the aforementioned prosecution stated:

> The Defendant, at 59 Croft Lane, Smithtown, in the Town of Smithtown, Suffolk County, New York, on or about May 22, 2015, at approximately 1:30 p.m., engaged in intentional disobedience or resistance to the lawful process or other mandate of a Court; in that, the defendant Hercsky Jeantov DOB 04/14/83, did have his mother, Sarn, Yaffa contact the victim, Evans, Jacqueline via telephone and state, "Jeantov wanted me to call you and tell you this isn't over yet!" and when asked by the victim if Jeantov told her to call, she stated "Yes!", there by violating an order of protection wich [sic] states the Defendant is not to have any third party contact, issued by Queens County Family Court, Docket #2014070646, issued originally on 12/02/14 and expires on 06/01/15.

39.    Detective John Paul O'Connor of the Fourth Precinct of the Suffolk County Police Department was indicated as the complainant on this Information with the source of his information and belief being Defendant Jacqueline Evans.

40.     Plaintiff was released on his own recognizance from the arraignment.  He had to appear in Criminal Court many times in the proceeding.  He appeared in Court an average of once a month in the criminal proceeding until it was dismissed on August 18, 2016, more than fourteen months after its commencement.  Plaintiff spent tens of thousands on his criminal defense and on transportation to and from the Courthouse.  He also lost substantial income due to his missing work to attend the Court appearances.

41.     The proceeding was dismissed on August 18, 2016, more than eighteen months after its commencement.  Defendant Jacqueline Evans attended the first post-arraignment appearance in this criminal proceeding, and upon information and belief, continued to work with the Suffolk County District Attorney's Office in the prosecution of Plaintiff all the way up to around August 2016 when the case was dismissed.  The fact that the Suffolk County District Attorney's Office continued the prosecution for this long a period demonstrates that Defendant Evans was continuing to communicate to the District Attorney's Office during this period that her false allegations against Plaintiff were true, that she wanted the criminal case to proceed, and that she was willing to give perjurious testimony against Plaintiff at a trial.  During the pendency of the proceeding, the District Attorney's Office did not put forth any evidence that could lead to a conviction other than the substance of the information and statement that Defendant Evans gave to the Suffolk County Police Department on May 27, 2015 before the arrest.

42.     On June 6, 2016, Defendant Evans issued a written statement in Family Court that stated:

> It is my desire that all charges an pending criminal actions against Jeantov Hercsky, brought or filed by me or my mother, be dismissed.  I do not require any order of protection at present, as I have no fear or concern of improper behavior by Mr. Hercsky.  I have written this with this with the intention to promote cooperation between me and Mr. Hercsky, with regard to our son Zachary.

13

43.     However, as explained above, Defendant Evans continued to prosecute Plaintiff after preparing this statement.

**Defendant Evans' False Complaints About Plaintiff to the Queens County Police Department in December 2014**

44.     As mentioned above, Defendant Jacqueline Evans had also made false reports and allegations to the Police about Plaintiff in December 2014 that led to two arrests of Plaintiff in December 2014 in Queens, New York.  These two arrests were prior to the two arrests that are the subject of this action.  Plaintiff is not seeking to recover damages for the December 2014 arrests because the statute of limitations to bring claims on those arrests has expired.

45.     On or about December 1, 2014, Defendant Evans called 911 for the Police to come to the home that the parties shared at the time in Queens.[2]  When the Police came, Defendant Evans falsely alleged to them that Plaintiff had physically assaulted her while he was holding their child.   Defendant Evans had also called Defendant Guzzi to come to the home and Defendant Guzzi repeatedly told the Police to arrest Plaintiff and falsely alleged to the Police that Plaintiff beats up her daughter and Defendant Guzzi's dog.  As a result of the Defendants' false police reports, Plaintiff was arrested on December 1, 2014 and taken to the 111th Precinct in Queens.  He spent many hours in jail before he was arraigned in Queens County Criminal Court in People of the State of New York v. Hercsky, Docket No.:  2014QN070646 on charges that included assault-related and child endangerment-related charges.  The criminal case was adjourned contemplating dismissal in or about July 2015 and then dismissed in or about January 2016.

46.     The second of the two December 2014 arrests was on December 28, 2014.  Plaintiff received a call from the 111th Precinct in Queens telling him to come into the Precinct.

---

[2] She did this right after Plaintiff called the police because Defendant had assaulted him.

When he arrived at the Precinct, he was told that Defendant Evans had made another complaint against him and he was arrested.  The arrest number was Q14677636.  Plaintiff was released after a few hours and the charges against him were dismissed pre-arraignment.

**Defendants' Motives and Purposes in Making False Police Reports About Plaintiff**

47.     As stated above, Defendants made the false police reports in 2015 to retaliate against Plaintiff and hurt Plaintiff because he and Defendant Evans had had disputes and disagreements in their relationship and for the collateral purpose of gaining an advantage for Defendant Evans, and painting Plaintiff in a bad light, in child custody proceedings that were pending between Plaintiff and Defendant Evans in Suffolk County Family Court, with respect to their shared son.

48.     Plaintiff and Defendant Evans lived together from in or about June 2013 to December 1, 2014.  Their relationship slowly dissolved due to Defendant Evans' repeated physical and verbal abuse of Plaintiff, and Plaintiff's protests of same.  The last time that they lived together was on December 1, 2014 when as explained above, Defendant Evans made a false police report that resulted in Plaintiff's arrest.

