UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JEANTOV HERCSKY,

                                    Plaintiff,

                     -against-

JACQUELINE EVANS and SHARYN GUZZI,

                              Defendants.
-------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

17-CV-4199 (JMA) (GRB)

**GARY R. BROWN, United States Magistrate Judge:**

Pending before the undersigned on referral for report and recommendation from the Honorable Joan M. Azrack is a motion to dismiss the first, fourth, thirteenth and fifteenth causes of action in this matter by defendant Sharyn Guzzi.[1]  *See* DE 11; Electronic Order dated December 7, 2018.  The facts alleged in the amended complaint are quite straightforward: Hercsky alleges that defendant Guzzi, his former mother-in-law, together with defendant Evans, Guzzi's daughter and Hercsky's ex-wife, filed false police reports against him to gain an advantage in child custody proceedings, leading to, among other things, his repeated arrest by law enforcement authorities.  *See generally id.*

## DISCUSSION

This motion is decided is decided under the well-established standard of review for such matters, as discussed in *Burris v. Nassau County District Attorney,* No. 14-5540 (JFB) (GRB), 2017 WL 9485714, at *3-4 (E.D.N.Y. Jan. 12, 2017), *adopted by*, 2017 WL 1187709 (E.D.N.Y. Mar. 29, 2017), which discussion is respectfully incorporated by reference herein.  Most notably

---

[1] Reportedly, the seventh and tenth causes of action were voluntarily dismissed.  DE 21 at 4.

1

here, under that standard, the Court is required to assume the allegations of the amended complaint to be true for the purposes of the motion.

Defendant's arguments are easily dispatched. As to the first cause of action, Guzzi contends that plaintiff has failed to adequately allege malicious prosecution, stating only that there is "no basis" for the assertion that Guzzi acted with malice. DE 21 at 4. However, the amended complaint provides ample allegations—again, *assumed* to be true for these purposes, giving rise to an inference of malice—which, as Rule 9(b) provides, can be "alleged generally." Fed. R. Civ. P. 9(b); *see e.g.,* DE 11, ¶ 13 (alleging that Guzzi "made false and defamatory allegations to the Fourth Precinct of the Suffolk County Police Department [and] told blatant lies and made defamatory allegations about Plaintiff, including that almost three months earlier, on October 8, 2014, Plaintiff threatened, in a phone conversation with Defendant Guzzi, physical harm to Defendant Guzzi and her daughter"). As to the fourth cause of action for abuse of process, defendant argues that "the fact pattern presented by Plaintiff strains credibility," DE 21 at 6, an argument plainly inappropriate upon a motion to dismiss. Defendant further argues that the institution of criminal proceedings to gain advantage in parallel child custody proceedings cannot satisfy the collateral objective element of an abuse of process claim. This argument is undermined by the very cases relied upon by Guzzi. *See e.g.*, *Kraft v. City of N.Y.*, 696 F. Supp. 2d 403, 416 (S.D.N.Y. 2010), *aff'd*, 441 F. App'x 24 (2d Cir. 2011) ("Fabricating assault charges to save one's job could be abuse of process, however, because 'safeguarding one's own employment lies outside the legitimate goal of criminal process'"). Similarly, gaining an unfair advantage in a child custody proceeding through false allegations, if true, would clearly fall outside the ambit of legitimate uses of criminal process.

2

As to the thirteenth and fifteenth causes of action—aiding and abetting and conspiracy theories in connection with torts alleged in other causes of action in the complaint, DE 11 at 35—defendant argues principally that aiding and abetting and conspiracy are not independent torts under New York law.  DE 21 at 9, (citing *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 57, 720 N.E.2d 892, 698 N.Y.S.2d 615 (1999) (holding that where the underlying tort theory fails, "there is no independent tort to provide a basis for liability under . . . concert of action, conspiracy, and aiding and abetting theories")).  The flaw in defendant's argument lies in the fact that the aiding and abetting and conspiracy theories here are not pled as independent causes of action, but are expressly predicated on other theories of liability alleged in the amended complaint.  DE 11, ¶¶ 127–130.  Defendant's remaining contention that these causes of action are "internally inconsistent" are effectively unintelligible.  Thus, the motion is meritless.

## CONCLUSION

Based on the foregoing, it is respectfully recommended that defendant Guzzi's motion to dismiss be DENIED.  Within ten days of ruling on this report and recommendation by the district court, counsel for plaintiff is directed to communicate with counsel for Guzzi and the *pro se* defendant herein and provide the Court with convenient dates for the scheduling an initial conference in this matter.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel, and **counsel for defendant Guzzi is directed to serve a copy upon the *pro se* defendant forthwith and file proof of service with the Court.**  Any written objections must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections

must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals.**  *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir.2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") *cf. Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").  This is particularly true, where, as here, a party has been "warned of the consequences of not objecting to the Magistrate's findings." *Mejia, supra.*

Dated: Central Islip, New York
February 5, 2019

                                                    /s/ Gary R. Brown
                                                    Gary R. Brown
                                                    United States Magistrate Judge