FILED
CLERK
3/5/2019 4:13 pm
For Online Publication Only
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────X
JEANTOV HERCSKY,

                Plaintiff,

    -against-

JACQUELINE EVANS and SHARYN GUZZI,

                Defendants.
───────────────────────────────────X

**ORDER**
17-CV-4199 (JMA) (GRB)

**AZRACK, United States District Judge:**

Currently pending before the Court are motions to dismiss filed by defendants Sharyn Guzzi and Jacqueline Evans. For the reasons set forth below, both of these motions are denied.

**A. Guzzi's Motion to Dismiss**

On May 18, 2018, defendant Sharyn Guzzi filed a motion to dismiss. (ECF No. 19.) On December 7, 2018, I referred this motion to Magistrate Judge Gary R. Brown for a Report and Recommendation ("R&R"). On February 5, 2019, Judge Brown issued an R&R recommending that defendant Guzzi's motion to dismiss be denied. To date, no objections have been filed to the R&R, and the time for filing such objections has passed.

Having conducted a review of the full record and the applicable law, I adopt Judge Brown's R&R in its entirety as the opinion of the Court.

In reviewing a magistrate judge's report and recommendation, the court must "make a *de novo* determination of those portions of the report or . . . recommendations to which objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.

§ 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

I have undertaken a review of the record and the R&R, and finding no clear error, I adopt Judge Brown's R&R and deny Guzzi's motion to dismiss.

**B. Evans' Motion to Dismiss**

On January 7, 2019, defendant Evans, appearing pro se, filed a two-page document entitled "Notice of Motion to Dismiss." (ECF No. 28.) Nothing in Evans' filing provides any basis to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). The Court has also liberally construed Evans' motion to dismiss in light of her pro se status, and finds no basis to dismiss the complaint. Accordingly, Evans' motion to dismiss is denied.

**C. Conclusion**

For the reasons stated above, the motions to dismiss filed by defendants Guzzi and Evans are denied. Within ten days from the date of this Order, counsel for plaintiff is directed to communicate with counsel for Guzzi and the pro se defendant Evans and provide the Court with convenient dates for scheduling an initial conference before Judge Brown. The Clerk of Court is directed to mail a copy of this order to defendant Evans.

**SO ORDERED.**

Dated: March 5, 2019
Central Islip, New York

                                                /s/ (JMA)
                                                JOAN M. AZRACK
                                                UNITED STATES DISTRICT JUDGE