UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x   Docket No.: 17-CV-4199
JEANTOV HERCSKY,                                                            (JMA) (LGD)

                                                          Plaintiff,

            -against-

JACQUELINE EVANS and SHARYN GUZZI
(a/k/a SHARYN EVANS GUZZI AND SHARYN
EVANS),

                                            Defendants.
------------------------------------------------------------------------x

**PLAINTIFF JEANTOV HERCSKY'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO AMEND HER ANSWER TO ADD COUNTERCLAIMS**

Kathy A. Polias (KP-9025)
Attorney-at-Law
*Attorney for Plaintiff Jeantov Hercsky*
68 Jay Street, Suite 201
Brooklyn, NY 11201
Tel. No.: 718-808-3452
Fax No.: 718-795-1620
E-mail: kathypoliasesq@gmail.com

# TABLE OF CONTENTS

INTRODUCTION……………………………………………………………………………...1

ARGUMENT…………………………………………………………………………………....1

    I.       Defendant's Proposed Addition of Counterclaims Should
            Be Denied Because the Counterclaims Fail to State Causes
            of Action……………………………………………………………………..1

           (A)      The First Cause of Action/Counterclaim Fails to State
                       A Cause of Action Action for Malicious Prosecution,
                       As Defendant Supports It With Only Conclusory
                       Allegations and Defendant Does Not Allege A
                       "Special Injury", An Essential Element of a Claim/
                       Counterclaim for Malicious Prosecution of a Civil
                       Action/Proceeding……………………………………………………...1

           (B)      The Second Cause of Action/Counterclaim Fails to
                       State A Cause of Action Action for Malicious
                       Prosecution, As It Is Based On the Institution and
                       Prosecution of the Instant Action, Which Has Not
                       Been Terminated Yet, and On the Institution and
                       Prosecution of a Custody Modification Proceeding,
                       With Respect to Which Only Conclusory Allegations
                       Are Made and For Which No "Special Injury" Is
                       Alleged……………………………………………………………..6-7

           (C)      The Third Cause of Action/Counterclaim Fails to State
                       a Cause of Action for Abuse of Process Because the
                       Institution of A Civil Action/Proceeding By Summons
                       and Complaint/Petition Does Not Give Rise to a Claim
                       for Malicious Abuse of Process…………………………………...9

    II.      Defendant's Proposed Addition of Counterclaims Should Also
            Be Denied Because Defendant Has Exercised Inordinate Delay
            In Seeking These Amendments, She Has Not Offered Any
            Explanation for the Delay, and the Amendments Would Prejudice
            Plaintiff……………………………………………………………………..10

CONCLUSION………………………………………………………………………..11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

347 Cent. Park Assoc., LLC v. Pine Top Assoc., LLC,
144 A.D.3d 785, 41 N.Y.S.3d 99 (App. Div., 2d Dept., 2016).....................................2, 4

Anderson News, L.L.C. v. Am. Media, Inc.,
680 F.3d 162 (2d Cir. 2012).............................................................................................1

Bass Oil & Chemicals LLC v. Bass,
Index No. 503134/2013, 43 Misc. 3d 1217(A),
988 N.Y.S.2d 521, 2014 N.Y. Misc. LEXIS 1905,
2014 NY Slip Op 50684(U), 2014 WL 1686943
(Sup. Ct., Kings Cty., Apr. 28, 2014) (J. Demarest)....................................................2-3

Benyo v. Sikorjak,
50 A.D.3d 1074, 858 N.Y.S.2d 215 (App. Div. 2d Dept. 2008)....................................10

Block v. First Blood Assocs.,
988 F.2d 344 (2d Cir. 1993)...........................................................................................11

Castro v. East End Plastic, Reconstructive & Hand Surgery, P.C.,
47 A.D.3d 608, 850 N.Y.S.2d 483 (App. Div., 2d Dept., 2008).....................................2

Cresswell v. Sullivan & Cromwell,
922 F.2d 60 (2d Cir. 1990).............................................................................................11

Curiano v. Suozzi,
63 N.Y.2d 112, 469 N.E.2d 1324, 489 N.Y.S.2d 466 (1984)........................................10

Dubois v. Bedford-Flatbush Chiropratic, P.C.,
Docket No. 18-CV-04416 (LDH) (LB),
2020 U.S. Dist. LEXIS 166804, 2020 WL 5502384
(E.D.N.Y. Sept. 11, 2020) (U.S.D.J. Hall).................................................................3-4

