UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x          Docket No.:  17-CV-4199

JEANTOV HERCSKY,                                                                                      (JMA) (LGD)

Plaintiff,

-against-                                                        **JOINT PRE-TRIAL**
                                                                              **ORDER**

JACQUELINE EVANS,

Defendants.

-----------------------------------------------------------------------x

      The parties in the above-captioned action, having conferred among themselves, hereby submit the following proposed Joint Pretrial Order, pursuant to the Individual Rules of The Honorable Lee G. Dunst:

1.     <u>**The full caption of the action.**</u>

      The full caption of the action is set forth above.  The parties have listed only the remaining Defendant, i.e. Jacqueline Evans.  Sharyn Guzzi (a/k/a Sharyn Evans Guzzi and Sharyn Evans) has been dismissed from this action.

2.     <u>**The names, addresses (including firm names), and telephone and fax numbers of trial counsel.**</u>

      (a)     <u>**Attorney for Plaintiff Jeantov Hercsky**</u>:

      Michael John Alber, Esq.
      Leon Jacobson, Esq.
      Lawrence Katz, Esq.
      The Alber Firm, P.C.
      21 Walt Whitman Road
      Huntington Station, NY 11746
      Tel: (631) 333-1600
      Email:  info@alberlegal.com

      Kathy A. Polias, Attorney-at-Law (representing Plaintiff in pre-trial matters)
      68 Jay Street, Suite 201
      Brooklyn, NY 11201
      Tel. No.:  718-808-3452
      Fax Number:  718-795-1620

E-mail:  kathypoliasesq@gmail.com

**(b)**     **Defendant Jacqueline Evans, *pro se***

Jacqueline Evans
289 Central Islip Boulevard
Ronkonkoma, NY 11779
Tel. No.:  516-780-5043
E-mail:  ms.jacquelineevans@gmail.com

**3.**     **A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.**

Plaintiff seeks a trial by jury and avers that the number of trial days needed is five

days.  Defendant agrees that the number of trial days needed is five days.

**4**.     **A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matters, but including citations to all statutes relied on.  The parties shall identify all claims and defenses previously asserted which are  not to be tried.**

**(a)**     **Plaintiff's Summary**

Plaintiff Jeantov Hercsky will try the following claims against Defendant

Jacqueline Evans, which have not been voluntarily withdrawn by Plaintiff or

settled by Plaintiff:  malicious prosecution, in violation of common law (Second

and Third Causes of Action in Amended Complaint); and abuse of process in

violation of common law (Fifth and Sixth Causes of Action in Amended

Complaint).

Plaintiff Jeantov Hercsky will not try the following claims against

Defendant Jacqueline Evans, which have been voluntarily withdrawn by Plaintiff:

false arrest and imprisonment (Eighth and Ninth Causes of Action in Amended

Complaint); defamation (Eleventh and Twelfth Causes of Action in Amended

Complaint); aiding and abetting (Fourteenth Cause of Action in Amended

2

Complaint); and conspiracy to commit tortious acts (the second "Fourteenth Cause of Action in Amended Complaint").

Plaintiff Jeantov Hercsky will not try any of the following claims asserted in the Amended Complaint against Sharyn Guzzi as Plaintiff has already settled with and dismissed the action against Sharyn Guzzi: malicious prosecution (First Cause of Action in Amended Complaint); abuse of process (Fourth Cause of Action in Amended Complaint); false arrest and imprisonment (Seventh Cause of Action in Amended Complaint); defamation (Tenth Cause of Action in Amended Complaint); aiding and abetting (Thirteenth Cause of Action in Amended Complaint); and conspiracy to commit tortious acts (Fifteenth Cause of Action in Amended Complaint).

**(b)** <u>**Defendant's Summary**</u>

Defendant intends to raise the defenses of Probable Cause, Lack of Malice and Privilege.

**5.** <u>**Any stipulations of fact or law that have been agreed to by the parties.**</u>

The parties stipulate to the following facts:

i.      The parties share a minor son.

ii.     Defendant Jacqueline Evans filed a petition/proceeding against Plaintiff for sole legal and physical custody of the parties' child on December 29, 2014 in the Suffolk County Family Court. At the time, the child was less than one year old.

iii.    Plaintiff filed a petition/proceeding against Defendant for sole physical and legal custody of the parties' child on January 7, 2015

in the Suffolk County Family Court.  At the time, the child was less than one year old.

