**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

JEANTOV HERCSKY,

      Plaintiff,

  v.

      No. 17-CV-4199 (LGD)

JACQUELINE EVANS,

      Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**JACQUELINE EVANS'S SUBJECT-MATTER**
**JURISDICTION DEFENSE AND MOTIONS *IN LIMINE***

KELLEY DRYE & WARREN LLP

Aaron J. Gold
Steven W Schlesinger
Joseph J. Donaldson
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel.: (212) 808-7800
Fax: (212) 808-7897
agold@kelleydrye.com
sschlesinger@kelleydrye.com
jdonaldson@kelleydrye.com

*Counsel for Defendant*
*Jacqueline Evans*

# TABLE OF CONTENTS

This Court Lacks Subject Matter Jurisdiction Over This Action Because Plaintiff Does Not Satisfy The Amount in Controversy Threshold ..................................................... 1

**I.**    Plaintiff Failed to Plead Facts Plausibly Satisfying the Jurisdictional Threshold. ............ 1

**II.**   Discovery Undermines Plaintiff's Good Faith Basis to Allege Satisfaction of the Jurisdictional Threshold. ................................................................................................ 5

Defendant's Motions In Limine to Exclude Plaintiff's Proposed Exhibit 14, Any Witness Testimony Concerning Defendant's Alleged Prior False Accusations, and Gregory Rabinowitz's Testimony. ................................................................................................ 7

    **I.**    The Court Should Preclude Plaintiff from Introducing Plaintiff's Proposed Exhibit 14 ................................................................................................................. 7

        A.    Plaintiff's Proposed Exhibit 14 Settlement Document is Irrelevant and Should Be Excluded Under Federal Rules of Evidence 401 and 402.................................................................................................................... 7

        B.    Plaintiff's Proposed Exhibit 14 Is A Settlement Document and Should Be Excluded Under Federal Rule of Evidence 408 ..................... 8

        C.    Plaintiff's Proposed Exhibit 14 Settlement Document Has No Probative Value and Should Be Excluded Under Federal Rule of Evidence 403................................................................................................ 10

    **II.**   The Court Should Exclude Testimony About Any of Defendant's Alleged Prior False Allegations....................................................................................... 11

        A.    Prior False Allegation Testimony is Improper Character Evidence. ....... 12

        B.    Evidence of Prior False Allegations Has No Other Proper Purpose........ 13

    **III.**  The Court Should Exclude Irrelevant and Unfairly Prejudicial Testimony from Gregory Rabinowitz from Evidence. ......................................................... 15

CONCLUSION................................................................................................................. 17

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Agoliati* v. *Block 865 Lot 300 LLC*,
   2023 WL 405769 (2d Cir. Jan. 26, 2023) ...............................................................2

*Altman* v. *New Rochelle Pub. Sch. Dist.*,
   2017 WL 66326 (S.D.N.Y. Jan. 6, 2017) ...............................................................12

*Am. Soc. of Composers, Authors & Publishers* v. *Showtime/The Movie Channel, Inc.*,
   912 F.2d 563 (2d Cir. 1990)...........................................................................8, 9, 10

*Bruce Lee Enters., LLC* v. *A.V.E.L.A., Inc.*,
   2014 WL 13101743 (S.D.N.Y. Mar. 18, 2014) ....................................................8-9

*Brunette* v. *City of Burlington, Vermont*,
   2018 WL 4146598 (D. Vt. Aug. 30, 2018)...............................................................8

*Capeci* v. *Seven Corners Inc.*,
   2022 WL 17253527 (E.D.N.Y. Nov. 28, 2022).........................................................4

*Carofino* v. *Forester*,
   450 F. Supp. 2d 257 (S.D.N.Y. 2006)......................................................................13

*Ciolli* v. *Iravani*,
   625 F. Supp. 2d 276 (E.D. Pa. 2009) ..................................................................9, 10

*Curiano* v. *Suozzi*,
   63 N.Y.2d 113 (1984) ........................................................................................10, 16

*Dejesus* v. *Village of Pelham Manor*,
   282 F. Supp. 2d 162 (S.D.N.Y. 2003)........................................................................3

*Doody* v. *Bank of Am.*,
   709 F. Supp. 3d 71 (D. Conn. 2024)......................................................................5, 6

*Elome* v. *Sva Trucking LLC*,
   2021 WL 4480456 (E.D.N.Y. Sept. 30, 2021) ..........................................................2

*Fed. Hous. Fin. Agency* v. *Nomura Holding Am., Inc.*,
   68 F. Supp. 3d 499 (S.D.N.Y. 2014)..........................................................14, 15, 17

*Garnes* v. *Hartford Ins. Co.*,
   2024 WL 4250268 (E.D.N.Y. July 23, 2024).............................................................4

*Hall* v. *EarthLink Network, Inc.*,
  396 F.3d 500 (2d Cir. 2005)..................................................................5

*Huddleston* v. *United States*,
  485 U.S. 681 (1988)...........................................................................13

*Jean-Louis* v. *Amazon.com Services, LLC*,
  2022 WL 3867668 (E.D.N.Y. Aug. 29, 2022)......................................3

*Lapaglia* v. *Transamerica Cas. Ins. Co.*,
  155 F. Supp. 3d 153 (D. Conn. 2016)..................................................2

*Lyndonville Sav. Bank & Tr. Co.* v. *Lussier*,
  211 F.3d 697 (2d Cir. 2000)................................................................1

