# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x          Docket No.:  17-CV-4199
JEANTOV HERCSKY,                                                                       (JMA) (ARL)

                                       Plaintiff,

                    -against-

JACQUELINE EVANS and SHARYN GUZZI
(a/k/a SHARYN EVANS GUZZI AND SHARYN
EVANS),

                                       Defendants.
------------------------------------------------------------------------x

## PLAINTIFF JEANTOV HERCSKY'S RESPONSES AND OBJECTIONS TO DEFENDANT JACQUELINE EVANS' FIRST SET OF INTERROGATORIES

Pursuant to Rule 26 and Rule 33 of the Federal Rules of Civil Procedure, Plaintiff

JEANTOV HERCSKY, by and through his attorney of record, Kathy A. Polias,

Attorney-at-Law, hereby submits these responses and objections to Defendant Jacqueline Evans'

First Set of Interrogatories.

These responses are subject to amendment and supplementation as Plaintiff acquires

additional information and completes her discovery of the facts underlying this case.

## GENERAL OBJECTIONS

Plaintiff JEANTOV HERCSKY responds to Defendant Jacqueline Evans' First Set of

Interrogatories subject to the accompanying objections, without waiving and expressly

preserving all such objections.

The explicit reference to a general objection or the making of a specific objection in

response to a particular request is not intended to constitute a waiver of general objections that

are not specifically referred to in that response. Plaintiff also submits these responses subject to,

without intending to waive, and expressly preserving: (a) any objections as to materiality,

1

Guzzi's false complaints was that Plaintiff threatened physical harm against one or both of them.

Defendant Evans made the February 1, 2015 complaint less than one month after Defendant

Guzzi made the January 4, 2015 complaint.  Defendant Evans made the May 27, 2015 less than

five months after Defendant Guzzi's complaint and while both Defendants were facilitating the

Suffolk County District Court's prosecution of their earlier criminal complaints.

Secondly, both Evans and Guzzi demonstrated that they had the common purpose of

giving Defendant Evans an advantage in the child custody proceeding.  It therefore makes sense

that they would encourage and facilitate each other's efforts toward this common goal.

Thirdly, Evans and Guzzi were living together at the time that they made the false

complaints and throughout the prosecutions of those complaints, so they had substantial

opportunity to encourage each other, help each other devise actions against Plaintiff, and

conspire with each other to harm Plaintiff.

Fourthly, both Evans and Guzzi worked with the Suffolk County District Attorney's

Office for long periods of time to prosecute the criminal cases.


**INTERROGATORY NO. 24:**

Set forth, in detail, each particular fact, employment documentation, and/or circumstance
regarding the Plaintiffs alleged lost income as a result of missing work to attend his own criminal
proceedings.

Plaintiff's Response to Interrogatory No. 24

Plaintiff is withdrawing his claim for missed work and lost income and therefore this

Interrogatory requests information that is not relevant to this action, not reasonably calculated to

lead to the discovery of admissible evidence, and not material or necessary in the prosecution or

defense of this action.

**INTERROGATORY NO. 25:**

Set forth, in detail, each particular fact, medical record, documentation, and/or circumstance regarding the Plaintiffs alleged emotional, mental, and physical distress as a direct result of attending his own criminal proceedings.

Plaintiff's Response to Interrogatory No. 25

Plaintiff has suffered a great deal of emotional, mental, and physical distress as a result of

Defendants' actions.  This distress has included the following.  Plaintiff has been consistently

worried and nervous that Defendants will fabricate more allegations and make more false reports

to the Police.  Virtually every time a police vehicle has been within his vicinity, he has been

worried that one or both of the Defendants made another false report and that the police are

coming to arrest him.  Every time he has had to go to Family Court regarding the child he shares

with Defendant Evans he has worried that he will be arrested and prosecuted on another false

report by one or both of the Defendants.  He experienced intense humiliation and embarrassment

over being arrested and prosecuted and having to appear in Criminal Court dozens of times.  He

has also experienced a great deal of anxiety and depression in connection with the arrests and

prosecutions.

Dated:  Brooklyn, New York
        November 4, 2020

 

_____
Kathy A. Polias, Esq. (KP-9025)
*Attorney for Plaintiff*
68 Jay Street, Suite 201
Brooklyn, NY 11201
Tel. No.:  718-514-2062
E-mail:  kathypoliasesq@gmail.com