49.     Defendant Evans filed a petition for sole legal and physical custody of the parties' child on December 29, 2014 in Suffolk County Family Court.  At the time, Defendant Evans and the child were living with Defendant Sharyn Guzzi in Suffolk County, and Defendant Guzzi and Defendant Evans had a close mother-daughter relationship.  Defendant Guzzi made her false complaint to the police about Plaintiff on January 4, 2015, less than one week after Defendant Evans filed the custody petition, and as explained above, Defendant Guzzi complained about an incident that allegedly occurred almost three months earlier.

15

50.     Plaintiff filed a petition for sole physical and legal custody of the parties' child in the Suffolk County Family Court on January 7, 2015.

51.     The first appearance on both Plaintiff's Petition and Defendant Evans' Petition was on February 9, 2015.  On February 1, 2015, just eight days before the first appearance, Defendant Evans made the aforementioned false police report about Plaintiff to the Suffolk County Police Department.  As stated above, Plaintiff was arrested in Family Court at the February 9, 2015 court appearance.

52.     These child custody proceedings continued until September 2015, when the parties withdrew their Petitions.  However, Defendant Evans filed another Petition for sole physical and legal custody in the Suffolk County Family Court on October 2, 2015 and Plaintiff followed with his own Petition for sole legal and physical custody.  The parties entered into a written agreement settling these Petitions on June 6, 2016.

53.     There were numerous Court appearances in the first set of child custody proceedings between February 2015 and September 2015 and in the second set of proceedings between October 2015 and June 2016.  Defendant Sharyn Guzzi came to each Court appearance with her daughter, Defendant Evans, thereby demonstrating her support for Defendant Evans' Petition.  Defendant Evans and the parties' child continued to live with Defendant Sharyn Guzzi during the pendency of the proceedings and until at least January of 2017.

54.     As stated above, while the first set of Family Court proceeding was pending, Defendant Evans made another false report about Plaintiff to the Suffolk County Police Department, causing his arrest on May 29, 2015.

55.     In sum, the fact that Defendant Guzzi and Defendant Evans filed the false police reports to give Defendant Evans an advantage in the custody proceedings is demonstrated by the following.

56.     Firstly, it is demonstrated by the timing of the reports.

57.     Defendant Guzzi's false report to the police followed Defendant Evans' custody petition filing by less than a week, which is particularly telling in light of the fact that Guzzi's false police report was about an incident that allegedly occurred three months earlier.

58.     Defendant Evans made the false police report on February 1, 2015 only:  one month, three days after she filed the custody petition; only twenty-four days after Plaintiff filed his custody petition; and only eight days before the first appearance in Family Court on both Petitions.

59.     Defendant Evans made the false police report on May 27, 2015 while the custody proceedings were pending and only four days before Plaintiff's unsupervised visitation with the parties' son was scheduled to begin on March 31, 2015, pursuant to an Order entered by the Suffolk County Family Court on May 19, 2015.

60.     Secondly, Defendant Guzzi showed that her daughter having custody of the child over Plaintiff was important to her by accompanying her daughter to each Court appearance in the Family Court proceedings.

61.     Defendants also demonstrated a malicious motive toward Plaintiff before making the three false police reports in 2015 through their false allegations to the Queens County Police Department about Plaintiff in December 2014.

**Defendants' Aiding and Abetting of Each Other's Actions and Conspiracy with Each Other**

62.    Defendants aided and abetted each other's actions against Plaintiff by encouraging each other in their actions against Plaintiff and by helping each other devise their actions against Plaintiff.  They also conspired with each other to perpetrate these actions.  The circumstantial evidence of same is as follows.

63.    Firstly, their false complaints to the Suffolk County Police Department and the Suffolk County District Attorney's Office were of a similar nature and made close in time to each other.  The nature of both Defendant Guzzi's and Defendant Evans' false complaints was that Plaintiff threatened physical harm against one or both of them.  Defendant Evans made the February 1, 2015 complaint less than one month after Defendant Guzzi made the January 4, 2015 complaint.  Defendant Evans made the May 27, 2015 less than five months after Defendant Guzzi's complaint and while both Defendants were facilitating the Suffolk County District Court's prosecution of their earlier criminal complaints.

64.    Secondly, as explained above, both demonstrated that they had the common purpose of giving Defendant Evans an advantage in the child custody proceeding.  It therefore makes sense that they would encourage and facilitate each other's efforts toward this common goal.

65.    Thirdly, they were living together at the time that they made the false complaints and throughout the prosecutions of those complaints, so they had substantial opportunity to encourage each other, help each other devise actions against Plaintiff, and conspire with each other to harm Plaintiff.

66.    Fourthly, as explained above, they both worked with the Suffolk County District Attorney's Office for long periods of time to prosecute the criminal cases.

18

67.     Fifthly, as explained above, they had previously worked together to bring about Plaintiff's false arrest on December 1, 2014.  Their intent in filing the police reports in 2015 was to get Plaintiff arrested, as Defendant Sharyn Guzzi had previously urged the police to arrest Plaintiff in December 2014 and Defendant Jacqueline Evans specifically stated in her February 2015 and May 2015 complaints that she wanted Plaintiff to be arrested.