Engel v. CBS, Inc.,
93 N.Y.2d 195, 711 N.E.2d 626, 689 N.Y.S.2d 411 (1999).................................2, 3, 7

Goldman v. Citicore I, LLC,
149 A.D.3d 1042, 53 N.Y.S.3d 142 (App. Div., 2d Dept., 2018)..........................9-10, 10

**Cases**

Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.,
206 F. Supp. 3d 869, 911 (S.D.N.Y. 2016)..................................................................................4

Hudson Val. Mar., Inc. v. Town of Cortlandt,
79 A.D.3d 700, 912 N.Y.S.2d 623 (App. Div., 2d Dept., 2010).....................................................2

IBEW Local Union No. 58 Pension Trust Fund &
Annuity Fund v. Royal Bank of Scot. Grp.,
783 F.3d 383 (2d Cir. 2015)..........................................................................................................1

Joglo Realties, Inc. v. Marionovsky,
Index No. 20502/13, 2015 N.Y. Misc. LEXIS 1602,
2015 NY Slip Op 30754(U)
(Sup. Ct., Kings Cty., May 7, 2015) (J. Partnow).........................................................................2

Levin v. Epshteyn,
Index Nos. 503842/2012, 2814-2824, 43 Misc. 3d 1211(A),
990 N.Y.S.2d 438, 2014 N.Y. Misc. LEXIS 1644,
2014 NY Slip Op 50573(U), 2014 WL 1408523
(Sup. Ct., Kings Cty., Apr. 4, 2014) (J. Schmidt)..........................................................................3

Muro-Light v. Farley,
95 A.D.3d 846, 944 N.Y.S.2d 571 (App. Div. 2d Dept. 2012).....................................................10

New Hampshire Ins. Co. v. Total Tool Supply, Inc.,
621 F. Supp. 2d 121 (S.D.N.Y. 2009).........................................................................................11

Prophete v. Acevedo-Smith,
Docket No. 19-cv-3466 (KAM),
2025 U.S. Dist. LEXIS 68030, 2025 WL 1070228
(E.D.N.Y. Apr. 9, 2025) (D.J. Matsumoto)..................................................................................11

Reszka v. Collins,
136 A.D.3d 1299, 25 N.Y.S.3d 457 (App. Div. 4th Dept. 2016).................................................10

Stewart v. Fein Such & Crain, LLP,
236 A.D.3d 959, 231 N.Y.S.3d 170 (App. Div., 2d Dept., 2025).................................................2

Syllman v. Nissan,
18 A.D.3d 221, 794 N.Y.S.2d 351 (App. Div., 1st Dept., 2005)............................................4, 10

                                                                                           **Page(s)**

**Cases**

Tray Wrap, Inc. v. Pac. Tomato Growers Ltd,
Index No. 26782/03, 18 Misc. 3d 1122(A), 856 N.Y.S.2d 503,
2008 N.Y. Misc. LEXIS 223
(Sup. Ct. Bronx Cty. Jan. 25, 2008) (J. Roman)..................................................................3

Wilhelmina Models, Inc. v. Fleisher,
19 A.D.3d 267, 797 N.Y.S.2d 83 (App. Div., 1st Dept., 2005).........................................2

**Statutes**

Fed. R. Civ. P. § 12(b)(6)..............................................................................................1, 3

## INTRODUCTION

Plaintiff Jeantov Hercsky submits this Memorandum of Law in opposition to Defendant Jacqueline Evans' motion for leave to amend her Answer to add several Counterclaims.

## ARGUMENT

I. **Defendant's Proposed Additions of Counterclaims Should Be Denied Because the Counterclaims Fail to State Causes of Action**

Leave to amend should be denied where the proposed amendment(s) would be futile. *See* IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scot. Grp., 783 F.3d 383, 389 (2d Cir. 2015); Anderson News, L.L.C. v. Am. Media, Inc., 680 F.3d 162, 185-186 (2d Cir. 2012). An amendment is futile if the proposed claim/counterclaim fails to state a claim under Fed. R. Civ. P. § 12(b)(6). *See id.*

Defendant seeks to add three counterclaims - one that she purports to be for malicious prosecution based on Plaintiff's filing of a number of petitions against her in Family Court that were dismissed; one that she purports to be for malicious prosecution based on the filing of this federal action, as well as the filing of a Family Court petition that was dismissed; and one that she purports to be for abuse of process based on the filing of this federal action, as well as the filing of a number of petitions against her in Family Court. *See Exhibit C to the Declaration of Kathy A. Polias, Attorney-at-Law, Attorney for Plaintiff, In Opposition to Defendant Jacqueline Evans' Motion for Leave to Amend Her Answer to Add Counterclaims (hereinafter "Polias Decl."), Defendant's proposed Counterclaims.* None of these proposed Counterclaims adequately plead causes of action for malicious prosecution or abuse of process.