6.    **A statement regarding damages and other relief sought.**

(a)    **Plaintiff's Statement**

Plaintiff seeks:  general and compensatory damages for loss of freedom and emotional and mental distress; specific damages for monies spent by Plaintiff on attorney's fees and costs/disbursements to defend himself in the criminal proceedings that resulted from Defendant's false complaints against him; specific damages for monies spent by Plaintiff on transportation between his home and the District Court of Suffolk County, First District Court to attend the Court appearances in the criminal proceedings; and the costs of this federal action.

(b)    **Defendant's Statement**

There are no damages.  Defendant will challenge Plaintiffs entitlement to any damages.

7.    **A brief statement by plaintiff as to the basis of subject matter jurisdiction and a brief statement by each other party as to the presence or absence of subject matter jurisdiction.  Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.**

(a)    **Plaintiff's Statement**

The source of subject matter jurisdiction in this case is diversity jurisdiction pursuant to 28 U.S.C. Sec. 1332, as the Plaintiff is domiciled in a different state than Defendant Jacqueline Evans and the amount in controversy exceeds the sum or value of $75,000.00.  Plaintiff is domiciled in the State of New Jersey and Defendant is domiciled in the State of New York.

(b)    **Defendant's Statement**

The Defendant reserves their right challenge the basis of subject matter

jurisdiction due to retaliative nature of this action.

8.    **Names of all witnesses (fact and expert), together with a brief narrative statement of the expected testimony of each witness and an indication whether the witness will testify in person or by deposition. Only listed witnesses will be permitted to testify except when prompt notice has been given and good cause shown.**

(a)    **Witnesses To Be Called By Plaintiff**

(i)    **Plaintiff Jeantov Hercsky (in person)**
Expected Testimony:  Plaintiff will give testimony regarding all of his claims and allegations against Defendant Jacqueline Evans.

(ii)    **Defendant Jacqueline Evans (in person)**
Expected Testimony:  Defendant Jacqueline Evans is expected to give testimony regarding Plaintiff's claims and allegations against her in this action.

(iii)    **Yaffa Sarn (in person)**
Expected Testimony:  Defendant Jacqueline Evans alleged/reported to the Suffolk County Police Department on May 27, 2015 that on May 22, 2015, Yaffa Sarn, who is Plaintiff's mother, had called her numerous times and stated to her during one of those conversations "Jeantov wanted me to call you and tell you this isn't over yet!"  Defendant Jacqueline Evans further alleged to the police that she had asked Ms. Sarn if Mr. Hercsky had told her to call, that Ms. Sarn had said, "Yes", and that by doing so, Mr. Hercsky had violated the Order of Protection that was in place and that stated that he was not allowed to have third-party contact with Defendant Jacqueline Evans.  Defendant Evans' report led to Plaintiff's arrest in May 2015 and subsequent criminal prosecution.  Ms. Sarn is expected to testify that she did not make the alleged statements to Defendant Evans and that she accidentally dialed Ms. Evans' phone number.

(iv)    **Detective Brian Draiss of the Fourth Precinct, Suffolk County Police Department (in person)**
Expected Testimony:  Detective Draiss is expected to testify that on February 1, 2015, Defendant Jacqueline Evans reported/alleged to the Fourth Precinct that Plaintiff had called her that day and that during the call, he had threatened to kill her and had made other statements to her. Detective Draiss is further expected to testify that as a result of Defendant Evans' allegations, the Fourth Precinct arrested Plaintiff on February 9, 2015, charged him with crimes, and filed a Felony Complaint and

Misdemeanor Information with the District Court of Suffolk County, First District Court to commence a criminal proceeding against Plaintiff.

(v) **Police Officer John Paul O'Connor of the Fourth Precinct, Suffolk County Police Department (in person)**

<u>Expected Testimony</u>: Police Officer John Paul O'Connor is expected to testify that on May 27, 2015, Defendant Jacqueline Evans alleged/reported to the Fourth Precinct that Plaintiff had violated an Order of Protection in effect by having his mother, Yaffa Sarn, call Defendant Evans numerous times on May 22, 2015 and threaten Defendant Evans on Plaintiff's behalf. Police Officer O'Connor is further expected to testify that as a result of Defendant Evans' allegations, the Fourth Precinct arrested Plaintiff on May 27, 2015, charged him with crimes, and filed a Misdemeanor Information with the District Court of Suffolk County, First District Court to commence a criminal proceeding against him.