*M.C.* v. *Cnty. of Westchester, N.Y.*,
  2022 WL 1124920 (S.D.N.Y. April 13, 2022) ...................................12

*Ma* v. *United Rentals (N. Am.), Inc.*,
  678 F. Supp. 3d 412 (S.D.N.Y. 2023)..................................................7

*Meide Zhang* v. *Liang Zhang*,
  816 F. App'x 525 (2d Cir. 2020) ......................................................12

*Moore* v. *Betit*,
  511 F.2d 1004 (2d Cir. 1975)..............................................................3

*Nwanza* v. *Time, Inc.*,
  125 F. App'x 346 (2d Cir. 2005) ........................................................4

*Porter, Inc.* v. *Riteway Marine Sols., Inc.*,
  2025 WL 3080649 (E.D.N.Y. Nov. 4, 2025).........................................1

*Prophete* v. *Acevedo-Smith*,
  788 F. Supp. 3d 345 (E.D.N.Y. 2025) ..........................................13, 16

*PRL USA Holdings, Inc.* v. *United States Polo Ass'n*, 520 F.3d 109 (2d Cir. 2008) ....................9

*PSI Metals, Inc.* v. *Firemens Ins. Co. of Newark, N.J.*,
  839 F.2d 42 (2d Cir. 1988)................................................................16

*Rosas* v. *Miri Gen. Contracting Inc.*,
  782 F. Supp. 3d 15 (E.D.N.Y. 2025) ........................................7, 10, 11

*Smith-Hunter* v. *Harvey*,
  95 N.Y.2d 191 (2000) ..................................................................10, 16

*Swift Logistics, Inc.* v. *M&J Truck Sales Inc.*,
  2022 WL 17177791 (E.D.N.Y. Nov. 23, 2022)......................................2

iii

*Tongkook Am., Inc.* v. *Shipton Sportswear Co.*,
    14 F.3d 781 (2d Cir. 1994) ........................................................................1, 2, 5

*Trebor Sportswear Co.* v. *The Ltd. Stores, Inc.*,
    865 F.2d 506 (2d Cir. 1989) .........................................................................8, 9

*United States* v. *Carlton*,
    534 F.3d 97 (2d Cir. 2008) ...............................................................................13

*Wood* v. *Maguire Automotive, LLC*,
    508 F. App'x 65 (2d Cir. 2013) ......................................................................2, 4

*Wright* v. *T-Mobile USA, Inc.*,
    2023 WL 4707865 (E.D.N.Y. July 24, 2023) ..................................................1

**Statutes**

28 U.S.C. § 1332 ...................................................................................................1

**Other Authorities**

Fed. R. Civ. P. 12(h)(3) ................................................................................ 1, 4-5

FED. R. EVID. 105 ...................................................................................................15

FED. R. EVID. 401 ................................................................................................8, 16

FED. R. EVID. 402 ................................................................................................8, 16

FED. R. EVID. 404 ..............................................................................................12, 13

FED. R. EVID. 408 ..................................................................................................8, 9

FED. R. EVID. 608(b) ..............................................................................................12

Defendant Jaqueline Evans submits this memorandum of law in support of her (i) defense that this court lacks subject matter jurisdiction, as directed by the Court's December 10, 2025 order, and (ii) her motions *in limine* to exclude certain evidence at trial.

## THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS ACTION BECAUSE PLAINTIFF DOES NOT SATISFY THE AMOUNT IN CONTROVERSY THRESHOLD

Subject-matter jurisdiction is a threshold question. If "at any time" the court determines that it lacks subject-matter jurisdiction, it "*must dismiss the action*." Fed. R. Civ. P. 12(h)(3) (emphasis added). Challenges to subject matters jurisdiction are "not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Tr. Co.* v. *Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). Here, Plaintiff invoked the Court's diversity jurisdiction (ECF No. 11 ¶ 2) meaning that the amount in controversy—his damages—must "exceed[] the sum or value of $75,000, exclusive of interest and costs," 28 U.S.C. § 1332. Plaintiff thus bears "the burden of proving that it appears to a reasonable probability" that his damages meet the jurisdictional minimum. *Tongkook Am., Inc.* v. *Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (internal quotes omitted).

Plaintiff does not carry that burden, because (i) he does not sufficiently allege that his claims exceed the statutory threshold, and (ii) discovery has demonstrated that Plaintiff could not have reasonably believed that his alleged damages exceed $75,000.

## I.    Plaintiff Failed to Plead Facts Plausibly Satisfying the Jurisdictional Threshold.

For jurisdictional purposes, courts consider the "the fac[e] of the complaint and the dollar-amount actually claimed" when a case commences. *Wright* v. *T-Mobile USA, Inc.*, 2023 WL 4707865, at *2 (E.D.N.Y. July 24, 2023). But alleged damages (just like facts supporting underlying claims) must be *plausible*, as in, "supported by facts alleged in the complaint," *Porter, Inc.* v. *Riteway Marine Sols., Inc.*, 2025 WL 3080649, at *2 (E.D.N.Y. Nov. 4, 2025), and "non-

speculative," *Elome* v. *Sva Trucking LLC*, 2021 WL 4480456, at *1 (E.D.N.Y. Sept. 30, 2021). Conclusory allegations enjoy no "presumption of truth." *Wood* v. *Maguire Automotive, LLC*, 508 F. App'x 65, 65 (2d Cir. 2013).