**Plaintiff's Emotional, Mental, and Physical Distress Damages**

68.     Plaintiff has suffered a great deal of emotional, mental, and physical distress as a result of Defendants' actions over the past period of almost three years.  This distress has included the following.  Plaintiff has been consistently worried and nervous that Defendants will fabricate more allegations and make more false reports to the Police.  Virtually every time a police vehicle has been within his vicinity, he has been worried that one or both of the Defendants made another false report and that the police are coming to arrest him.  Every time he has had to go to Family Court regarding the child he shares with Defendant Evans he has worried that he would be arrested on another false report by one or both of the Defendants.  He experienced intense humiliation and embarrassment over being arrested and having to appear in Criminal Court dozens of times.  He has also experienced a great deal of anxiety and depression in connection with the arrests and prosecutions.

**AND AS FOR A FIRST CAUSE OF ACTION**

69.     Plaintiff incorporates by reference paragraphs 1 through 68 herein.

70.     In violation of common law, Defendant Sharyn Guzzi maliciously prosecuted Plaintiff by engaging in the following actions which had the following results.  On or about January 4, 2015, Defendant Guzzi falsely reported to the 4th Precinct of the Suffolk County Police Department that Plaintiff had threatened, over the phone on October 14, 2014, physical

harm to her and daughter, co-Defendant Evans.  Defendant Guzzi maliciously made these

allegations, knowing that they were completely false and fabricated and that there was no

probable or reasonable cause for a prosecution or an arrest.  Her false report directly led to, and

resulted in:  the Suffolk County Police Department arresting Plaintiff on February 9, 2015; the

Suffolk County Police Department charging Plaintiff with a crime/crimes; the commencement

and continuation of People of the State of New York v. Hercsky, Docket No.: 2015SU001263 in

Suffolk County District Court, First Judicial District, until it was dismissed in August 2016; and

the Suffolk County Police Department being the complainant on the Information for the

initiation of the proceeding.  In addition, upon information and belief, Defendant Guzzi

continued to communicate to the District Attorney's Office all the way until August 2016 that

her false allegations against Plaintiff were true, that she wanted the criminal case to proceed, and

that she was willing to give perjurious testimony against Plaintiff at a trial.  Defendant instigated,

encouraged, caused, and facilitated the Suffolk County Police Department's and Suffolk County

District Attorney's Office prosecution of Plaintiff in other ways as well.

     71.    Defendant Guzzi maliciously prosecuted Plaintiff:  to retaliate against Plaintiff

and hurt Plaintiff because he and her daughter, Defendant Evans had had disputes and

disagreements in their relationship; and for the collateral purpose of gaining an advantage for

Defendant Evans, and painting Plaintiff in a bad light in, child custody proceedings that were

pending between Plaintiff and Defendant Evans in Suffolk County Family Court, with respect to

their shared son.

     72.    The criminal proceeding and prosecution were terminated in Plaintiff's favor and

with prejudice on August 18, 2016.

     73.    As a result of Defendant Guzzi's malicious prosecution of Plaintiff:  Plaintiff lost

his freedom for many hours; he was prosecuted by the Suffolk County District Attorney's Office and had to appear in Court many times on the prosecution; he had to spend many thousands of dollars on his criminal defense and on transportation to and from the Courthouse; he lost income from missing work to attend Court appearances in the criminal proceeding; and he suffered great emotional, mental, and physical distress.

## AND AS FOR A SECOND CAUSE OF ACTION

74.     Plaintiff incorporates by reference paragraphs 1 through 73 herein.

75.     In violation of common law, Defendant Jacqueline Evans maliciously prosecuted Plaintiff by engaging in the following actions which had the following results. On or about February 1, 2015, Defendant Evans falsely reported to the 4th Precinct of the Suffolk County Police Department that Plaintiff had threatened, over the phone, to physically harm her and that Plaintiff had violated an Order of Protection issued by the Queens County Criminal Court. Defendant Evans maliciously made these allegations, knowing that they were completely false and fabricated and that there was no probable or reasonable cause for a prosecution or an arrest. Her false report directly led to, and resulted in: the Suffolk County Police Department arresting Plaintiff on February 9, 2015; the Suffolk County Police Department charging Plaintiff with crimes; the commencement and continuation of People of the State of New York v. Hercsky, Docket No.: 2015SU005270 in Suffolk County District Court, First Judicial District until it was dismissed in January 2017; and the Suffolk County Police Department being the complainant on the Informations for the initiation of the proceeding. In addition, upon Plaintiff's information and belief, Defendant Evans continued to communicate to the District Attorney's Office all the way until January 2017 that her false allegations against Plaintiff were true, that she wanted the criminal case to proceed, and that she was willing to give perjurious testimony against Plaintiff at

a trial.  Defendant instigated, encouraged, caused, and facilitated the Suffolk County Police

Department's and Suffolk County District Attorney's Office prosecution of Plaintiff in other

ways as well.

76.    Defendant Evans maliciously prosecuted Plaintiff:  to retaliate against Plaintiff

and hurt Plaintiff because she and Plaintiff had had disputes and disagreements in their

relationship; and for the collateral purpose of gaining an advantage for herself, and painting

Plaintiff in a bad light in, child custody proceedings that were pending between Plaintiff and

Defendant Evans in Suffolk County Family Court, with respect to their shared son.

77.    The criminal proceeding and prosecution were terminated in Plaintiff's favor and

with prejudice on January 10, 2017.

78.    As a result of Defendant Evans' malicious prosecution of Plaintiff:  Plaintiff lost

his freedom for many hours; he was prosecuted by the Suffolk County District Attorney's Office

and had to appear in Court many times on the prosecution; he had to spend many thousands of

dollars on his criminal defense and on transportation to and from the Courthouse; he lost income

from missing work to attend Court appearances in the criminal proceeding; and he suffered great

emotional, mental, and physical distress.