(A) <u>The First Cause of Action/Counterclaim Fails to State A Cause of Action Action for Malicious Prosecution, As Defendant Supports It With Only Conclusory Allegations and Defendant Does Not Allege A "Special Injury", An Essential Element of a Claim/Counterclaim for Malicious Prosecution of a Civil Action/Proceeding</u>

1

Defendant's proposed First Cause of Action alleges malicious prosecution of various Family Court proceedings, which are civil proceedings. *See Polias Decl., Ex. C, Defendant's proposed Counterclaims, paras. 18-25.*

To state a claim/counterclaim for malicious prosecution of a civil action/proceeding, a defendant must plead that: the plaintiff initiated or prosecuted an action or proceeding against him/her that terminated in the defendant's favor, that was entirely lacking in probable cause, and that was motivated by malice; and that said initiation/prosecution caused the defendant a "special injury". See Engel v. CBS, Inc., 93 N.Y.2d 195, 201-206, 711 N.E.2d 626, 689 N.Y.S.2d 411 (1999); 347 Cent. Park Assoc., LLC v. Pine Top Assoc., LLC, 144 A.D.3d 785, 785-786, 41 N.Y.S.3d 99 (App. Div., 2d Dept., 2016); Hudson Val. Mar., Inc. v. Town of Cortlandt, 79 A.D.3d 700, 702-703, 912 N.Y.S.2d 623 (App. Div., 2d Dept., 2010); Castro v. East End Plastic, Reconstructive & Hand Surgery, P.C., 47 A.D.3d 608, 609, 850 N.Y.S.2d 483 (App. Div., 2d Dept., 2008); Wilhelmina Models, Inc. v. Fleisher, 19 A.D.3d 267, 269, 797 N.Y.S.2d 83 (App. Div., 1st Dept., 2005).

In Engel, the New York State Court of Appeals defined a "special injury" as "some concrete harm that is considerably more cumbersome than the physical, psychological or financial demands of defending a lawsuit". Engel, 93 N.Y.2d at 205. An example of such concrete harm or special injury that has been commonly cited by New York Courts has been interference with person or property because of resort to a provisional remedy, such as arrest, attachment, injunction, receivership, or notice of pendency. *See eg.,* Stewart v. Fein Such & Crain, LLP, 236 A.D.3d 959, 963, 231 N.Y.S.3d 170 (App. Div., 2d Dept., 2025); Joglo Realties, Inc. v. Marionovsky, Index No. 20502/13, 2015 N.Y. Misc. LEXIS 1602, *35, 2015 NY Slip Op 30754(U) (Sup. Ct., Kings Cty., May 7, 2015) (J. Partnow); Bass Oil & Chemicals LLC v. Bass,

Index No. 503134/2013, 43 Misc. 3d 1217(A), 988 N.Y.S.2d 521, 2014 N.Y. Misc. LEXIS 1905, ***23-24, 2014 NY Slip Op 50684(U), 2014 WL 1686943 (Sup. Ct., Kings Cty., Apr. 28, 2014) (J. Demarest); Levin v. Epshteyn, Index Nos. 503842/2012, 2814-2824, 43 Misc. 3d 1211(A), 990 N.Y.S.2d 438, 2014 N.Y. Misc. LEXIS 1644, ***28-29, 2014 NY Slip Op 50573(U), 2014 WL 1408523 (Sup. Ct., Kings Cty., Apr. 4, 2014) (J. Schmidt); Tray Wrap, Inc. v. Pac. Tomato Growers Ltd, Index No. 26782/03, 18 Misc. 3d 1122(A), 856 N.Y.S.2d 503, 2008 N.Y. Misc. LEXIS 223, ***32-33 (Sup. Ct. Bronx Cty. Jan. 25, 2008) (J. Roman).