(vi) **Nicole Gallo, former Assistant District Attorney in the Suffolk County District Attorney's Office (in person)**

<u>Expected Testimony</u>: Former Assistant District Attorney Nicole Gallo is expected to testify that the Suffolk County District Attorney's Office prosecuted Plaintiff in 2015, 2016, and 2017 based on the complaint/allegations made by Defendant against him on February 1, 2015, and prosecuted Plaintiff in 2015 and 2016 based on the complaint/allegations made by Defendant against him on May 27, 2015.

(vii) **Dan Arev (in person)**

<u>Expected Testimony</u>: Mr. Arev, who is Plaintiff's cousin, is expected to testify regarding the emotional and mental distress that Plaintiff sustained as a result of Defendant's malicious prosecution of him and abuse of process against him.

(viii) **Morris Shamuil, Esq. of the Law Offices of Morris Shamuil (in person)**

<u>Expected Testimony</u>: Mr. Shamuil, who was Plaintiff's first criminal defense attorney, in the criminal cases that resulted from Defendant Evans' complaints/allegations against Plaintiff, is expected to testify regarding the attorney's fees paid to him by Plaintiff to defend him in the cases and the monies spent by Plaintiff on costs and disbursements.

(ix) **Stuart Austin, Esq. of Austin Law Associates, P.C. (in person)**

<u>Expected Testimony</u>: Mr. Austin, who was Plaintiff's second criminal defense attorney in the criminal cases that resulted from Defendant Evans' complaints/allegations against Plaintiff, is expected to testify regarding the attorney's fees paid to him by Plaintiff to defend him in the cases and the monies spent by Plaintiff on costs and disbursements.

**(x)    Gregory Rabinowitz, Esq. (in person)**
<u>Expected Testimony</u>:  Mr. Rabinowitz represented Plaintiff in the custody proceedings between the parties in Suffolk County Family Court in 2015 and 2016.  Mr. Rabinowitz is expected to testify concerning the effects of Defendant Evans' criminal complaints/allegations against Plaintiff on the custody proceedings.

**(xi)    Sharyn Guzzi (in person)**
<u>Expected Testimony</u>:  Ms. Guzzi is expected to give testimony regarding Defendant Jacqueline Evans' history of making false allegations against individuals of criminal conduct.

**(xii)    Blaise Baumgarth (in person)**
<u>Expected Testimony</u>:  Mr. Baumgarth is expected to give testimony regarding Defendant Jacqueline Evans' history of making false allegations against individuals of criminal conduct.

**(xiii)    Ryan Lewis (in person)**
<u>Expected Testimony</u>:  Mr. Lewis is expected to give testimony regarding Defendant Jacqueline Evans' history of making false allegations against individuals of criminal conduct.

**(xiv)    Jennifer Guzzi Fuccillo**
<u>Expected Testimony</u>:  Ms. Guzzi Fuccillo is expected to give testimony regarding Defendant Jacqueline Evans' history of making false allegations against individuals of criminal conduct.

Plaintiff reserves the right to call additional witnesses for impeachment or rebuttal purposes (to the extent to which a rebuttal case is permitted).

**(b)    <u>Witnesses To Be Called By Defendant</u>**

**(i)    Plaintiff Jeantov Hercsky (in person)**
<u>Expected Testimony</u>: Plaintiff will give testimony regarding all of his claims and allegations against Defendant Jacqueline Evans.  Plaintiff is expected to testify regarding his current and past involvement in any additional legal proceedings where he has demanded monetary compensation or sought relief for emotional distress, and the-like.  In addition Plaintiff is expected to testify regarding all legal proceedings he has been named in, both currently and previously.

**(ii)    Defendant Jacqueline Evans (in person) Plaintiff Jeantov Hercsky (in person)**
<u>Expected Testimony</u>: Defendant Jacqueline Evans is expected to give testimony regarding Plaintiff's history of incessantly filing claims and

allegations against her, as well as Plaintiff's libelist and slanderous actions against the Defendant.