There is "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Agoliati* v. *Block 865 Lot 300 LLC*, 2023 WL 405769, at *2 (2d Cir. Jan. 26, 2023). However, "a plaintiff's subjective belief, alone, cannot be the controlling factor where, pre-trial, there is a showing that, as a legal certainty, the plaintiff cannot recover the jurisdictional amount." *Swift Logistics, Inc.* v. *M&J Truck Sales Inc.*, 2022 WL 17177791, at *1 (E.D.N.Y. Nov. 23, 2022) (*quoting Tongkook*, 14 F.3d at 785). Indeed, the Second Circuit has noted that "good faith has an objective element," and declined to "ignore" the absence of jurisdiction where pre-trial discovery reveals that "from the outset" the plaintiff could not have recovered the statutory jurisdictional amount. *Tongkook*, 14 F.3d at 785.

Plaintiff purports to seek four categories of damages, the sum of which could not plausibly exceed $75,000 on the face of the Amended Complaint. As an initial matter, Plaintiff's prayer for relief does not specify an amount in controversy, requesting only amounts "to be determined at trial." ECF No. 11 at 38. Plaintiff's cursory factual allegations—including repeated references to "tens of thousands" in legal fees and vague allusions to "substantial" lost income "due to his missing work"—do not offer any added precision. (*See* ECF No. 11 ¶¶ 30, 40). These conclusory allegations are insufficient to establish subject matter jurisdiction. *See Wood*, 508 F. App'x at 65 (affirming dismissal for want of jurisdiction where plaintiff's "allegation in her complaint of $75,000 in controversy is conclusory and not entitled to a presumption of truth"); *Lapaglia* v. *Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155-56 (D. Conn. 2016) (noting that courts must "evaluate facts alleged concerning an amount in controversy for purposes of federal diversity

jurisdiction" under Rule 8's plausibility standard).  Even when read in a light most favorable to the Plaintiff, the categories of damages that Plaintiff seeks, even in the aggregate, do not plausibly amount to $75,000 based on the allegations in the Amended Complaint. The numbers just do not add up.

*First*, the Amended Complaint does not *plausibly* support "general and compensatory damages" in unspecified amounts for "lost freedom," his time spent appearing in criminal proceedings, and supposedly related "emotional, mental, and physical distress."  (ECF No. 11 at 38.)  Damages such as loss of freedom are "incapable of reduction to monetary terms" and warrant close scrutiny because purely speculative damages of this type do not support jurisdiction.  *See Moore* v. *Betit*, 511 F.2d 1004, 1006 (2d Cir. 1975).  Here, Plaintiff's Amended Complaint does not plausibly allege any amount of damages in connection with his loss of time or freedom.  To the contrary, despite repeatedly alluding to harm from lost work, Plaintiff's Amended Complaint does not identify Plaintiff's job, salary, hourly wage, or any other specifics by which any such damages could be calculated.  Plaintiff has thus failed to plausibly allege damages of this category.

Likewise, Plaintiff's bald claims of "emotional, mental, and physical distress" are also conclusory, and insufficient.  *See Jean-Louis* v. *Amazon.com Services, LLC*, 2022 WL 3867668, at *3 (E.D.N.Y. Aug. 29, 2022) ("the Complaint's request to recover for emotional distress is boilerplate, and the Court disregards it for purposes of determining whether the jurisdictional amount is met") (collecting cases); *Dejesus* v. *Village of Pelham Manor*, 282 F. Supp. 2d 162, 177 (S.D.N.Y. 2003) ("emotional distress damages cannot be established by mere subjective statements by the plaintiff, without corroboration, when the plaintiff does not indicate any physical manifestations of her distress").  Without any supporting *facts*, these unadorned claimed damages

are similarly implausible.  Because of these deficiencies, Plaintiff's claimed damages of these types do not support jurisdiction on the face of the pleading.

*Second*, Plaintiff's Amended Complaint requests "specific damages" which are, in fact, *un*specified—unquantified amounts allegedly spent on his criminal defense and transportation to and from court in connection with criminal proceedings.  Again, these claimed damages lack any precision and appear grounded in vague references to "tens of thousands of dollars" in expenses. (ECF No. 11 ¶¶ 30, 40.)  Without any factual support, these conclusory assertions of damages do not support jurisdiction.  *Wood*, 508 F. App'x at 65.

*Third*, the Court is "not compelled to accept a claim of punitive damages . . . made for the purpose of conferring federal jurisdiction," as claims for such damages receive much "closer scrutiny."  *Capeci* v. *Seven Corners Inc.*, 2022 WL 17253527, at *1 (E.D.N.Y. Nov. 28, 2022). The Second Circuit has warned courts not to fill the jurisdictional gap with claimed punitive damages where claimed actual damages are unspecified or unavailable.  *Nwanza* v. *Time, Inc.*, 125 F. App'x 346, 348–49 (2d Cir. 2005) ("We will not allow a plaintiff to meet the amount-in-controversy requirement by demanding $5,000,000 in punitive damages, when the only actual damages that he claims are unavailable as a matter of law.").

*Fourth*, whatever "costs" plaintiff incurred to bring this case are irrelevant because the Court "does not take into account Plaintiff's requests for costs in evaluating the amount in controversy."  *Garnes* v. *Hartford Ins. Co.*, 2024 WL 4250268, at *4 n.2 (E.D.N.Y. July 23, 2024).