## AND AS FOR A THIRD CAUSE OF ACTION

79.    Plaintiff incorporates by reference paragraphs 1 through 78 herein.

80.    In violation of common law, Defendant Jacqueline Evans maliciously prosecuted

Plaintiff by engaging in the following actions which had the following results.  On or about May

27, 2015, Defendant Evans falsely reported to the Suffolk County Police Department that on

May 22, 2015, Plaintiff had violated an Order of Protection that had been entered by a Queens

court by having his mother call Defendant Evans numerous times and threaten her on Plaintiff's

behalf.  Defendant Evans maliciously made these allegations, knowing that they were completely false and fabricated and that there was no probable or reasonable cause for a prosecution or an arrest.  Her false report directly led to, and resulted in:  the Suffolk County Police Department arresting Plaintiff on May 29, 2015; the Suffolk County Police Department charging him with a crime/crimes; the commencement and continuation of People of the State of New York v. Hercsky, Docket No.: 2015SU022612 in Suffolk County District Court, First Judicial District, until it was dismissed in August 2016; and the Suffolk County Police Department being the complainant on the Information for the initiation of the proceeding.  In addition, upon information and belief, Defendant Evans continued to communicate to the District Attorney's Office all the way until August 2016 that her false allegations against Plaintiff were true, that she wanted the criminal case to proceed, and that she was willing to give perjurious testimony against Plaintiff at a trial.  Defendant instigated, encouraged, caused, and facilitated the Suffolk County Police Department's and Suffolk County District Attorney's Office's prosecution of Plaintiff in other ways as well.

81.    Defendant Evans maliciously prosecuted Plaintiff:  to retaliate against Plaintiff and hurt Plaintiff because she and Plaintiff had had disputes and disagreements in their relationship; and for the collateral purpose of gaining an advantage for herself, and painting Plaintiff in a bad light in, child custody proceedings that were pending between Plaintiff and Defendant Evans in Suffolk County Family Court, with respect to their shared son.

82.    The criminal proceeding and prosecution were terminated in Plaintiff's favor and with prejudice on August 18, 2016.

83.    As a result of Defendant Evans' malicious prosecution of Plaintiff:  Plaintiff lost his freedom for many hours; he was prosecuted by the Suffolk County District Attorney's Office

and had to appear in Court many times on the prosecution; he had to spend many thousands of

dollars on his criminal defense and on transportation to and from the Courthouse; he lost income

from missing work to attend Court appearances in the criminal proceeding; and he suffered great

emotional, mental, and physical distress.

## **AND AS FOR A FOURTH CAUSE OF ACTION**

84.     Plaintiff incorporates by reference paragraphs 1 through 83 herein.

85.     In violation of common law, Defendant Sharyn Guzzi abused process by engaging

in the following actions which had the following results.  On or about January 4, 2015,

Defendant Guzzi falsely reported to the 4th Precinct of the Suffolk County Police Department

that Plaintiff had threatened, over the phone on October 14, 2014, physical harm to her and

daughter, co-Defendant Evans.  Defendant Guzzi maliciously made these allegations, knowing

that they were completely false and fabricated and that there was no probable or reasonable

cause for a prosecution or an arrest.  Her false report directly led to, and resulted in:  the Suffolk

County Police Department arresting Plaintiff on February 9, 2015; the Suffolk County Police

Department charging him with a crime/crimes; the commencement and continuation of People of

the State of New York v. Hercsky, Docket No.: 2015SU001263 in Suffolk County Criminal

Court until it was dismissed in August 2016; and the Suffolk County Police Department being

the complainant on the Information for the initiation of the proceeding.  In addition, upon

information and belief, Defendant Guzzi continued to communicate to the District Attorney's

Office all the way until August 2016 that her false allegations against Plaintiff were true, that she

wanted the criminal case to proceed, and that she was willing to give perjurious testimony

against Plaintiff at a trial.  Defendant instigated, encouraged, caused, and facilitated the Suffolk

County Police Department's and Suffolk County District Attorney's Office's arrest and prosecution of Plaintiff in other ways as well.

86.     Defendant Guzzi abused process:  to retaliate against Plaintiff and hurt Plaintiff: because he and her daughter, Defendant Evans had had disputes and disagreements in their relationship; and for the collateral purpose of gaining an advantage for Defendant Evans, and painting Plaintiff in a bad light in, child custody proceedings that were pending between Plaintiff and Defendant Evans in Suffolk County Family Court, with respect to their shared son.

87.     The criminal proceeding and prosecution were terminated in Plaintiff's favor and with prejudice on August 18, 2016.

88.     As a result of Defendant Guzzi's abuse of process:  Plaintiff lost his freedom for many hours; he was prosecuted by the Suffolk County District Attorney's Office and had to appear in Court many times on the prosecution; he had to spend many thousands of dollars on his criminal defense and on transportation to and from the Courthouse; he lost income from missing work to attend Court appearances in the criminal proceeding; and he suffered great emotional, mental, and physical distress.