Nowhere in Defendant's proposed Counterclaims does Defendant allege that she sustained a special injury as a result of Plaintiff's initiation and prosecution of the Family Court proceedings. *See generally, Polias Decl., Ex. C, Defendant's proposed Counterclaims.* The only injuries that Defendant alleges are financial depletion/distress, consumption of her time, and emotional, mental, and physical distress. *See Polias Decl., Ex. C, Defendant's proposed Counterclaims, paras. 15, 17, and 25.* These are exactly the types of injuries that the New York State Court of Appeals stated in Engel do not qualify as "special injuries". *See* Engel, 93 N.Y.2d at 205. Instead, these types of injuries are the usual effects or consequences of being named as the respondent/defendant in a civil proceeding/action.

In addition to failing to allege a "special injury", a key element of a claim/counterclaim for malicious prosecution of a civil proceeding/action, Defendant makes only conclusory allegations to plead the other elements of her malicious prosecution claim/counterclaim. As stated above, an amendment is considered futile if it fails to state a claim under Fed. R. Civ. P. § 12(b)(6), and conclusory allegations are insufficient to state a claim under FRCP § 12(b)(6). *See eg.,* Dubois v. Bedford-Flatbush Chiropratic, P.C., Docket No. 18-CV-04416 (LDH) (LB), 2020 U.S. Dist. LEXIS 166804, *6, 2020 WL 5502384 (E.D.N.Y. Sept. 11, 2020) (U.S.D.J. Hall)

3

("Conclusory allegations are insufficient to survive dismissal"); Gym Door Repairs, Inc. v. Young Equip. Sales, Inc., 206 F. Supp. 3d 869, 911 (S.D.N.Y. 2016) ("Conclusory allegations are insufficient to survive a motion to dismiss").

The conclusory allegations that Defendant makes in support of her First Cause of Action/Counterclaim are as follows.

She alleges that in 2017, Plaintiff: "filed for sole custody of [the parties'] child claiming excessive corporal punishment; "knowingly, and maliciously made grossly false and defamatory allegations", and "proceeded to file numerous violation and family offense petitions alleging excessive corporal punishment, parental alienation, failure to follow a court order, and inability to pay child support." *See Polias Decl., Ex. C, Defendant's proposed Counterclaims, para. 7*. Defendant fails to plead: the specific allegations made by Plaintiff in the Family Court petitions that were false, defamatory, and/or malicious; and the ways in which they were false, defamatory, and/or malicious. Furthermore, Defendant fails to plead when these petitions were terminated, which is significant because common law malicious prosecution claims only have a one-year statute of limitations and that one-year statute of limitations begins to run when the underlying proceeding/action is terminated. *See* 347 Cent. Park Assocs., LLC v. Pine Top Assocs., LLC, 83 A.D.3d 689, 690-691, 919 N.Y.S.2d 892 (App. Div., 2d Dept., 2011); Syllman v. Nissan, 18 A.D.3d 221, 222, 794 N.Y.S.2d 351 (App. Div., 1st Dept., 2005).

Furthermore, Defendant alleges that in or about 2019: "Hercsky filed at least 6 petitions against Evans", in which "Hercsky, knowingly, and maliciously made grossly false and defamatory allegations"; and Hercsky "filed numerous violation and family offense petitions alleging parental alienation and failure to follow a court order to the Suffolk County Family Court against Evans." *See Polias Decl., Ex. C, Defendant's proposed Counterclaims, para. 8*.

Again, Defendant fails to plead: the specific allegations made by Plaintiff in those six petitions that were malicious, false, and/or defamatory; the ways in which those allegations were false, defamatory, and/or malicious; and when those six petitions were terminated.

Defendant further alleges that in or about 2020: "Hercsky filed at least 10 petitions against Evans", in which "Hercsky, knowingly, and maliciously made grossly false and defamatory allegations"; and Hercsky "filed numerous violation and family offense petitions alleging inability to pay child support, parental alienation and failure to follow a court order to the Suffolk County Family Court against Evans." *See Polias Decl., Ex. C, Defendant's proposed Counterclaims, para. 9.* Yet again, Defendant fails to plead: the specific allegations made by Plaintiff in those petitions that were malicious, false, and/or defamatory; the ways in which those allegations were malicious, false, and/or defamatory; and when those petitions were terminated.