(iii)   **LaToya R.A. James, Esq.**
Expected Testimony: Mrs. James represented Defendant in the custody proceedings between the parties in Suffolk County Family Court. Mrs. James is expected to testify concerning the effects of Defendant Evans' criminal complaints/allegations against Plaintiff on the custody proceedings. In addition, Mrs. James is expected to testify to regarding the many court proceedings and petitions filed by Petitioner against Defendant Evans throughout the 6 years of proceedings she handled.

(iv)   **Nicole Gallo, former Assistant District Attorney in the Suffolk County District Attorney's Office (In Person)**
Expected Testimony: Former Assistant District Attorney Nicole Gallo is expected to testify that the Suffolk County District Attorney's Office prosecuted Plaintiff in 2015, 2016, and 2017. .

(v)   **Gregory Rabinowitz, Esq. (in Person)**
Expected Testimony: Mr. Rabinowitz represented Plaintiff in the custody proceedings between the parties in Suffolk County Family Court. Mr. Rabinowitz is expected to testify concerning his representation of Plaintiff, as well as his interactions with former Defendant Guzzi, and Vincent Trimarco Jr,. In addition, Mr. Rabinowitz is expected to testify as to his interaction with Defendant Evans.

(vi)   **Vincent Trimarco Jr., (In Person)**

Expected Testimony: Vincent Trimarco Jr., and Defendant Evans have a child in common and have had a contentious history of legal proceedings over the course of the last 18 years. For many years Plaintiff and Mr. Trimarco Jr. have collaborated with each other in their respective legal proceedings filed against Defendant Evans. Mr. Trimarco is expected to testify as to his relationship with Plaintiff and his roll in advising Plaintiff to file this action within the Federal Court, as well as additional legal proceedings filed against Defendant Evans'. Mr. Trimarco is also expected to testify as to his ongoing and current legal and consulting assistance he provides to Petitioner, former Defendant Guzzi and Gregory Rabinowitz as it relates to legal proceedings involving Defendant Guzzi.

(vii)   **Sharyn Guzzi (in person)**
Expected Testimony: Mrs. Guzzi is a former Defendant to this Complaint, she is also the mother of Defendant Evans. Former Defendant Guzzi is expected to testify as to the nature of her relationship with Plaintiff, Defendant Evans and Vincent Trimarco Jr.. As well as testimony regarding her roll in acting as a Witness on behalf of Plaintiff, and Mr. Trimarco, in their respective Trials for Custody of the Children they share in common with Defendant Evans. As well as other retaliative actions she

has taken against Defendant Evans, including threats that she has made related to contacting Plaintiff so she'd be removed from this complaint and cause Defendant Evans to loose custody of her children.

**(viii)**  **Dean Guzzi (in person)**
Expected Testimony: Mr. Guzzi is married to Former Defendant Sharyn Guzzi.  Mr Guzzi is expected to testify as to the retaliative actions he has taken against Defendant Evans with respect to this Federal Complaint.

**(ix)**  **William DePaolo (in person)**
Expected Testimony:  Mr. DePaolo is the boyfriend of the Defendant. Mr. DePaolo is expected to testify regarding repeated phone calls he has received from Yaffa Sarn.  He is expected to also testify regarding the Plaintiff's communication and contact with him, including text messages that he has received from Plaintiff.

**(x)**  **Yaffa Sarn (in person)**
Expected testimony:  Ms. Sarn is expected to testify to regarding phone calls she has made to Defendant, as well phone calls she has placed to Mr. DePaolo, and other witnesses listed above.  In addition she is expected to testify regarding other legal proceedings she and Plaintiff are named in, both currently and previously.

Defendant reserves the right to call additional witnesses for impeachment or

rebuttal purposes.

**9.**  **Schedule of exhibits to be offered in evidence by each party.  To the extent practicable, counsel should identify any anticipated objections to an opposing party's exhibits.  Exhibits admitted by stipulation are to be designated as such. Only exhibits listed shall be offered in evidence except when prompt notice has been given and good cause shown.**