Thus, even when read in a light most favorable to Plaintiff, the face of the Amended Complaint does not plausibly plead damages in the amount of $75,000 or more.  This failure to establish subject matter jurisdiction is sufficient to mandate dismissal of this action.  Fed. R. Civ.

P. 12(h)(3); *Wood*, 508 F. App'x at 65 (affirming dismissal for lack of subject matter jurisdiction where pleading did not plausibly allege $75,000 in damages).

## II.    Discovery Undermines Plaintiff's Good Faith Basis to Allege Satisfaction of the Jurisdictional Threshold.

"[G]ood faith has an objective element." *Tongkook*, 14 F.3d at 785. The Second Circuit has noted that it could not "ignore" the absence of jurisdiction where pre-trial discovery reveals that "from the outset" the plaintiff could not have recovered the statutory jurisdictional amount. *Id.* Courts will thus "will look to post-filing events in evaluating the amount in controversy for jurisdictional purposes[,]" including "when post-filing events suggest that the amount in controversy allegation in the complaint" lacks objective good faith. *Hall* v. *EarthLink Network, Inc.*, 396 F.3d 500, 507 (2d Cir. 2005).

For example, where a party's disclosures in discovery "effectively concede that it could not recover the amount alleged in the complaint," the "face-of-the-complaint presumption is . . . rebutted." *Doody* v. *Bank of Am.*, 709 F. Supp. 3d 71, 81 (D. Conn. 2024). Where, "from the proofs, the court is satisfied . . . that the plaintiff never was entitled to recover that amount . . . the suit will be dismissed." *Tongkook*, 14 F.3d at 784 (citation omitted). Here, Plaintiff has failed to allege facts sufficient to find subject matter jurisdiction. And, as discussed in more detail below, the facts known to Plaintiff when he filed his Amended Complaint—which have since been confirmed through Plaintiff's disclosures in discovery—belie any objective belief in the existence of damages above the jurisdictional threshold at the time he filed this action. The Court should therefore dismiss this matter for lack of subject matter jurisdiction.

Discovery propounded in this matter confirms that Plaintiff never had an objective basis to believe that he could meet the jurisdictional threshold at the time of filing. This is an additional, independently sufficient basis for dismissal. Where a party's disclosures in discovery eliminate

the possibility of recovery as a matter of law, the presumption of good faith is rebutted and the amount in controversy is open to challenge. *Doody*, 709 F. Supp. 3d at 81. For example, in *Doody*, the plaintiff's initial disclosures confirmed that he could not recover above the jurisdictional threshold. *Id.* at 81. The court held Plaintiff had accordingly failed to demonstrate a reasonable probability that the amount in controversy requirement was satisfied, and dismissed the action. *Id.* at 82.

Similarly, discovery has confirmed that subject matter jurisdiction never existed in this matter. As noted, Plaintiff's Amended Complaint seeks four categories of damages, including general and specific damages for alleged loss of freedom and time which, Plaintiff claimed in his pleading, principally manifested in "lost income because he was not able to work." (*See, e.g.*, ECF No. 11 ¶¶ 12, 30, 40.) But discovery has revealed a confronting truth: Plaintiff did not have a job during the relevant period described in the Amended Complaint. When asked to describe the details of this claimed lost work and provide employment documentation, Plaintiff instead purported to "withdraw[] his claims for missed work and lost income." (*See* **Exhibit 1**, Plaintiff's response to Interrogatory No. 24).[1] Plaintiff testified in his deposition that he is self-employed in the field of "construction consulting," (*see* **Exhibit 2**, excerpt of Plaintiff's deposition), but did not produce any documents to substantiate this employment or any lost wages. At the time Plaintiff filed his Amended Complaint, given his lack of consistent employment, he objectively could not seek to recover "lost income" in good faith.

Similarly, Plaintiff's Amended Complaint seeks specific damages for amounts spent on his criminal defense and "transportation to and from court." Plaintiff has not alleged that he purchased

---

[1]  References to Exhibits ("Ex.") refer to exhibits attached to the Declaration of Joseph J. Donaldson accompanying this brief.

a vehicle solely to travel to and from required court appearances or offered any other support for his claim of travel expenses. Rather, actual damages claimed and proven appear to consist of E-Z Pass toll expenses for travel to and from the courthouse. But subpoenas to the relevant entities confirmed that Plaintiff only incurred *de minimis* tolls during the relevant period.

Finally, far from the "tens of thousands" of dollars claimed in his Amended Complaint, Plaintiff has stipulated that his damages in this action consist of only $307.25 in travel costs and $14,400.00 in criminal attorneys' fees. (ECF No. 179 ¶¶ 18, 21). *See Ma* v. *United Rentals (N. Am.), Inc.*, 678 F. Supp. 3d 412, 415 (S.D.N.Y. 2023) (noting that, in the related context of removal and remand, federal courts "allow remands on the basis of plaintiff[s'] stipulations to damages amounts that fall below the diversity jurisdictional threshold").

For all these reasons, the Court lacks subject matter jurisdiction over this action, and it should dismiss the claims against Ms. Evans.

## DEFENDANT'S MOTIONS IN LIMINE TO EXCLUDE PLAINTIFF'S PROPOSED EXHIBIT 14, ANY WITNESS TESTIMONY CONCERNING DEFENDANT'S ALLEGED PRIOR FALSE ACCUSATIONS, AND GREGORY RABINOWITZ'S TESTIMONY.