**AND AS FOR A FIFTH CAUSE OF ACTION**

89.     Plaintiff incorporates by reference paragraphs 1 through 88 herein.

90.     In violation of common law, Defendant Jacqueline Evans abused process by engaging in the following actions which had the following results.  On or about February 1, 2015, Defendant Guzzi falsely reported to the 4th Precinct of the Suffolk County Police Department that Plaintiff had threatened, over the phone, to physically harm her, and that Plaintiff had violated an Order of Protection issued by the Queens County Criminal Court. Defendant used and abused the Order of Protection issued by the Queens County Criminal Court

as an instrument to bring about Plaintiff's arrest. Defendant Evans maliciously made these allegations, knowing that they were completely false and fabricated and that there was no probable or reasonable cause for a prosecution or an arrest. Her false report directly led to, and resulted in: the Suffolk County Police Department arresting Plaintiff on February 9, 2015; the Suffolk County Police Department charging him with crimes; the commencement and continuation of People of the State of New York v. Hercsky, Docket No.: 2015SU005270 in Suffolk County Criminal Court until it was dismissed in January 2017; and the Suffolk County Police Department being the complainant on the Informations for the initiation of the proceeding. In addition, upon information and belief, Defendant Evans continued to communicate to the District Attorney's Office all the way until January 2017 that her false allegations against Plaintiff were true, that she wanted the criminal case to proceed, and that she was willing to give perjurious testimony against Plaintiff at a trial. Defendant instigated, encouraged, caused, and facilitated the Suffolk County Police Department's and Suffolk County District Attorney's Office's arrest and prosecution of Plaintiff in other ways as well.

91.    Defendant Evans abused process: to retaliate against Plaintiff and hurt Plaintiff: because she and Plaintiff had had disputes and disagreements in their relationship; and for the collateral purpose of gaining an advantage for herself, and painting Plaintiff in a bad light in, child custody proceedings that were pending between Plaintiff and Defendant Evans in Suffolk County Family Court, with respect to their shared son.

92.    The criminal proceeding and prosecution were terminated in Plaintiff's favor and with prejudice on January 10, 2017.

93.    As a result of Defendant Evans' abuse of process: Plaintiff lost his freedom for many hours; he was prosecuted by the Suffolk County District Attorney's Office and had to

appear in Court many times on the prosecution; he had to spend many thousands of dollars on his criminal defense and on transportation to and from the Courthouse; he lost income from missing work to attend Court appearances in the criminal proceeding; and he suffered great emotional, mental, and physical distress.

## AND AS FOR A SIXTH CAUSE OF ACTION

94.     Plaintiff incorporates by reference paragraphs 1 through 93 herein.

95.     In violation of common law, Defendant Jacqueline Evans abused process by engaging in the following actions which had the following results.  On or about May 27, 2015, Defendant Evans falsely reported to the Suffolk County Police Department that on May 22, 2015, Plaintiff had violated an Order of Protection that had been entered by a Queens court by having his mother call Defendant Evans numerous times and threaten her on Plaintiff's behalf. Defendant used and abused the Order of Protection issued by the Queens County Criminal Court as an instrument to bring about Plaintiff's arrest.  Defendant Evans maliciously made these allegations, knowing that they were completely false and fabricated and that there was no probable or reasonable cause for a prosecution or an arrest.  Her false report directly led to, and resulted in:  the Suffolk County Police Department arresting Plaintiff on May 29, 2015; the Suffolk County Police Department charging him with a crime/crimes; the commencement and continuation of People of the State of New York v. Hercsky, Docket No.: 2015SU022612 in Suffolk County District Court, First Judicial District, until it was dismissed in August 2016; and the Suffolk County Police Department being the complainant on the Information for the initiation of the proceeding.  In addition, upon information and belief, Defendant Evans continued to communicate to the District Attorney's Office all the way until August 2016 that her false allegations against Plaintiff were true, that she wanted the criminal case to proceed, and

that she was willing to give perjurious testimony against Plaintiff at a trial.  Defendant instigated, encouraged, caused, and facilitated the Suffolk County Police Department's and Suffolk County District Attorney's Office's arrest and prosecution of Plaintiff in other ways as well.

96.    Defendant Evans abused process:  to retaliate against Plaintiff and hurt Plaintiff because she and Plaintiff had had disputes and disagreements in their relationship; and for the collateral purpose of gaining an advantage for herself, and painting Plaintiff in a bad light in, child custody proceedings that were pending between Plaintiff and Defendant Evans in Suffolk County Family Court, with respect to their shared son.

97.    The criminal proceeding and prosecution were terminated in Plaintiff's favor and with prejudice on August 18, 2016.

98.    As a result of Defendant Evans' abuse of process:  Plaintiff lost his freedom for many hours; he was prosecuted by the Suffolk County District Attorney's Office and had to appear in Court many times on the prosecution; he had to spend many thousands of dollars on his criminal defense and on transportation to and from the Courthouse; he lost income from missing work to attend Court appearances in the criminal proceeding; and he suffered great emotional, mental, and physical distress.

### **AND AS FOR A SEVENTH CAUSE OF ACTION**

99.    Plaintiff incorporates by reference paragraphs 1 through 98 herein.

100.    In violation of common law, Defendant Sharyn Guzzi falsely arrested and imprisoned Plaintiff by knowingly and intentionally making false allegations to the Suffolk County Police Department on January 4, 2015 that instigated and caused the Suffolk County Police Department's arrest and imprisonment of Plaintiff on or about February 9, 2015. Defendant Sharyn Guzzi made these allegations to the Suffolk County Police Department,

knowing that they were false and that there was no probable or reasonable cause for an arrest or a prosecution.

101.    Defendant instigated, encouraged, caused, and facilitated the Suffolk County Police Department's arrest and imprisonment of Plaintiff in other ways as well.

102.    During the pendency of the criminal proceeding that resulted from the arrest, the District Attorney's Office did not put forth any evidence that could lead to a conviction other than the substance of the information and statement that Defendant Guzzi gave to the Suffolk County Police Department on January 4, 2015 before the arrest.