Defendant then alleges that in or about 2021: "Hercsky filed at least 1 petitions [*sic*] against Evans" in which "Hercsky, knowingly, and maliciously made grossly false and defamatory allegations"; and Hercsky "filed numerous violation and family offense petitions alleging and inability to pay child support to the Suffolk County Family Court against Evans." *See Polias Decl., Ex. C, Defendant's proposed Counterclaims, para. 10.* Defendant again fails to plead: the specific allegations made by Plaintiff in those petitions that were malicious, false, and/or defamatory; the ways in which those allegations were malicious, false, and/or defamatory; and when those petitions were terminated.

Then, Defendant alleges that in or about 2022: "Hercsky filed at least 2 petitions against Evans" in which "Hercsky, knowingly, and maliciously made grossly false and defamatory allegations"; and Hercsky "filed numerous violation and family offense petitions alleging parental alienation and failure to follow a court order to the Suffolk County Family Court against

5

Evans". *See Polias Decl., Ex. C, Defendant's proposed Counterclaims, para. 11.* Defendant again fails to plead the specific allegations made by Plaintiff in those petitions that were malicious, false, and/or defamatory, the ways in which those allegations were malicious, false, and/or defamatory, and when those petitions were terminated.

Then, Defendant alleges that in or about 2023: "Hercsky filed at least 8 petitions against Evans" in which "Hercsky, knowingly, and maliciously made grossly false and defamatory allegations"; and Hercsky "filed numerous violation and family offense petitions alleging parental alienation and failure to follow a court order to the Suffolk County Family Court against Evans." *See Polias Decl., Ex. C, Defendant's proposed Counterclaims, para. 12.* Defendant again fails to plead: the specific allegations made by Plaintiff in those petitions that were malicious, false, and/or defamatory; the ways in which those allegations were malicious, false, and/or defamatory; and when those petitions were terminated.

Finally, Defendant alleges that in or about 2024: "Hercsky filed at least 7 petitions against Evans" in which "Hercsky, knowingly, and maliciously made grossly false and defamatory allegations"; and Hercsky "filed numerous violation and family offense petitions alleging and inability to pay child support, parental alienation and failure to follow a court order to the Suffolk County Family Court against Evans". *See Polias Decl., Ex. C, Defendant's proposed Counterclaims, para. 13.* Defendant again fails to plead: the specific allegations made by Plaintiff in those petitions that were malicious, false, and/or defamatory; the ways in which those allegations were malicious, false, and/or defamatory; and when those petitions were terminated.

  (B) <u>The Second Cause of Action/Counterclaim Fails to State A Cause of Action Action for Malicious Prosecution, As It Is Based On the Institution and Prosecution of the Instant Action, Which Has Not Been Terminated Yet, and On the Institution and Prosecution of a Custody Modification Proceeding, With</u>

Respect to Which Only Conclusory Allegations Are Made and For Which No "Special Injury" Is Alleged

Defendant's proposed Second Cause of Action/Counterclaim alleges malicious prosecution of the instant federal action and malicious prosecution of a custody modification proceeding in Family Court, both of which are civil proceedings/actions. *See Polias Decl., Ex. C, Defendant's proposed Counterclaims, paras. 26-34.*

The instant federal action cannot be a basis for a claim/counterclaim for malicious prosecution of a civil action/proceeding because it has not been terminated yet. It is still pending, and as stated above, one of the required elements of a claim/counterclaim for malicious prosecution of a civil action/proceeding is termination of the action/proceeding in the claimant's favor. Furthermore, Defendant pleads the malice element in a conclusory fashion, for Defendant only states that "[o]n or about July 14, 2017, Plaintiff maliciously filed this Federal complaint". *See Polias Decl., Ex. C, Defendant's proposed Counterclaims, para. 27.* Defendant does not allege how doing so was malicious. In addition, Defendant does not allege that she sustained a "special injury" as a result of the initiation and prosecution of this federal action. The only injuries that she alleges she has suffered as a result of this federal action have been that she has had to appear in Court many times, she has had to spend a great deal of money to defend herself, she has lost income from missing work to attend the Court appearances, and she has suffered great emotional, mental, physical, and financial distress. *See Polias Decl., Ex. C, Defendant's proposed Counterclaims, para. 34.* As stated above, these are exactly the types of injuries that the New York State Court of Appeals stated in Engel do not constitute "special injuries". See Engel, 93 N.Y.2d at 205.