**(a)**  **Plaintiff's Proposed Exhibits**

| Exhibit Number | Description | Basis for Objection by Defendant |
|---|---|---|
| 1 | The Suffolk County Police Department's certified response to the subpoena duces tecum served on it in 2020 in this action (Documents Bate-stamped PL 165 to PL 248). | FRE 403 (unfair prejudice, misleading) |

| 2 | The Suffolk County District Attorney's Office's certified response to the subpoena duces tecum served on it in 2020 in this action (Documents Bate-stamped PL 262 to PL 537). | FRE 403 (unfair prejudice, misleading) |
|---|---|---|
| 3 | Form produced by the Suffolk County Police Department relating to Defendant Evans' report against Plaintiff on February 1, 2015, entitled "Police Department, County of Suffolk, NY Accredited Law Enforcement Agency Statement Form" (Documents Bate-stamped PL 227 to PL 228). | FRE 403 (unfair prejudice, misleading) |
| 4 | Form produced by the Suffolk County Police Department relating to Defendant Evans' report against Plaintiff on February 1, 2015, entitled "Police Department, County of Suffolk, NY Incident Report Continuation" (Documents Bate-stamped PL 231 to PL 232). | FRE 403 (unfair prejudice, misleading) |
| 5 | Form produced by the Suffolk County Police Department relating to Defendant Evans' report against Plaintiff on February 1, 2015, entitled, "New York State Domestic Incident Report" (Documents Bate-stamped PL 235 to PL 238). | FRE 403 (unfair prejudice, misleading) |
| 6 | Form produced by the Suffolk County Police Department relating to Defendant Evans' report against Plaintiff on February 1, 2015, entitled, "Police Department, County of Suffolk, NY Accredited Law Enforcement Arrest Report" (Documents Bate-stamped PL 233 to PL 234). | FRE 403 (unfair prejudice, misleading) |
| 7 | Forms produced by the Suffolk County Police Department relating to Defendant Evans' report against Plaintiff on February 1, 2015, entitled "Police Department, County of Suffolk, NY Accredited Law Enforcement Agency Prisoner Activity Log" and "Prisoner Activity Log Continuation" (Documents Bate-stamped PL 243 to PL 246). | FRE 403 (unfair prejudice, misleading) |

| | | |
|---|---|---|
| 8 | Felony Complaint and Misdemeanor Information filed with the District Court of the County of Suffolk, First District Court, by Suffolk County Police Department Detective Brian Draiss in relation to Defendant's complaint against Plaintiff on February 1, 2015 (Documents Bate-stamped PL 267 to PL 270). | FRE 403 (unfair prejudice, misleading) |
| 9 | Prosecutor's Information filed by the Suffolk County District Attorney's Office with the District Court of the County of Suffolk, First District Court in connection with Defendant's report against Plaintiff on February 1, 2015 (Documents Bate-stamped PL 277 to PL 278). | FRE 403 (unfair prejudice, misleading) |
| 10 | Form produced by the Suffolk County Police Department relating to Defendant Evans' report against Plaintiff on May 27, 2015, entitled "Suffolk County Police Department Incident Report" (Documents Bate-stamped PL 213 to PL 214). | FRE 403 (unfair prejudice, misleading) |
| 11 | Form produced by the Suffolk County Police Department relating to Defendant Evans' report against Plaintiff on May 27, 2015, entitled, "Police Department County of Suffolk Incident Report Continuation" (Documents Bate-stamped PL 219 to PL 220). | FRE 403 (unfair prejudice, misleading) |
| 12 | Form produced by the Suffolk County Police Department relating to Defendant Evans' report against Plaintiff on May 27, 2015, entitled "New York State Domestic Incident Report" (Documents Bate-stamped PL 217 to PL 218). | FRE 403 (unfair prejudice, misleading) |
| 13 | Form from the Suffolk County Police Department relating to Defendant Evans' report against Plaintiff on May 27, 2015, entitled, "Police Department, County of Suffolk, NY Accredited Law Enforcement Agency Statement Form" (Document Bate-stamped PL 382). | FRE 403 (unfair prejudice, misleading) |