### I.      The Court Should Preclude Plaintiff from Introducing Plaintiff's Proposed Exhibit 14.

Plaintiff should be precluded from admitting into evidence his Proposed Exhibit 14. Plaintiff's Proposed Exhibit 14 is a handwritten note made in connection with the parties' attempts to settle their underlying custody disputes. It is not relevant to the claims or defenses in this action, has no probative value, and is barred as a settlement document.

### A.      Plaintiff's Proposed Exhibit 14 Settlement Document is Irrelevant and Should Be Excluded Under Federal Rules of Evidence 401 and 402.

"Evidence that is not relevant is not admissible," *Rosas* v. *Miri Gen. Contracting Inc.*, 782 F. Supp. 3d 15, 18 (E.D.N.Y. 2025), and Exhibit 14, Ms. Evan's handwritten note, is not relevant.

Ms. Evan's challenged actions occurred in February and May 2015; Exhibit 14 is dated June 6, 2016—more than one year later.  It is not relevant for this reason alone.  *See Brunette* v. *City of Burlington, Vermont*, 2018 WL 4146598, at *16 (D. Vt. Aug. 30, 2018) (holding that because the evidence postdated the disputed incident, it had "scant relevance to the court's determination of the contested issues"). Whatever Exhibit 14 might suggest about Ms. Evan's state of mind in June 2016 has nothing to do with Plaintiff's actions from more than a year earlier, and how those actions affected Ms. Evans in February and May 2015. Plaintiff's Proposed Exhibit 14 is irrelevant and should be excluded. *See* FED. R. EVID. 401; FED. R. EVID. 402.

> **B.    Plaintiff's Proposed Exhibit 14 Is A Settlement Document and Should Be Excluded Under Federal Rule of Evidence 408.**

Rule 408 prohibits using statements made during compromise negotiations to prove the validity of a disputed claim. FED. R. EVID. 408. Because Plaintiff's Proposed Exhibit 14 speaks directly to the disputes underlying Plaintiff's abuse of process and malicious prosecution claims, the Court must apply Rule 408 and exclude the document as impermissible settlement evidence. The Second Circuit has noted that Rule 408 exists to encourage good faith settlement negotiations and stated that "Rule 408 may bar introduction of settlement discussions, or agreements, even if the settlement involved another case and a different party." *Am. Soc. of Composers, Authors & Publishers* v. *Showtime/The Movie Channel, Inc.*, 912 F.2d 563, 580 (2d Cir. 1990). Further, when a disputed claim is sufficiently related to the settled claim or relies on the validity or invalidity of the settled claim, like abuse of process, Rule 408 strongly favors exclusion. *See Trebor Sportswear Co.* v. *The Ltd. Stores, Inc.*, 865 F.2d 506, 510 (2d Cir. 1989) (holding that settlement evidence was properly excluded even when offered for claims raised *after* the settlement conference because the issues discussed at the settlement conference "were at the heart of appellants' [present] actions,") (citing *Fiberglass Insulators, Inc.* v. *Dupuy*, 856 F.2d 652, 655 (4th Cir. 1988) (holding

that prior claims' settlement evidence was properly excluded through Rule 408 because the present claims "arose out of the same transaction")); *Bruce Lee Enters., LLC* v. *A.V.E.L.A., Inc.*, 2014 WL 13101743, at *2 (S.D.N.Y. Mar. 18, 2014) (*quoting PRL USA Holdings, Inc.* v. *United States Polo Ass'n*, 520 F.3d 109, 113-16 (2d Cir. 2008) (holding Rule 408 "applies to using settlement agreements to prove issues that are 'intertwined' or 'overlap' with the elements of the disputed claims" because "[t]he public policy behind Rule 408 is to 'encourage settlements which would be discouraged if such evidence were admissible'")); *Ciolli* v. *Iravani*, 625 F. Supp. 2d 276, 272, 287–88 (E.D. Pa. 2009) (holding that settlement evidence was not admissible to disprove the validity of defendant's past claims in plaintiff's abuse of process or wrongful initiation of civil litigation claims as such a use violated both the letter and the spirit of Rule 408).

Here, the handwritten statement in Plaintiff's Proposed Exhibit 14 is plainly a settlement document arising from the Parties' custody dispute and Plaintiff's criminal cases. And consistent with this Circuit's rulings on the issue, it should be excluded from the present case. *See Am. Soc. of Composers*, 912 F.2d at 580. Like *Bruce Lee Enters.* and *Ciolli*, the proposed exhibit evidencing the Parties' settlement negotiations relates directly to the claims underpinning the instant action. Plaintiff brought this case alleging that Ms. Evans engaged in abuse of process and malicious prosecution by making reports to the police, which spurred his criminal cases sought to be resolved through the offer of settlement in Plaintiff's Proposed Exhibit 14. (ECF No. 11 ¶ 5.) The subject matter of the settlement negotiations reflected in Plaintiff's Proposed Exhibit 14—the dismissal of Plaintiff's criminal charges and the settlement of the Parties' custody dispute—directly overlap with the issues before this action.  Exclusion is proper under Rule 408. *See Trebor Sportswear Co.*, 865 F.2d at 510 (affirming exclusion of settlement agreement resolving underlying dispute under Rule 408).