103.    As a result of Defendant Guzzi's false arrest and imprisonment of Plaintiff: Plaintiff lost his freedom for many hours; he was prosecuted by the Suffolk County District Attorney's Office and had to appear in Court many times on the prosecution; he had to spend many thousands of dollars on his criminal defense and on transportation to and from the Courthouse; he lost income from missing work to attend Court appearances in the criminal proceeding; and he suffered great emotional, mental, and physical distress.

## AND AS FOR AN EIGHTH CAUSE OF ACTION

104.    Plaintiff incorporates by reference paragraphs 1 through 103 herein.

105.    In violation of common law, Defendant Jacqueline Evans falsely arrested and imprisoned Plaintiff by knowingly and intentionally making false allegations to the Suffolk County Police Department on February 1, 2015 that instigated and caused the Suffolk County Police Department's arrest and imprisonment of Plaintiff on or about February 9, 2015. Defendant Evans made these allegations to the Suffolk County Police Department, knowing that they were false and that there was no probable or reasonable cause for an arrest or a prosecution.

106.    Defendant instigated, encouraged, caused, and facilitated the Suffolk County Police Department's arrest and imprisonment of Plaintiff in other ways as well.

107.    During the pendency of the criminal proceeding that resulted from the arrest, the District Attorney's Office did not put forth any evidence that could lead to a conviction other than the substance of the information and statement that Defendant Guzzi gave to the Suffolk County Police Department on February 1, 2015 before the arrest.

108.    As a result of Defendant Evans' false arrest and imprisonment of Plaintiff: Plaintiff lost his freedom for many hours; he was prosecuted by the Suffolk County District Attorney's Office and had to appear in Court many times on the prosecution; he had to spend many thousands of dollars on his criminal defense and on transportation to and from the Courthouse; he lost income from missing work to attend Court appearances in the criminal proceeding; and he suffered great emotional, mental, and physical distress.

## AND AS FOR A NINTH CAUSE OF ACTION

109.    Plaintiff incorporates by reference paragraphs 1 through 108 herein.

110.    In violation of common law, Defendant Evans falsely arrested and imprisoned Plaintiff by knowingly and intentionally making false allegations to the Suffolk County Police Department on May 27, 2015 that instigated and caused the Suffolk County Police Department's arrest and imprisonment of Plaintiff on or about May 29, 2015.  Defendant Evans made these allegations to the Suffolk County Police Department, knowing that they were false and that there was no probable or reasonable cause for an arrest or a prosecution.

111.    Defendant instigated, encouraged, caused, and facilitated the Suffolk County Police Department's arrest and imprisonment of Plaintiff in other ways as well.

112.    During the pendency of the criminal proceeding that resulted from the arrest, the District Attorney's Office did not put forth any evidence that could lead to a conviction other than the substance of the information and statement that Defendant Evans gave to the Suffolk County Police Department on May 27, 2015 before the arrest.

113.    As a result of Defendant Evans' false arrest and imprisonment of Plaintiff: Plaintiff lost his freedom for many hours; he was prosecuted by the Suffolk County District Attorney's Office and had to appear in Court many times on the prosecution; he had to spend many thousands of dollars on his criminal defense and on transportation to and from the Courthouse; he lost income from missing work to attend Court appearances in the criminal proceeding; and he suffered great emotional, mental, and physical distress.

## AND AS FOR A TENTH CAUSE OF ACTION

114.    Plaintiff incorporates paragraphs 1 through 113 as if set forth herein.

115.    In violation of common law, Defendant Sharyn Guzzi intentionally, knowingly, and maliciously defamed, slandered, and libeled Plaintiff to the Fourth Precinct of the Suffolk County Police Department, and Police Officer Sambuco in particular, as well as to the Suffolk County District Attorney's Office.  This defamation included but was not limited to falsely stating in a handwritten statement to the Police on January 4, 2015:

> While speaking to Jeantov on the phone, I could tell he was becoming irate, he was starting to raise his voice, suddenly Jeantov said to me 'you and your sick daughter are going to be unrecognizable when I burry [*sic*] you.'  I immediately hung the phone up, I was frightened by his tone and by what he said.

116.    Upon information and belief, Defendant Guzzi made similar statements verbally to the Suffolk County Police Department in January and February 2015 and to the Suffolk

County District Attorney's Office from February 2015 through August 2016.  The statements

were libelous per se and slanderous per se because they alleged that Plaintiff committed crimes.

117.    As a direct result of Defendant Sharyn Guzzi's defamation, slander, and libel of

Plaintiff, Plaintiff was arrested by the Suffolk County Police Department on February 9, 2015

and lost his freedom for many hours.  Furthermore, he was prosecuted in the criminal

proceeding, People of the State of New York v. Hercsky, Docket No.: 2015SU001263, in the

Suffolk County District Court, First Judicial District by the Suffolk County District Attorney's

Office.  Plaintiff had to appear in Court many times on the prosecution.  He had to spend many

thousands of dollars on his criminal defense and on transportation to and from the Courthouse.

He lost income from missing work to attend Court appearances in the criminal proceeding.  He

suffered a great emotional, mental, and physical distress as a result of Defendant Guzzi's

defamation of him.   The prosecution was terminated in Plaintiff's favor on August 18, 2016.

118.    During the pendency of the criminal proceeding that resulted from the arrest, the

District Attorney's Office did not put forth any evidence that could lead to a conviction other

than the substance of the information and statement that Defendant Guzzi gave to the Suffolk

County Police Department on January 4, 2015 before the arrest.