With respect to the branch of the cause of action/counterclaim based on the initiation and prosecution of the custody modification proceeding, Defendant only makes conclusory

7

allegations regarding the lack of probable cause and the malicious motive.  She alleges that: "[o]n November 13, 2017, Hercsky filed for sole custody of [the parties'] child claiming excessive corporal punishment"; that "Hercsky also petitioned the Family court for the removal of [their] child from [her] home" which was not granted; that "Hercsky appeared at many court appearances with Guzzi, and she testified on his behalf in the Child Custody Trial"; that "[a]fter a 6 year long trial, [Defendant] was awarded sole custody of [the parties'] child with a schedule of parenting time to Hercsky"; that "[s]ince beginning this federal action against [Defendant], Hercsky has continued maliciously making allegations, knowing that they were completely false and fabricated and that there was no probable or reasonable cause for petitions to be filed"; and that "Hercsky maliciously prosecuted Evans:  to retaliate against Evans and hurt Evans because he and Evans share a child in common, Hercsky and Evans had had disputes and disagreements in their relationship; and for the collateral purpose of gaining an advantage, and painting Evans in a bad light in, child custody proceedings Suffolk County Family Court, with respect to their shared son." *See Polias Decl., Ex. C, Defendant's proposed Counterclaims, paras. 27-32.*  Defendant fails to plead:  the specific allegations made by Plaintiff in the custody modification proceeding that were malicious, false, and/or fabricated; and the ways in which they were malicious, false, and/or fabricated.  Defendant also fails to plead the ways in which the custody modification petition lacked probable cause.

Also with respect to the branch of the cause of action/counterclaim based on the initiation and prosecution of the custody modification proceeding, Defendant does not specifically plead when it was terminated in her favor.  She alleges that "[t]he Family Court proceedings were terminated/dismissed in Evans [*sic*] favor in 2023, and 2025" (*see Polias Decl., Ex. C, Defendant's proposed Counterclaims, para. 33*), but it is unclear in which of those years the

8

custody modification proceeding was terminated, what other Family Court proceedings she is referring to, and which of those years those other Family Court proceedings were terminated. If the custody modification proceeding was terminated in 2023, the statute of limitations for bringing a malicious prosecution claim based on the custody modification proceeding would have run in 2024 because the statute of limitations is only one year from the date of termination.

Finally with respect to the branch of the cause of action/counterclaim based on the initiation and prosecution of the custody modification proceeding, Defendant fails to allege a "special injury". The only injuries that she alleges that she suffered as a result of the custody modification proceeding were that she had to appear in Court many times, she had to spend a great deal of money to defend herself, she lost income from missing work to attend the Court appearances, and she suffered great emotional, mental, physical, and financial distress. *See Polias Decl., Ex. C, Defendant's proposed Counterclaims, para. 34.* Again, as explained above, these are exactly the types of injuries that the New York State Court of Appeals stated in Engel did not amount to "special injuries". *See* Engel, 93 N.Y.2d at 205.

    (C)    <u>The Third Cause of Action/Counterclaim Fails to State a Cause of Action for Abuse of Process Because the Institution of A Civil Action/Proceeding By Summons and Complaint/Petition Does Not Give Rise to a Claim for Malicious Abuse of Process</u>

Defendant's proposed Third Cause of Action/Counterclaim alleges abuse of process through the initiation and prosecution of the instant federal action and the Family Court proceedings.

"The three essential elements of the tort of abuse [of process] are (1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective." Goldman v. Citicore I, LLC, 149 A.D.3d 1042, 1044, 53 N.Y.S.3d 142 (App. Div., 2d Dept., 2018) (internal quotations

9

omitted). "The gist of the tort is the improper use of process after it is issued by an unlawful interference with one's person or property." *Id.*

The only process that Defendant alleges in her proposed Counterclaims is the institution of this federal action and of numerous Family Court proceedings by summons and complaint, by or summons and petition. However, "[t]he institution of a civil action by summons and complaint will not give rise to a claim to recover damages for abuse of process, as doing so is not legally considered the type of process capable of being abused." Muro-Light v. Farley, 95 A.D.3d 846, 847, 944 N.Y.S.2d 571 (App. Div. 2d Dept. 2012). *See also,* Curiano v. Suozzi, 63 N.Y.2d 112, 116-117, 469 N.E.2d 1324, 489 N.Y.S.2d 466 (1984); Goldman v. Citicore I, LLC, 149 A.D.3d 1042, 1044-1045, 53 N.Y.S.3d 142 (App. Div., 2d Dept., 2018); Reszka v. Collins, 136 A.D.3d 1299, 1301, 25 N.Y.S.3d 457 (App. Div. 4th Dept. 2016); Syllman v. Nissan, 18 A.D.3d 221, 222, 794 N.Y.S.2d 351 (App. Div. 1st Dept. 2005).