| 14 | Form produced by the Suffolk County Police Department relating to Defendant Evans' report against Plaintiff on May 27, 2015, entitled "Police Department County of Suffolk NY Accredited Law Enforcement Agency Arrest Report" (Documents Bate-stamped PL 221 to PL 222). | FRE 403 (unfair prejudice, misleading) |
|---|---|---|
| 15 | Form produced by the Suffolk County Police Department relating to Defendant Evans' report against Plaintiff on May 27, 2015, entitled "Police Department County of Suffolk, NY Accredited Law Enforcement Agency Prisoner Activity Log" (Documents Bate-stamped PL 223 to PL 226). | FRE 403 (unfair prejudice, misleading) |
| 16 | Form from the Suffolk County Police Department relating to Defendant Evans' report against Plaintiff on May 27, 2015, entitled "Police Department, County of Suffolk, NY, Accredited Law Enforcement Agency Prosecution Worksheet" (Document Bate-stamped PL 385). | FRE 403 (unfair prejudice, misleading) |
| 17 | Misdemeanor Information filed with the District Court of the County of Suffolk, First District Court, by Suffolk County Police Officer John Paul O'Connor in relation to Defendant's complaint against Plaintiff on May 27, 2015 (Document Bate-stamped PL 379). | FRE 403 (unfair prejudice, misleading) |
| 18 | Written statement by Defendant Jacqueline Evans, dated June 16, 2016 (Document Bate-stamped PL 22). | FRE 403 (unfair prejudice, misleading) |
| 19 | Order by District Court of the County of Suffolk, First District Court, dated July 18, 2016, dismissing the Information filed in relation to Defendant's complaint against Plaintiff on May 27, 2015 (produced by Plaintiff to Defendant by mail on November 7, 2023). | FRE 403 (unfair prejudice, misleading) |

| 20 | Certificate of Disposition issued by the District Court of the County of Suffolk, First District Court for the criminal case that resulted from Defendant's complaint against Plaintiff on February 1, 2015 (Document Bate-stamped PL 736). | FRE 403 (unfair prejudice, misleading) |
|---|---|---|
| 21 | Certificate of Disposition issued by the District Court of the County of Suffolk, First District Court for the criminal case that resulted from Defendant's complaint against Plaintiff on May 27, 2015 (Document Bate-stamped PL 735). | FRE 403 (unfair prejudice, misleading) |
| 22 | Printout from the District Court of the County of Suffolk, First District Court of Court appearances in the criminal case that resulted from Defendant's complaint against Plaintiff on February 1, 2015 (Documents Bate-stamped PL 1134 - 1136). | FRE 403 (unfair prejudice, misleading) |
| 23 | Printout from the District Court of the County of Suffolk, First District Court of Court appearances in the criminal case that resulted from Defendant's complaint against Plaintiff on May 27, 2015 (Documents Bate-stamped PL 1137 - 1138). | FRE 403 (unfair prejudice, misleading) |
| 24 | Documents from Morris Shamuil, Esq. related to his representation of Plaintiff in the criminal cases (Documents Bate-stamped PL 761 to PL 762). | FRE 403 (unfair prejudice, misleading) |
| 25 | Stuart Austin, Esq.'s certified response to the subpoena duces tecum served on him in 2020 (Documents Bate-stamped PL 655 to PL 661). | FRE 403 (unfair prejudice, misleading) |
| 26 | New Jersey Turnpike Authority's certified response to the subpoena duces tecum served on it in 2020 (Documents Bate-stamped PL 738 to PL 754) | FRE 403 (unfair prejudice, misleading) |

Plaintiff reserves his right to move additional exhibits into evidence for impeachment and rebuttal purposes (to the extent to which a rebuttal case is permitted). Plaintiff further reserves the right to move any of the exhibits listed in Defendant's Proposed Exhibits into evidence.

**(b)**    <u>**Defendant's Proposed Exhibits**</u>

| Exhibit Number | Description | Basis for Objection by Plaintiff |
|---|---|---|
| 1 | NYC Fire Water Mold Smoke Damage Restoration website printout, seven pages (Documents marked Plaintiff's Exhibit 1). | FRE 402 (relevance) FRE 403 (confusing the issues, misleading the jury) |
| 2 | Copy of 2012 1099-Misc Brown & Brown, Inc., payer; Jeantov Hercsky (Documents marked Plaintiff's Exhibit 2). | FRE 402 (relevance) FRE 403 (confusing the issues, misleading the jury) FRE 802 (hearsay) |
| 3 | Contingent Fee Agreement dated 7/30/2013 (Documents marked Plaintiff's Exhibit 3). | FRE 402 (relevance) FRE 403 (confusing the issues, misleading the jury) FRE 802 (hearsay) |
| Confidential 4 | Petition (Violation of Court Order) 06/06/2023, three pages (Documents marked Plaintiff's Exhibit 4). | FRE 402 (relevance) |
| Confidential 5 | Summons (Violation of Court Order) (in person) dated 08/22/2023, five pages (Documents marked Plaintiff's Exhibit 5). | FRE 402 (relevance) |
| Confidential 6 | Email chain between Sarah Karmely and Jonathan Hercsky, six pages (Documents marked Plaintiff's Exhibit 6). | FRE 402 (relevance) FRE 403 (unfair prejudice, confusing the issues, misleading the jury) |