Additionally, when abuse of process or malicious prosecution claims are based upon settled claims, and a settlement document is offered as evidence of those abuse of process and malicious prosecution claims, Rule 408 precludes the settlement document's entry. *See Ciolli*, 625 F. Supp. 2d at 287–88. Here, Ms. Evans would have been discouraged from engaging in the settlement negotiations if she knew that Plaintiff would be able to use their settlement document as evidence in future claims against her. *Id.* at 287–88; *Am. Soc. of Composers*, 912 F.2d at 580.

Further, Plaintiff's claims of abuse of process and malicious prosecution are dependent on disproving the validity of her reports to the police. *See Ciolli*, 625 F. Supp. 2d at 288; *Smith-Hunter* v. *Harvey*, 95 N.Y.2d 191, 195 (2000) ("the absence of probable cause for the criminal proceeding" is an element of a malicious prosecution claim); *Curiano* v. *Suozzi*, 63 N.Y.2d 113, 116 (1984) ("an intent to do harm without excuse or justification," and "use of the process in a perverted manner to obtain a collateral objective," are elements of an abuse of process claim). Given Rule 408's public policy purpose and related ban on using settlement evidence to prove or disprove the validity of a disputed claim, the Court should exclude the settlement document in Plaintiff's Proposed Exhibit 14 from evidence under Rule 408. *See Ciolli*, 625 F. Supp. 2d at 288.

### C.    Plaintiff's Proposed Exhibit 14 Settlement Document Has No Probative Value and Should Be Excluded Under Federal Rule of Evidence 403.

The Court can exclude evidence under Rule 403 if its "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Rosas* v. *Miri Gen. Contracting Inc.*, 782 F. Supp. 3d 15, 18 (E.D.N.Y. 2025) (quoting FED. R. EVID. 403).

Here, the probative value of Plaintiff's Proposed Exhibit 14 is *de minimis*. Plaintiff's Proposed Exhibit 14 does not show that the reports to the police lacked merit, nor that Ms. Evans was unafraid of Plaintiff at the time that she reported him to the police. In the settlement document,

Ms. Evans wrote that she did "not require any order of protection at present," because she had no fear or concern of Plaintiff's improper behavior in 2016—well after the reports were made to the police. (Plaintiff's Proposed Ex. 14, PL 22.) That statement has little to no probative value of whether she had any fear or concern of Plaintiff's improper behavior a year earlier, in 2015, when Ms. Evans reported Plaintiff to the police for violating the protective order. Any potential probative value of the statement in Plaintiff's Proposed Exhibit 14 is even further reduced when considering an earlier version of the settlement document drafted on Plaintiff's counsel's legal pad in Defendant's Proposed Exhibit 6; the attestation concerning the Ms. Evans's supposed lack of fear was not the Ms. Evans's idea but rather a sentiment that she included to reach a settlement agreement with Plaintiff. (*See* Defendant's Proposed Ex. 6.)

Admitting this document will pose substantial dangers of unfair prejudice to Ms. Evans and may mislead the jury. For example, there is a substantial danger that the jury could be misled to believe that Ms. Evans did not have any justification to call the police when she did in 2015, instead of understanding that she wrote the statement over a year later and only for the purpose of reaching a settlement in the custody dispute. The danger of unfair prejudice and misleading the jury substantially outweighs the probative value of Plaintiff's Proposed Exhibit 14, and therefore the document should be excluded under Rule 403. *See Rosas*, 782 F. Supp. 3d at 18.

## II.    The Court Should Exclude Testimony About Any of Defendant's Alleged Prior False Allegations.

The Court should exclude all witnesses whose only purpose is to testify about alleged false reports made by Ms. Evans in the past, and issue limiting instructions precluding all other witnesses from testifying about any similar subject matter. This is a case about Plaintiff's claims of malicious prosecution and abuse of process from two incidents in 2015; any other allegations

of Ms. Evans's alleged false reports are irrelevant, highly prejudicial, and constitute impermissible character evidence against the Ms. Evans.

A.      **Prior False Allegation Testimony is Improper Character Evidence.**

Plaintiff intends to call various witnesses solely to testify about Ms. Evans's alleged history of making false criminal complaints. (ECF No. 179 at 7-9.) But Rule 404(a) forbids unabashed propensity evidence of "a person's character or character trait…to prove that on a particular occasion the person acted in accordance with the character or trait." FED. R. EVID. 404 (a)(1); *M.C.* v. *Cnty. of Westchester, N.Y.*, 2022 WL 1124920, at *3 (S.D.N.Y. April 13, 2022) (internal citations omitted). Rule 404(b)(1) also prohibits introducing evidence of prior wrongs or bad acts to show that a person committed similar acts on a particular occasion. FED. R. EVID. 404(b)(1).

Here, Plaintiff means to put these witnesses on the stand for one reason only: to tell the jury that Ms. Evans has allegedly lied before and that she must therefore be lying now. This is precisely the kind of inference that underpins Rule 404's prohibitions on character evidence. *See Altman* v. *New Rochelle Pub. Sch. Dist.*, 2017 WL 66326, at *7 (S.D.N.Y. Jan. 6, 2017) ("The Federal Rules of Evidence generally prohibit the introduction of character evidence . . . to prove someone lied . . . because that individual had lied in the past."). Plaintiff cannot simply use this testimony to show that Ms. Evans is prone to falsehood.