## AND AS FOR AN ELEVENTH CAUSE OF ACTION

119.    Plaintiff incorporates paragraphs 1 through 118 as if set forth herein.

120.    In violation of common law, Defendant Jacqueline Evans intentionally,

knowingly, maliciously defamed, libeled, and slandered Plaintiff to the Fourth Precinct of the

Suffolk County Police Department, and Detective Brian Draiss, in particular, as well as to the

Suffolk County District Attorney's Office.  This defamation included but was not limited to

falsely stating in a handwritten statement to the Police on February 1, 2015:

Jeantov called me and stated, 'I heard you being on 'J-Date'.  You think you are going to take my son to meet another man while we are still married.  I'll kill all of you before that ever happens.  I'm giving you 24 hours.  If you don't come see me by then, you better watch your back you fucking whore, and I don't care if you call the police.

Upon information and belief, Defendant Evans made similar statements verbally to the Suffolk County Police Department in February 2015 and the Suffolk County District Attorney's Office from February 2015 through January 2017.  The statements were libelous per se and slanderous per se because they alleged that Plaintiff committed crimes.

121.    As a direct result of Defendant Jacqueline Evans' defamation, slander, and libel of Plaintiff, Plaintiff was arrested by the Suffolk County Police Department on February 9, 2015 and lost his freedom for many hours.  Furthermore, he was prosecuted in the criminal proceeding, People of the State of New York v. Hercsky, Docket No.: 2015SU005270, in Suffolk County District Court, 1st Judicial District by the Suffolk County District Attorney's Office.  Plaintiff had to appear in Court many times on the prosecution.  He had to spend many thousands of dollars on his criminal defense and on transportation to and from the Courthouse.  He lost income from missing work to attend Court appearances in the criminal proceeding.  He suffered a great emotional, mental, and physical distress.   The prosecution was terminated in Plaintiff's favor on January 10, 2017

122.    During the pendency of the criminal proceeding that resulted from the arrest, the District Attorney's Office did not put forth any evidence that could lead to a conviction other than the substance of the information and statement that Defendant Guzzi gave to the Suffolk County Police Department on February 1, 2015 before the arrest.

## AND AS FOR A TWELFTH CAUSE OF ACTION

123.    Plaintiff incorporates paragraphs 1 through 122 as if set forth herein.

124.    In violation of common law, Defendant Jacqueline Evans intentionally, knowingly, and maliciously defamed, libeled, and slandered Plaintiff to the Fourth Precinct of the Suffolk County Police Department, and Police Officer John Paul O'Connor, in particular, as well as to the Suffolk County District Attorney's Office.  This defamation included but was not limited to falsely stating in a written statement to the Police on May 27, 2015:

> On Friday afternoon at about 1:30 PM Yafta Sarn, the mother of my ex-domestic partner (the father of my son) called me numerous times and stated to me during one of the conversations, "Jeantov wanted me to call you and tell you this isn't over yet!"  I asked her after she said that if Jeantov told her to call and, she said "Yes."  I have an Order of Protection against Jeantov that states he is not allowed to have third party contact with me.  These phone calls violated the order from Family Court in Queens, Docket #2104070646, which I got on 12/02/2014 and expires on 06/01/2015.  I am in fear for my safety and want him arrested.

Upon information and belief, Defendant Evans made similar statements verbally to the Suffolk County Police Department in February 2015 and to the Suffolk County District Attorney's Office from February 2015 through August 2016.  The statements were libelous per se and slanderous per se because they alleged that Plaintiff committed crimes.

125.    As a direct result of Defendant Jacqueline Evans' defamation, slander, and libel of Plaintiff, Plaintiff was arrested by the Suffolk County Police Department on February 9, 2015 and lost his freedom for many hours.  Furthermore, he was prosecuted in the criminal proceeding, People of the State of New York v. Hercsky, Docket No.: 2015SU022612, in Suffolk County District Court, 1st Judicial District by the Suffolk County District Attorney's Office.  Plaintiff had to appear in Court many times on the prosecution.  He had to spend many thousands of dollars on his criminal defense and on transportation to and from the Courthouse. He lost income from missing work to attend Court appearances in the criminal proceeding.  He

suffered a great emotional, mental, and physical distress.   The prosecution was terminated in

Plaintiff's favor on August 18, 2016.

126.    During the pendency of the criminal proceeding that resulted from the arrest, the

District Attorney's Office did not put forth any evidence that could lead to a conviction other

than the substance of the information and statement that Defendant Evans gave to the Suffolk

County Police Department on May 27, 2015 before the arrest.

## AND AS FOR A THIRTEENTH CAUSE OF ACTION

127.    Plaintiff incorporates paragraphs 1 through 126 as if set forth herein.

128.    In violation of common law, Defendant Sharyn Guzzi aided and abetted the

tortious acts committed by Defendant Jacqueline Evans in the Second, Third, Fifth, Sixth,

Eighth, Ninth, Eleventh, and Twelfth Causes of Action.  Defendant Sharyn Guzzi did so by

encouraging Defendant Evans to perpetrate the following actions and by helping Defendant

Evans devise the following actions against Plaintiff:  Defendant Evans making the false police

reports to the Suffolk County Police Department in February 2015 and May 2015; Defendant

Evans promulgating the same false allegations to the Suffolk County District Attorney's Office

from February 2015 to January 2017; and Defendant Evans continuing to convey to the Suffolk

County District Attorney's Office from February 2015 to January 2017 that she wanted the

criminal cases to proceed and that she was willing to give perjurious testimony against Plaintiff.