In Curiano, the New York State Court of Appeals held that "[i]nsofar as the only process issued in the [underlying] action was a summons, the process necessary to obtain jurisdiction and begin the lawsuit, there was no unlawful interference with plaintiffs' persons or property because the institution of a civil action by summons and complaint is not legally considered process capable of being abused." Curiano, 63 N.Y.2d at 116-117.

Furthermore, Defendant does not plead when each of the Family Court proceedings was terminated, which is significant because the statute of limitations for an abuse of process claim is one year from the termination of the underlying proceeding. *See* Benyo v. Sikorjak, 50 A.D.3d 1074, 1077, 858 N.Y.S.2d 215 (App. Div. 2d Dept. 2008).

**II.** **Defendant's Proposed Addition of Counterclaims Should Also Be Denied Because Defendant Has Exercised Inordinate Delay In Seeking These Amendments, She Has Not Offered Any Explanation for the Delay, and the Amendments Would Prejudice Plaintiff**

"It is well settled…that a 'court plainly has discretion…to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the [other party].'" Prophete v. Acevedo-Smith, Docket No. 19-cv-3466 (KAM), 2025 U.S. Dist. LEXIS 68030, *5, 2025 WL 1070228 (E.D.N.Y. Apr. 9, 2025) (D.J. Matsumoto) [*quoting* Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990) (citation omitted)].

Furthermore, "'the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice.'" Prophete, 2025 U.S. Dist. LEXIS at *6 [*quoting* Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993)]. With respect to prejudice, "'[p]rejudice may be found, for example, when the amendment is sought after discovery has been closed'". Prophete, 2025 U.S. Dist. LEXIS at *6 [*quoting* New Hampshire Ins. Co. v. Total Tool Supply, Inc., 621 F. Supp. 2d 121, 123 (S.D.N.Y. 2009) (citation omitted)].

Defendant has exercised inordinate delay in seeking to add these counterclaims, as she seeks to add them around seven years and ten months after this action was commenced on July 14, 2017 (*see Polias Decl., Ex. A*), more than five years, three months after she filed her initial Answer on January 27, 2020 (*see Polias Decl., Ex. B*), and more than seventeen months after discovery closed on December 15, 2023 (*see ECF Docket Report, Court's Order on 12/4/2023*).

Furthermore, Defendant has not offered any explanation for the delay.

Finally, the amendments would prejudice Plaintiff, as they are being sought long after the close of discovery and would require the reopening of discovery at a time when the Court and the parties were preparing for the trial of this action.

## **CONCLUSION**

Based on the above facts and arguments, several of Defendant's motion should be denied.

Dated:  June 23, 2025

>                 /s/
> Kathy A. Polias (KP-9025)
> Attorney-at-Law
> *Attorney for Plaintiff Jeantov*
>         *Hercsky*
> 68 Jay Street, Suite 201
> Brooklyn, NY 11201
> Tel. No.:  718-808-3452
> Fax No.:  718-795-1620
> E-mail:  [kathypoliasesq@gmail.com](mailto:kathypoliasesq@gmail.com)

Certification of Word Count

        I certify pursuant to Local Civil Rule 7.1(c) that the foregoing Memorandum was prepared on a computer using Google Documents, to the following specifications.

        Name of Typeface: Times New Roman, a proportionally spaced typeface.

        Point Size: 12

        Line Spacing: Double

        Word Count:  The total number of words in the Memorandum, inclusive of point headings and footnotes, and exclusive of the signature block, pages containing tables of contents and authorities, the cover page, the caption, and this Statement is 3,666 and therefore complies with the word count limit set forth in Local Civil Rule 7.1(c)

Dated:  June 23, 2025

                                                         _____/s/_____
                                                         Kathy A. Polias (KP-9025)
                                                         Attorney-at-Law
                                                         *Attorney for Plaintiff Jeantov Hercsky*
                                                         Brooklyn, NY 11201
                                                         Tel. No.:  718-808-3452
                                                         Fax No.:  718-795-1620
                                                         E-mail:  kathypoliasesq@gmail.com