| | | |
|---|---|---|
| 7 | Photo of post of September 13, 2014 8:24 a.m. of Jhercsky (Documents marked Plaintiff's Exhibit 7). | FRE 402 (relevance) FRE 403 (unfair prejudice, misleading the jury, confusing the issues) |
| Confidential 8 | Letter from Law Office of Laura C. Golightly, P.C. to Gregory Rabinowitz, Esq., and LaToya James, Esq., dated 5/31/2019 (Documents marked Plaintiff's Exhibit 8). | FRE 402 (relevance) FRE 403 (unfair prejudice, confusing the issues, misleading the jury) FRE 802 (hearsay) |
| Confidential 9 | Confidential photographs (Documents marked Plaintiff's Exhibit 9) | FRE 402 (relevance) FRE 403 (confusing the issues, misleading the jury) |
| Confidential 10 | Confidential photographs (Documents marked Plaintiff's Exhibit 10) | FRE 402 (relevance) FRE 403 (confusing the issues, misleading the jury) |
| Confidential 11 | Confidential photographs (Documents marked Plaintiff's Exhibit 11) | FRE 402 (relevance) FRE 403 (confusing the issues, misleading the jury) |
| 12 | 8x11 Photograph of Mr. Rabinowitz (Documents marked Plaintiff's Exhibit 12). | FRE 402 (relevance) FRE 403 (confusing the issues, misleading the jury) |
| 13 | Photo of piece of yellow legal pad with note dated 6/6/2016 (Documents marked Plaintiff's Exhibit 13). | |
| Confidential 14 | Decision and Order of Family Court, Dated 03/16/2018, Five Pages (Documents marked Plaintiff's Exhibit 14). | FRE 402 (relevance) FRE 403 (unfair prejudice, confusing the issues, misleading the jury) |

| 15 | New Jersey Court Ticket Detail (Documents marked Plaintiff's Exhibit 15). | FRE 402 (relevance) FRE 403 (unfair prejudice, confusing the issues, misleading the jury) FRE 802 (hearsay) |
|---|---|---|
| 16 | Facebook post of October 6, 2014 (Documents marked Plaintiff's Exhibit 16). | FRE 402 (relevance) FRE 403 (unfair prejudice, confusing the issues, misleading the jury) |
| 17 | Facebook Post dated October 6 (Documents marked Plaintiff's Exhibit 17). | FRE 402 (relevance) FRE 403 (unfair prejudice, confusing the issues, misleading the jury) |
| 18 | Deposition of Plaintiff Hercsky, taken on 9/19/2023 At Federal Courthouse, Central Islip, New York | |
| 19 | Deposition of Defendant Evans, taken on 9/11/2023 | |
| 20 | Yaffa Sarn Phone Records, (Document Bate-stamped PL 1116- PL1130) | |
| 21 | Queens District Attorney Letter addressed to Jeantov Hercsky dated, December 28, 2014  (Bate stamped PL79) | |
| 22 confidential | Acknowledgment of paternity (bate stamped PL 668) | |
| 23 | JHERCSKY Instagram (bate stamped PL 669) | FRE 402 (relevance) FRE 403 (unfair prejudice, confusing the issues, misleading the jury) |