The Court should reject any notion that such testimony is permissible under Rule 608(a), which would ignore a key carve-out of that rule.  Rule 608(b) prohibits introducing extrinsic evidence against a witness (in this case, Ms. Evans) to prove specific instances of the witness's conduct. FED. R. EVID. 608(b); *see Meide Zhang* v. *Liang Zhang*, 816 F. App'x 525, 529-30 (2d Cir. 2020) (excluding witness testimony as extrinsic evidence where that witness was to attack another witness's prior statements as false). These proffered witnesses are just such extrinsic evidence. Plaintiff offers no justification for this set of witnesses and this line of testimony other

than to attack Ms. Evans's character and paint her as a liar. Therefore, the Court should exclude these four witnesses entirely and exclude all other testimony about Ms. Evans's alleged past false reports.

**B.    Evidence of Prior False Allegations Has No Other Proper Purpose.**

Any attempt by Plaintiff to argue that he is introducing this testimony for some other purpose, such as a common scheme or plan or a modus operandi, is misguided and meritless. FED. R. EVID. 404(b)(2). For such evidence to be admissible, courts must consider whether evidence of prior acts is, in fact, (1) offered for a proper purpose under Rule 404(b); (2) relevant to a material issue in dispute under Rule 401; and (3) if its probative value is not substantially outweighed by its prejudicial effect under Rule 403. *See Boyce* v. *Weber*, 2021 WL 2821154, at *4 (S.D.N.Y. July 7, 2021); *Huddleston* v. *United States*, 485 U.S. 681, 691-62 (1988). But Plaintiff can satisfy none of these three requirements. At the outset, the testimony offered does not meet the definition of a common plan, scheme, or modus operandi. That evidence is appropriate when a highly distinctive pattern of acts is used to show *identity*. *See, e.g.*, *United States* v. *Carlton*, 534 F.3d 97, 102 (2d Cir. 2008). Ms. Evans's *identity* has never been in issue in this case.

Admitting this testimony as common plan or scheme evidence is similarly inapt. Prior acts testimony can only be used to show a common plan where such testimony demonstrates that the acts constitute one transaction or show a "continuing scheme or conspiracy." *Carofino* v. *Forester*, 450 F. Supp. 2d 257, 272 (S.D.N.Y. 2006) (internal quotations omitted). Here, the testimony regarding Ms. Evans's alleged past falsehoods is plainly neither. These allegations are in no way linked to the present action, are remote in time to the events that precipitated it and are certainly not part of any conspiracy. *See, e.g.*, *Prophete* v. *Acevedo-Smith*, 788 F. Supp. 3d 345, 360 (E.D.N.Y. 2025) ("[T]he existence of similar wrongdoing on two subsequent occasions approximately three months afterwards is not sufficient to admit evidence of, much less prove,

'the existence of a definite project' or plan"). Plaintiff therefore has no basis to proffer this testimony other than to show Ms. Evans has a propensity for falsehoods, which is disallowed by the Federal Rules of Evidence.

And, of course, the proffered testimony is neither relevant nor probative. The facts at issue here are whether Ms. Evans's two allegations against Plaintiff *in 2015* were true, whether Ms. Evans had probable cause to report Plaintiff to the police at *that* time, and if she abused an order of protection. Whether or not the Ms. Evans has ever made a false allegation against a non-party prior to 2015 does not bear at all on the case at hand. Even if proven, such facts would not make it any more or less probable that Ms. Evans had probable cause to report Plaintiff when she did. The testimony offered is therefore irrelevant and should be excluded on those grounds.

Further, even if it were relevant, such testimony would be highly prejudicial while providing zero probative value, warranting exclusion under Rule 403. FED. R. EVID. 403. Evidence may be excluded as overly prejudicial where "the proffered evidence may have a 'tendency . . . to prove some adverse fact not properly in issue or unfairly excite emotions against the [opposing party].'" *Fed. Hous. Fin. Agency* v. *Nomura Holding Am., Inc.*, 68 F. Supp. 3d 499, 505 (S.D.N.Y. 2014) (quoting *United States* v. *Massino*, 546 F.3d 123, 133 (2d Cir. 2008).

Whether Ms. Evans has ever made false criminal allegations before (she has not) has no probative value here. Ms. Evans hopes to offer descriptions of alleged past events not connected to this case which allegedly occurred well-before the events underlying this lawsuit.  Yet for the jury to hear several people testifying that the Ms. Evans has fabricated past charges, in a case about whether she falsely reported Plaintiff for violating an order of protection, is precisely the kind of red herring that would divert the jury's attention from the competent evidence in this case.  Such emotionally charged testimony is highly likely to "unfairly excite emotions" against Ms. Evans,

14

and lead to an impermissible inference that her police reports against Plaintiff were part of a pattern of similar alleged behavior—which it was not. *Fed. Hous. Fin. Agency*, 68 F. Supp. 3d at 505.

In offering testimony about Ms. Evans's prior alleged false complaints, Plaintiff can summon no purpose other than to dredge up allegations irrelevant to this case, remote in time by some ten years, and presented merely for the purpose of making the Ms. Evans appear to be a habitual liar. This testimony offers no probative value to the case at bar, and these proposed witnesses have no relevant insight into this case. They are not parties, not privy to the facts at issue here, and can speak to nothing but their opinion of the Ms. Evans's alleged actions during some undefined time predating this action. The Court should therefore exclude Ms. Fuccillo, Mr. Baumgarth, Mr. Lewis, and Ms. Guzzi from testifying in this case, both on grounds of impermissible character evidence and for the danger of unfair prejudice that their testimony presents.