129.    The circumstantial evidence of Defendant Sharyn Guzzi's aiding and abetting of

Defendant Evans' tortious actions against Plaintiff is outlined in paragraphs 62 to 67.

130.    As such, Defendant Sharyn Guzzi is jointly and severally liable with Defendant

Evans for the Second, Third, Fifth, Sixth, Eighth, Ninth, Eleventh, and Twelfth Causes of

Action.

## <u>AND AS FOR A FOURTEENTH CAUSE OF ACTION</u>

131.    Plaintiff incorporates paragraphs 1 through 130 as if set forth herein.

132.    In violation of common law, Defendant Jacqueline Evans aided and abetted the tortious acts committed by Defendant Sharyn Guzzi in the First, Fourth, Seventh, and Tenth Causes of action.  Defendant Jacqueline Evans did so by encouraging Defendant Guzzi to perpetrate the following actions and by helping Defendant Guzzi devise the following actions against Plaintiff:  Defendant Guzzi making the false police report to the Suffolk County Police Department in January 2015; Defendant Guzzi promulgating the same false allegations to the Suffolk County District Attorney's Office from February 2015 to August 2016; and Defendant Guzzi continuing to convey to the Suffolk County District Attorney's Office from February 2015 to August 2016 that she wanted the criminal case to proceed and that she was willing to give perjurious testimony against Plaintiff.

133.    The circumstantial evidence of Defendant Evans' aiding and abetting of Defendant Guzzi's tortious actions against Plaintiff is outlined in paragraphs 62 to 67.

134.    As such, Defendant Evans is jointly and severally liable with Defendant Guzzi for the First, Fourth, Seventh, and Tenth Causes of Action.

## <u>AND AS FOR A FIFTEENTH CAUSE OF ACTION</u>

135.    Plaintiff incorporates paragraphs 1 through 134 as if set forth herein.

136.    In violation of common law, Defendant Sharyn Guzzi conspired with Defendant Jacqueline Evans in the commission of the tortious actions described in the Second, Third, Fifth, Sixth, Eighth, Ninth, Eleventh, and Twelfth Causes of Action.  Defendant Sharyn Guzzi did so by devising a plan and agreement with Defendant Evans to take the following actions against Plaintiff:  Defendant Evans making the false police reports to the Suffolk County Police

36

Department in February 2015 and May 2015; Defendant Evans promulgating the same false allegations to the Suffolk County District Attorney's Office from February 2015 to January 2017; and Defendant Evans continuing to convey to the Suffolk County District Attorney's Office from February 2015 to January 2017 that she wanted the criminal cases to proceed and that she was willing to give perjurious testimony against Plaintiff.

137.    The circumstantial evidence of Defendant Sharyn Guzzi's conspiracy with Defendant Evans to commit these tortious actions is outlined in paragraphs 62 to 67.

138.    As such, Defendant Sharyn Guzzi is jointly and severally liable with Defendant Evans for the Second, Third, Fifth, Sixth, Eighth, Ninth, Eleventh, and Twelfth Causes of Action.

## AND AS FOR A FOURTEENTH CAUSE OF ACTION

139.    Plaintiff incorporates paragraphs 1 through 138 as if set forth herein.

140.    In violation of common law, Defendant Jacqueline Evans conspired with Defendant Sharyn Guzzi in the commission of the tortious actions described in the First, Fourth, Seventh, and Tenth Causes of Action.  Defendant Evans did so by devising a plan and agreement with Defendant Guzzi to take the following actions against Plaintiff:  Defendant Guzzi making the false police report to the Suffolk County Police Department in January 2015; Defendant Guzzi promulgating the same false allegations to the Suffolk County District Attorney's Office from February 2015 to August 2016; and Defendant Guzzi continuing to convey to the Suffolk County District Attorney's Office from February 2015 to August 2016 that she wanted the criminal cases to proceed and that she was willing to give perjurious testimony against Plaintiff.

141.    The circumstantial evidence of Defendant Evans' conspiracy with Defendant Guzzi is outlined in paragraphs 62 to 67.

142.    As such, Defendant Evans is jointly and severally liable with Defendant Guzzi for the First, Fourth, Seventh, and Tenth Causes of Action.

**WHEREFORE, Plaintiff prays the Court for judgment as follows:**

Under common law for each of Cause of Action against both Defendants, jointly and severally:

i.      An order ordering Defendants to pay Plaintiff general and compensatory damages for the hours that he was arrested and imprisoned and lost his freedom, the time that he spent attending the numerous Court appearances in the criminal proceedings, and the emotional, mental, and physical distress that he suffered, as a result of Defendants' actions, in an amount to be decided at trial and in accordance with proof;

ii.     An order ordering Defendants to pay specific damages for the monies that Plaintiff spent on his criminal defense and transportation to and from the Courthouse and for the income that he lost, as a result of Defendants' actions, in an amount to be decided at trial and in accordance with proof;

iii.    An order ordering Defendants to pay punitive damages, in an amount to be decided at trial and in accordance with proof; and

iv.     An order ordering Defendants to pay Plaintiff the costs and disbursements of this action.

Dated: Brooklyn, New York
        November 20, 2017

_/s/ /b/ Kathy A. Polias_____

Kathy A. Polias, Esq. (KP-9025)

*Attorney for Plaintiff*

68 Jay Street, Suite 201

Brooklyn, NY 11201

Tel. No.:  718-514-2062

E-mail:  kathypoliasesq@gmail.com