| 24 confidential | DEPARTMENT OF SOCIAL SERVICES, Notification of INDICATED finding against Plaintiff dated January 6, 2015 )Bate Stamped PL 670) | FRE 402 (relevance) FRE 403 (unfair prejudice, confusing the issues, misleading the jury) FRE 802 (hearsay) |
|---|---|---|
| 25 confidential | Written statement to court concerning a petition filed by Defendant Evans in the child custody proceeding with Plaintiff (Bate stamped Pl 671) | FRE 403 (unfair prejudice, confusing the issues, misleading the jury) |
| 26 Confidential | documents from the Suffolk County Family Court file for the child custody petitions filed by hte parties ni 2015. ( Bate stamped PL 662 through PL 737) | FRE 403 (unfair prejudice, confusing the issues, misleading the jury) FRE 802 (hearsay) |
| 27 | Documents from the Queens County Criminal Court (Bate stamped PL 853 - PL 1110) | FRE 402 (relevance) FRE 403 (unfair prejudice, confusing the issues, misleading the jury) FRE 802 (hearsay) |
| 28 | Queens county criminal court ACD (Bate stamped PL 851- PL 852) | FRE 402 (relevance) FRE 403 (unfair prejudice, confusing the issues, misleading the jury) |
| 29 | Written statement by Defendant Jacqueline Evans, dated June 16, 2016 (Document Bate-stamped PL 221). | |
| 30 | FAMILY COURT OF THE STATE OF NEW YORK COUNTY OF SUFFOLK, Decision of Custody issued by Matthew G. Hughes dated 11/29/2023 | PL 402 (relevance) FRE 403 (unfair prejudice, confusing the issues, misleading the jury) |

| 31 | Deposition of Nicole Gallo | |
|----|----------------------------|---|
| 32 | Deposition of Jeantov Hercsky | |
| 33 | Judicial notice of all proceedings, Petitions, Motions and Decisions and Orders filed within the Suffolk County Family Court under: File #: 140326 | FRE 402 (relevance) FRE 403 (unfair prejudice, confusing the issues, misleading the jury) FRE 802 (hearsay) |
| 34 | Judicial notice of all proceedings, Petitions, Motions and Decisions and Orders filed within the Suffolk County Family Court under: File #: 78205 | FRE 402 (relevance) FRE 403 (unfair prejudice, confusing the issues, misleading the jury) FRE 802 (hearsay) |
| 35 | All Exhibits proposed by Plaintiff herein (Numbered 1-24) | |
| 36 | Tape Recorded Conversations with Jeantov Hercsky | FRE 37 (Defendant did not disclose these recordings during discovery.) FRE 402 (relevance) FRE 403 (unfair prejudice, confusing the issues, misleading the jury) FRE 802 (hearsay) |
| 39 | Tape Recorded Conversations with Dean Guzzi | FRE 37 (Defendant did not disclose these recordings during discovery.) FRE 402 (relevance) FRE 403 (unfair prejudice, confusing the issues, misleading |

| | | the jury) <br> FRE 802 (hearsay) |
|---|---|---|
| 40 | Tape Recorded Conversations with Yaffa Sarn | FRE 37 (Defendant did not disclose these recordings during discovery.) <br> FRE 402 (relevance) <br> FRE 403 (unfair prejudice, confusing the issues, misleading the jury) <br> FRE 802 (hearsay) |
| 41 | Text Message sent from Plaintiff to Defendants brother | FRE 37 (Defendant did not disclose this document during discovery.) <br> FRE 402 (relevance) <br> FRE 403 (confusing the issues, misleading the jury) |
| 42 | Plaintiff NYS Medicaid Card (New York State Medicaid Card) | FRE 37 (Defendant did not disclose this document during discovery.) <br> FRE 402 (relevance) <br> FRE 403 (confusing the issues, misleading the jury) |

Defendant reserves her right to move additional exhibits into evidence for impeachment and rebuttal purposes.

Several of the phone records for Yaffa Sarn produced to Plaintiff by Verizon in 2021 in response to Plaintiff's subpoena duces tecum were cut off on one side.  Pursuant to Defendant's request, Plaintiff's counsel is in the process of trying to obtain complete records from Verizon.

**10.    A designation by each party of deposition testimony to be offered in its case-in-chief, with any cross-designations.**

      **(a)    Plaintiff's Statement**

Plaintiff will only use deposition testimony for impeachment or rebuttal purposes.

      **(b)    Defendant's Statement**

Defendant will use deposition testimony for impeachment or rebuttal purposes.

**11.    A statement as to whether all parties have consented to trial of the case by a Magistrate Judge (without identifying which parties have or have not so consented).**

The parties consent to trial of this case by the Magistrate Judge.

Dated:        September ___, 2025

SO ORDERED:

_____
THE HONORABLE LEE G. DUNST
UNITED STATES MAGISTRATE
JUDGE

******

Respectfully submitted,

_____
Kathy A. Polias, Attorney-at-Law
Attorney for Plaintiff Jeantov Hercsky

_____
Jacqueline Evans
Pro Se Defendant