Finally, Ms. Evans requests that the Court limit any testimony on this topic from any other witnesses who are testifying to other issues in this case. FED. R. EVID. 105. For the reasons stated above, the subject matter of any prior false claims allegedly made by the Ms. Evans are inappropriate for the current action. While the witnesses with relevant testimony may testify on relevant matters, we ask that the Court issue limiting instructions to avoid any undue prejudice to Ms. Evans related to past allegations of false criminal complaints.

### III.    The Court Should Exclude Irrelevant and Unfairly Prejudicial Testimony from Gregory Rabinowitz from Evidence.

Plaintiff seeks to elicit testimony from Mr. Gregory Rabinowitz, Esq. about the alleged effects of the at-issue criminal complaints upon the Suffolk County Family Court proceedings between Plaintiff and Ms. Evans from 2015 to 2016. (ECF No. 179 at 8.) Mr. Rabinowitz's proposed testimony would amount to pointless speculation that has nothing to do with the elements

15

of malicious prosecution or abuse of process at issue here.  Mr. Rabinowitz's expected testimony is (1) irrelevant under Federal Rule of Evidence 401, and (2) unfairly prejudicial and unnecessary under Federal Rule of Evidence 403. This Court should preclude such testimony.

The effects of the criminal proceedings between the parties on the Family Court proceedings are irrelevant because such evidence has no tendency to make any element of the asserted claims here "more or less probable." *See* FED. R. EVID. 401. Indeed, to evaluate whether evidence is relevant, courts look "to the elements of each claim to establish relevance." *Prophete*, 788 F. Supp. 3d at 352. The elements of malicious prosecution are: "(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice." *Smith-Hunter*, 95 N.Y.2d at 195. And the elements of abuse of process are: "(1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective." *Curiano*, 63 N.Y.2d at 116; *see also PSI Metals, Inc.* v. *Firemens Ins. Co. of Newark, N.J.*, 839 F.2d 42, 43 (2d Cir. 1988). Whatever effect the criminal complaints had on the Parties' child-custody proceedings is irrelevant. To carry his burden at trial, Plaintiff must show that Ms. Evans acted with actual malice. The fact that the criminal complaints might have influenced the Suffolk County Family Court proceedings does not make it any more or less likely that Ms. Evans had a malicious intention when she filed the criminal complaints against Plaintiff. Instead, Plaintiff must prove Ms. Evans's intention formed *before or when* she filed the criminal complaints. Because the Suffolk County Family Court proceedings came after, Mr. Rabinowitz's testimony regarding the effects of the criminal complaints cannot establish whether Ms. Evans had the requisite intention. Irrelevant evidence is never admissible. FED. R. EVID. 402. Furthermore,

16

because Plaintiff failed to assert damages flowing from the child-custody proceeding, Plaintiff cannot assert Mr. Rabinowitz's testimony is relevant to resolving any aspect of Plaintiff's claims. This proffered testimony is irrelevant and thus inadmissible.

Finally, Mr. Rabinowitz's testimony is unfairly prejudicial and unnecessary. *See* FED. R. EVID. 403; *Fed. Hous. Fin. Agency*, 68 F. Supp. 3d at 505. Here, the Court should exclude Mr. Rabinowitz's testimony under Rule 403 because it is expected to cover facts not at issue and its prejudicial effect significantly outweighs its probative value. For a jury to hear improper testimony about the alleged effects of the at-issue criminal charges on the Family Court proceedings would unfairly inflame and prejudice the jury. Mr. Rabinowitz's testimony is designed to elicit the jury's misplaced sympathy and has absolutely no bearing on Plaintiff's ability to establish his claims at trial. Therefore, the Court should preclude Mr. Rabinowitz from testifying at trial.

## CONCLUSION

For the foregoing reasons, this Court lacks subject-matter jurisdiction and this action should be dismissed.  In the alternative, the Court should exclude from evidence Plaintiff's Proposed Exhibit 14, any testimony about any of Ms. Evans's alleged prior false allegations, and all testimony from Gregory Rabinowitz.

\* \* \* \* \*

DATED: December 12, 2025   Respectfully submitted,

           KELLEY DRYE & WARREN LLP

           By:   */s/ Joseph J. Donaldson*
              Aaron J. Gold
              Steven W Schlesinger
              Joseph J. Donaldson
              3 World Trade Center
              175 Greenwich Street
              New York, NY 10007
              Tel.: (212) 808-7800
              Fax: (212) 808-7897
              agold@kelleydrye.com
              sschlesinger@kelleydrye.com
              jdonaldson@kelleydrye.com

           *Attorneys for Defendant Jacqueline Evans*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of December 2025, Defendant's Motion was uploaded to this Court's CM/ECF system, which will electronically serve a copy of the same upon all counsel of record.

By*:*    */s/ Joseph J. Donaldson*
          Joseph J. Donaldson

**ATTORNEY CERTIFICATION PURSUANT TO LOCAL RULE 7.1(c)**

       I, Joseph J. Donaldson, certify that this brief complies with the word count limit set forth in Rule 1.7(c) of the Local Rules of this Court because it contains 5,515 words, excluding the parts of the brief exempted by Rule 7.1(c). In preparing this certification, I have relied on the word count of the word processing system used to prepare this brief.

             By: */s/ Joseph J. Donaldson*
                Joseph J. Donaldson