UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x       Docket No.:  17-CV-4199
JEANTOV HERCSKY,                                                                            (JMA) (LGD)

                                             Plaintiff,

                -against-

JACQUELINE EVANS,

                                             Defendant.
---------------------------------------------------------------------x

## PLAINTIFF JEANTOV HERCSKY'S PROPOSED JURY CHARGE/INSTRUCTIONS

Plaintiff Jeantov Hercsky, through his attorneys, submits the following proposed jury charge/instructions:

## I.    INTRODUCTORY REMARKS

Members of the jury, you have now heard all of the evidence in the case as well as the parties' closing arguments.  You are about to perform your final responsibility as jurors.  We are all grateful to you for the close attention that you have given to this case.  Kindly pay close attention to my instructions.

My instructions will be in three parts:

First, I will instruct you regarding the general rules that define and govern the duties of a jury in a civil case such as this;

Second, I will instruct you as to the legal elements of plaintiff's claims; and

Third, I will give you some general rules regarding your deliberations.

## II.   GENERAL INSTRUCTIONS

### (A)    Role of the Judge and Role of the Jury

I will start by repeating our respective roles as judge and jury.

1

Your duty, as I mentioned in my opening instructions, is to find the facts from all the evidence in this case. You are the sole deciders of the facts and it is for you and you alone to determine what weight to give each piece of evidence, to resolve any conflicts that may have appeared in the evidence, and to draw such inferences as you deem to be reasonable and justified by the evidence.

My role is to instruct you on the law. You must apply the law, in accordance with my instructions, to the facts as you determine those facts. I remind you of your sworn obligation to follow the law as I describe it to you, whether you agree with it or not. You should not be concerned about the wisdom or rationality of any rule of law that I give to you to apply to the facts. Respectfully, your opinion of what the law may be, or should be, is irrelevant and should not come into play in your deliberations. It would be a violation of your oath as jurors to base your verdict upon any other view of the law than the one given to you in these instructions.

If any of the lawyers have stated a legal principle that differs from any that I state to you in my instructions, you must be guided solely by what I instruct you about the law. You should not single out any one instruction alone as stating the law, but should consider my instructions as a whole.

Since it is your job—not mine—to find the facts, I have neither expressed an opinion nor attempted to give an opinion about how you should decide the facts of this case. You should not consider anything I have said or done in the course of the trial, including these instructions, as expressing any opinion about the facts or the merits of this case. [IF APPLICABLE - For example, on occasion, I may have asked a witness questions. You should attach no special significance to these questions because they were asked by me.]

2

**(B)    The Definition of Evidence**

You must determine the facts in this case based solely on the evidence presented or those inferences which can reasonably be drawn from the evidence.  Evidence has been presented to you in the form of sworn testimony from the witnesses and exhibits that have been received in evidence by me.  When the attorneys on both sides "stipulate," that is, agree to the existence of a fact, you the jury may accept the stipulation and consider the fact as proven.

[IF APPLICABLE - Some evidence has been received for a limited purpose only, and when I have given you a limiting instruction as to such evidence, you must follow that instruction.]

There are certain things that are not evidence and are to be entirely disregarded by you in deciding what the facts are.  Those things include arguments, statements, or summations by the lawyers, objections to the questions or to the offered exhibits, and any testimony that has been excluded, stricken, or that you have been instructed to disregard.  Those are not evidence.

Some of the exhibits that have been admitted as evidence contain dark blocks indicating that information that had been on the document has been deleted.  We call such a deletion from a document a redaction.  All of these redactions have been done at the Court's direction.  You are not to consider what the redacted portions of the documents might have said or attach any significance at all to the redaction.  Most importantly, you are not to draw any inference for or against either party from the fact that I have ordered that a document be redacted.

**(C)    Direct and Circumstantial Evidence**

There are, generally speaking, two types of evidence:  direct and circumstantial.  You may use both types of evidence in reaching your verdict in this case.

Direct evidence is testimony from a witness about something he or she knows by virtue of his or her own senses—something he or she has seen, felt, touched, or heard.

The other type of evidence—circumstantial evidence—is proof of a chain of circumstances that point to the existence or nonexistence of certain facts. A simple example of circumstantial evidence is the following. Let's say that when you arrived this morning at the Courthouse, the weather was clear, sunny, and dry. However, after several hours in this Courtroom, which has no windows, you see two people come into the Courtroom. One is wearing a wet raincoat and the other is shaking a wet umbrella. Because the Courtroom has no windows and you cannot look outside, you would not have direct evidence that it was raining outside, but you might infer from these circumstances – from the person who just came in with the wet raincoat and the person who just came in shaking a wet umbrella – that it is raining outside. That is all there is to circumstantial evidence. On the basis of reason, experience, and common sense, you infer the existence or nonexistence of a fact from one or more established facts. You are allowed to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience. Inferences are deductions or conclusions that reason and common sense lead you, the jury, to draw from the facts that have been established by the evidence in the case. Use your common sense in drawing inferences; however, you are not permitted to engage in mere guesswork or speculation. There are times when differing inferences may be drawn from facts, whether proven by direct or circumstantial evidence. Plaintiff asks you to draw one. Defendant asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

You decide the weight to be given to each piece of evidence, whether it is direct evidence or circumstantial evidence. You do not have to give more weight to direct evidence than circumstantial evidence, and vice versa, you do not have to give more weight to circumstantial evidence than direct evidence. You must base your verdict on a reasonable assessment of ALL the evidence in the case.

No significance should be attached to the fact that a document or other exhibit was introduced by one party rather than by the other. Either party is entitled to the benefit of any evidence that tends to establish his or her contentions, even though such evidence may have come from witnesses or documents introduced by the other party.

In deciding the factual issues presented in this case, the test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but rather which witnesses and evidence you find most accurate and trustworthy.

**(D)    Witness Credibility**

In deciding the facts in this case, you must consider all of the evidence that has been offered. In doing this, you must decide which testimony to believe and which testimony not to believe. You are the sole deciders of the credibility of the witnesses and the weight their testimony deserves. Your determination of the issue of credibility very largely must depend upon the impression that a witness made upon you as to whether or not that witness was telling the truth or giving you an accurate version of what occurred. You may choose to believe or disbelieve all or part of a witness's testimony. In making that decision, you may take into account any number of factors, including the following:

- the witness's opportunity to see, hear, and know about the events he or she described;

- the witness's ability to recall and describe those things;

- the witness's manner in testifying—was the witness candid and forthright or did the witness seem as if he or she was hiding something, being evasive or suspect in some way?;

- how the witness's testimony on direct examination compared with how the witness testified on cross-examination;

- the reasonableness of the witness's testimony in light of all of the other evidence in the case;

- whether a witness's testimony was contradicted by his or her other testimony, by what that witness said or did on a prior occasion, by the testimony of other witnesses, or by other evidence.

Inconsistencies or discrepancies within Witness A's testimony, or between Witness A's testimony and Witness B's testimony, may or may not cause you to believe Witness A's testimony. In weighing the effects of a discrepancy, you should consider whether it relates to a matter of importance or an unimportant detail, and whether the discrepancy results from an innocent mistake or intentional falsehood.

**(E)      Deposition Testimony [IF APPLICABLE]**

Some of the testimony was presented to you in the form of deposition excerpts that were received in evidence.  A deposition is simply a procedure in which the attorneys for one side may question the opposing party or a witness under oath before a stenographer prior to trial.  This is part of the pretrial discovery, and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

**(F)      Impeachment by Prior Inconsistent Statements**

You may have heard evidence that at some earlier time a witness has said or done something which counsel has argued is inconsistent with the witness's testimony at trial.

Evidence of a prior inconsistent statement was placed before you for the purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself.  If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an

6

important fact or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation satisfied your common sense.

It is exclusively your duty, based upon all of the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's trial testimony.

**(G)    Police Officer/Detective Witnesses [IF APPLICABLE/IF PLAINTIFF CALLS THE TWO SUFFOLK COUNTY POLICE DEPARTMENT WITNESSES]**

In this case you have heard testimony of police officers and detectives.  The testimony of these witnesses should be evaluated in the same manner as the testimony of any other witness. The fact that a witness is a police officer or a police detective does not justify giving that witness's testimony more or less credit than the testimony of any other person.  You should evaluate the testimony of the police officer and police detective witnesses in the same manner as you would the testimony of any other witness, using all of the tests of credibility that I have discussed with you.

**(H)    Character Evidence and Evidence of Other Crimes, Wrongs, or Acts**

If you determine from the evidence that Defendant's criminal allegations against Plaintiff in one of the incidents discussed in this trial were true and that Plaintiff did engage in criminal activity during that incident, you should not deem that to mean that Plaintiff has a propensity towards criminal activity or violence and that Defendant's other criminal allegations against him must be true as well.[1]   You should determine what occurred and what did not occur in each incident based on the evidence that relates to that incident and not based on notions of Plaintiff's

---

[1] *See generally,* Fed. R. Evid. 404.

character or propensities.  Similarly, if you determine from the evidence that Defendant's criminal allegations against Plaintiff in one of the incidents discussed in this trial were false, you should not deem that to mean that Defendant has a propensity toward lying or fabrication and that Defendant's other criminal allegations against Plaintiff must be false as well.[2]  Again, you should determine what Defendant did and did not do in each incident based on the evidence that relates to that incident and not based on notions of Defendant's character or propensities.

**(I)      No Sympathy or Bias**

In determining the issues of fact and making a verdict in this case, you should perform your duty with complete impartiality and without bias, sympathy, or prejudice as to either party.  Both parties are equal before the law and are entitled to the same fair consideration.  The Court expects that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**(J)      Burden of Proof**

In a civil action such like this one, the plaintiff, Jeantov Hercsky, has the burden of proving each of the essential elements of his claims by a preponderance of the evidence.  If the proof fails to establish any essential element of plaintiff's claims by a preponderance of the evidence, you should find for the defendant.

To establish a claim "by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, produces in your minds the belief that what is sought to be proved is, more likely than not, true.

---

[2] *See generally,* Fed. R. Evid. 404.

A preponderance of the evidence means the greater weight of the evidence.  That does not mean the greater number of witnesses or the greater length of the time taken by either side. This determination is based on the quality and persuasiveness of the evidence - the weight and effect it has on your minds.

In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is in balance or evenly divided between the parties, that it is equally probable that one side is right as it is that the other side is right, or that the evidence produced by the plaintiff, who has the burden of proof, is outweighed by evidence against his claims, then you must decide that issue against the plaintiff.  That is because the plaintiff is the party who bears the burden of proof in this case, and the party bearing the burden must prove more than simply equality of evidence—he must prove the element at issue by a preponderance of the evidence.  On the other hand, the plaintiff need not prove his claims by more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the plaintiff—that what he claims is more likely true than not true—then the element will have been proven by a preponderance of the evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard in a criminal trial.  That requirement does not apply to a civil case such as this and you should put it out of your mind.

## III.    SUBSTANTIVE LAW

### (A)    Overview of Plaintiff's Claims/Causes of Action

Plaintiff asserts four claims or causes of action against Defendant in this lawsuit – (1) a New York State common law claim for malicious prosecution in relation to the criminal proceeding that was initiated against Plaintiff in February 2015; (2) a New York State common law claim for abuse of process in relation to the criminal proceeding that was initiated against Plaintiff in February 2015; (3) a New York State common law claim for malicious prosecution in relation to the criminal proceeding that was initiated against Plaintiff in May 2015; and (4) a New York State common law claim for abuse of process in relation to the criminal proceeding that was initiated against Plaintiff in May 2015.

This case is in federal court even though Plaintiff's claims are made under New York State common law because of diversity jurisdiction.  Diversity jurisdiction allows a plaintiff to bring state law claims against a defendant in federal court if at the time the case was filed, the parties were domiciled in different states and if the plaintiff is claiming more than $75,000.00 in damages. At the time the case was filed, Plaintiff Jeantov Hercsky was domiciled in New Jersey and Defendant Jacqueline Evans was domiciled in New York.  In addition, in this action, Plaintiff is claiming more than $75,000.00 in damages.

I will now instruct you as to the legal elements of Plaintiff's claims.

### (B)    Malicious Prosecution Claims

As I stated, two of Plaintiff's four claims are New York state law malicious prosecution claims.  One of these two malicious prosecution claims is related to the criminal proceeding that was initiated against Plaintiff in February 2015 and the other malicious prosecution claim is related to the criminal proceeding that was initiated against Plaintiff in May 2015.

In order to prove a New York state common law claim for malicious prosecution, the plaintiff must establish, by a preponderance of the evidence, the following four elements: (1) that a criminal proceeding was commenced or initiated by the defendant against the plaintiff; (2) that the criminal proceeding was terminated in favor of the plaintiff; (3) that the defendant lacked probable cause in initiating the criminal proceeding; and (4) that the proceeding was brought out of actual malice.[3]

The parties have already stipulated that the criminal proceeding that was initiated against Plaintiff in February 2015 and the criminal proceeding that was initiated against Plaintiff in May 2015 were terminated in his favor.[4] Therefore, that element – which is the second element of a malicious prosecution claim - has already been established and you do not decide whether plaintiff has established that element.

For each of the two malicious prosecution claims, you need to decide whether plaintiff has established by a preponderance of the evidence the first, third, and fourth elements. I will now go into detail about each of these elements.

As I stated, the first element of a claim for malicious prosecution is that a criminal proceeding was commenced or initiated by the defendant against the plaintiff. Although Defendant Jacqueline Evans is a civilian and not a member of law enforcement, under New York State law a civilian defendant is considered to have commenced or initiated a criminal proceeding

---

[3] "To establish a malicious prosecution claim under New York law, a plaintiff must prove (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." Doe v. Jun Du, Docket No. 24-CV-00059 (ARR), 2025 U.S. Dist. LEXIS 97096, *7, 2025 LX 70168, 2025 WL 1456537 (E.D.N.Y. May 21, 2025) (D.J. Ross).

[4] See Joint Pre-Trial Order filed on December 8, 2025, Section 7 ("Stipulations of Fact"), Nos. 19 and 20.

against a plaintiff if that civilian defendant knowingly gave false information to a member of law enforcement or members of law enforcement, who then went and filed the proceeding.[5]

As I stated, the third element of a claim for malicious prosecution is that the defendant lacked probable cause for initiating the criminal proceeding. The proof that establishes this element is the same proof that establishes the first element, which is proof that the civilian defendant knowingly gave false information to law enforcement. Therefore, if a plaintiff demonstrates, by a preponderance of the evidence, that the civilian defendant knowingly gave false information to law enforcement, then the plaintiff shows, by a preponderance of the evidence, that the defendant lacked probable cause in initiating the criminal proceeding.

Finally, as I stated, the fourth element of a claim for malicious prosecution is that the proceeding was brought out of actual malice. The proof that establishes this element is the same proof that establishes the first and third elements – proof that the defendant knowingly gave false information to law enforcement.[6] Therefore, if a plaintiff demonstrates, by a preponderance of the

---

[5] *See* Doe v. Jun Du, Docket No. 24-CV-00059 (ARR), 2025 U.S. Dist. LEXIS 97096, *7-8, 2025 LX 70168, 2025 WL 1456537 (E.D.N.Y. May 21, 2025) (D.J. Ross) (holding that "[t]he defendant must have played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act" or "[a]lternatively, the claimant may demonstrate that the defendant knowingly provided false information to the police or prosecutors") (internal quotations omitted); Hogan v. Rose, Docket No. 7:16-CV-1325 (LEK/ATB), 2020 U.S. Dist. LEXIS 191673, *24-25, 2020 WL 6118573 (N.D.N.Y. Oct. 16, 2020) (D.J. Kahn) (same) (holding that "[u]nder the initiation prong of a malicious prosecution claim, a private citizen who reports a crime to law enforcement authorities can only be held liable if she (1) played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act or (2) provided information to law enforcement authorities that was known to be false") [internal quotations omitted and internal citation omitted]; Rivers v. Towers, Perrin, Forster & Crosby, Inc., Docket No. 07-CV-5441, 2009 U.S. Dist. LEXIS 26301, *7, 2009 WL 817852 (E.D.N.Y. March 27, 2009) (D.J. Trager) (holding that "[g]iving information to the police that is known to be false qualifies as the commencement of a prosecution" for purposes of a malicious prosecution claim under New York State common law); Lupski v. County of Nassau, 32 A.D.3d 997, 998, 822 N.Y.S.2d 112 (App. Div. 2d Dept. 2006) (holding that "[m]erely giving false information to the authorities does not constitute initiation of the proceeding without an additional allegation or showing that, at the time the information was provided, the defendant knew it to be false, yet still gave it to the police or District Attorney").

[6] *See* Rivers v. Towers, Perrin, Forster & Crosby, Inc., Docket No. 07-CV-5441, 2009 U.S. Dist. LEXIS 26301, *8-9, 2009 WL 817852 (E.D.N.Y. March 27, 2009) (D.J. Trager).

evidence, that the civilian defendant knowingly gave false information to law enforcement, then the plaintiff shows, by a preponderance of the evidence, that the proceeding was brought out of actual malice.

In sum, for all three elements, you have to determine whether Plaintiff has demonstrated, by a preponderance of the evidence, that Defendant knowingly gave false information to law enforcement.

For the malicious prosecution claim that is based on the criminal proceeding that was commenced in February 2015, you need to determine if Plaintiff has demonstrated, by a preponderance of the evidence, that Defendant Jacqueline Evans knowingly gave false information to law enforcement when she told law enforcement that Plaintiff contacted her by phone on February 1, 2015. If you find that Plaintiff has established this fact by a preponderance of the evidence, then Plaintiff has established by a preponderance of the evidence that Defendant committed malicious prosecution against him with respect to the criminal proceeding that was initiated in February 2015. If you find that Plaintiff has not demonstrated this fact by a preponderance of the evidence, then Plaintiff has not established by a preponderance of the evidence that Defendant committed malicious prosecution against him with respect to the criminal proceeding that was initiated in February 2015.

For the malicious prosecution claim that is based on the criminal proceeding that was commenced in May 2015, you need to determine if Plaintiff has demonstrated, by a preponderance of the evidence, that Defendant Jacqueline Evans knowingly gave false information to law enforcement when she told law enforcement that Plaintiff's mother Yaffa Sarn told her over the phone on May 22, 2015 that Plaintiff had asked her to call Defendant and to give Defendant a message. The relevant issue is not whether Yaffa Sarn called Plaintiff, but whether Yaffa Sarn

conveyed messages from Plaintiff to Defendant when she called.  The Temporary Order of Protection that was in effect did not prohibit Yaffa Sarn from contacting Defendant Jacqueline Evans; it prohibited Plaintiff from engaging in third-party communication - communicating to Defendant Jacqueline Evans through Yaffa Sarn.  If you find that Plaintiff has established, by a preponderance of the evidence, that Defendant Jacqueline Evans knowingly gave false information to law enforcement when she told law enforcement that Plaintiff's mother Yaffa Sarn told her over the phone on May 22, 2015 that Plaintiff had asked her to call Defendant and give her a message, then Plaintiff has established, by the preponderance of the evidence, that Defendant committed malicious prosecution against Plaintiff with respect to the criminal proceeding initiated in May 2015.  If you find that Plaintiff has not established, by a preponderance of the evidence, that Defendant Jacqueline Evans knowingly gave false information to law enforcement when she told law enforcement that Plaintiff's mother Yaffa Sarn told her over the phone on May 22, 2015 that Plaintiff had asked her to call Defendant and give her a message, then Plaintiff has not established, by the preponderance of the evidence, that Defendant committed malicious prosecution against Plaintiff with respect to the criminal proceeding initiated in May 2015.

### (C)    Abuse of Process Claims

 I have just completed explaining the legal standards for rendering decisions on Plaintiff's two malicious prosecution claims.  I will now turn to Plaintiff's other two claims, which are New York State common law abuse of process claims – one in relation to the criminal proceeding that was initiated against Plaintiff in February 2015 and the other in relation to the criminal proceeding that was initiated against Plaintiff in May 2015.

The elements of an abuse of process claim under New York State common law are:  (1) that there must have been some type of legal proceeding pending or some type of court order that

was in effect; (2) the defendant must have used that proceeding or court order against plaintiff and must have been motivated to do harm to the plaintiff without justification; and (3) the defendant must have been seeking some collateral advantage or corresponding detriment to the plaintiff that was outside the legitimate purposes of the proceeding or order.[7]

The parties agree that the first element for each abuse of process claim has been met. There was a criminal proceeding that was commenced against Plaintiff in February 2015 and a criminal proceeding that was commenced against Plaintiff in May 2015.

The second and third elements are intertwined and can collectively be stated as the following:  the defendant was motivated to do harm to the plaintiff without justification and used the legal proceeding or the court order against the plaintiff for an ulterior purpose, a purpose other than the ordinary purpose of the legal proceeding or the court order. You have to determine whether Plaintiff has proven, by a preponderance of the evidence, that Defendant was motivated in this way towards him and acted in this way towards him.

**(D)    Damages**

Each claim, if proven by a preponderance of evidence, would constitute a violation of Plaintiff's rights.  If you find that Plaintiff has proven, by a preponderance of the evidence, all of

---

[7] *See* Manhattan Enter. Grp. LLC v. Higgins, 816 Fed. Appx. 512, 514, 2020 U.S. App. LEXIS 17232, 2020 WL 2836373 (2d Cir. 2020); TADCO Constr. Corp. v. Dormitory Auth. of N.Y., 700 F. Supp. 2d 253, 271-272,, 2010 U.S. Dist. LEXIS 26117 (E.D.N.Y. 2010).

the elements of a particular claim, you must then decide whether he suffered any injuries as a result of the violations of his rights involved in that claim.

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages. You would only reach the issue of damages on a particular claim if you find that Plaintiff has proven all the elements of that claim by the preponderance of evidence.

If you decide that Plaintiff has proven a claim by the preponderance of the evidence, you must first consider awarding two types of damages: compensatory damages and nominal damages. I will explain the law concerning each of these types of damages to you.

1.    <u>Compensatory Damages</u>

If you return a verdict for the Plaintiff on any particular claim, then you must consider whether to award the Plaintiff compensatory damages. This is not to say that you must award him compensatory damages, but you must consider whether he is entitled to compensatory damages based on the guidelines and law that I am about to give you.

The purpose of compensatory damages is to make the Plaintiff whole – that is, to compensate the plaintiff for the damage that he has proven by a preponderance of the credible evidence he sustained as a direct consequence of the conduct of Defendant. You should not award compensatory damages more than once for the same injury. The Plaintiff is only entitled to be made whole again, not to recover more than he lost.

Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered.

In addition, you must award compensatory damages only for those injuries that you find the Plaintiff has proven by a preponderance of credible evidence to have been the direct result of

conduct by Defendant.  That is, you may not simply award damages for any injury suffered by Plaintiff — you must award damages only for those injuries that are a direct result of conduct by Defendant that was a violation of Plaintiff's rights.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.  Damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only on that evidence.

The Plaintiff cannot recover for injuries that existed prior to the incidents at issue in this case, or for any injuries that were not caused by the violations of his rights at issue in this case. However, if the Plaintiff had a pre-existing injury, you may compensate the Plaintiff to the extent that you find that he was further injured as a direct result of Defendant's violations of his rights.

There are multiple types of injuries for which compensatory damages may be awarded. Emotional, mental, and physical injuries are types of injuries for which compensatory damages may be awarded.  Loss of freedom and deprivation of liberty constitute another type of injury for which compensatory damages may be awarded.   On the issue of loss of freedom and deprivation of liberty, the time that Plaintiff spent attending the Court appearances in the two criminal proceedings in Suffolk County and the time that he spent traveling to and from the Courthouse in Suffolk County for these criminal proceedings would qualify as time that he was deprived of his

freedom and liberty.[8]    Out-of-pocket expenses are yet another type of injury for which compensatory damages may be awarded.

### 2.    Nominal Damages

If you return a verdict in Plaintiff's favor on a particular claim but find that he failed to meet his burden of proving, by a preponderance of the evidence, that he suffered any actual injuries, then you must return an award of damages in some nominal or token amount, not to exceed the sum of one dollar.   Nominal damages are the law's way of recognizing that an individual's rights should not be violated, even when that violation did not cause any actual injury.

### 3.    Punitive Damages

Plaintiff also seeks punitive damages in this case.   If you return a verdict for Plaintiff on a particular claim, then you must also determine whether Plaintiff is entitled to punitive damages according to the guidelines and law that I am about to give you.

In order to be entitled to punitive damages, you must find that Plaintiff has clearly established that the acts of the Defendant that violated his rights were malicious or wanton, or showed a callous or reckless disregard for the rights of others.   The purpose of punitive damages

---

[8] *See* <u>Lynch v. County of Nassau</u>, 278 A.D.2d 205, 206, 717 N.Y.S.2d 248 (App. Div., 2d Dept., 2000), (noting with respect to the plaintiff's damages for malicious prosecution and other causes of action that "[i]t was clear that the plaintiff suffered humiliation and **a deprivation of liberty** as a result of being arrested, handcuffed, booked, and fingerprinted, and **by the subsequent criminal proceedings**." (emphasis added).  *See generally,* <u>Swartz v. Insogna</u>, 704 F.3d 105, 112 (2d Cir. 2013); (noting that the Second Circuit "[has] consistently held that a post-arraignment defendant who is obligated to appear in court in connection with criminal charges whenever his attendance is required suffers a Fourth Amendment deprivation of liberty" (internal quotations omitted); <u>Jocks v. Tavernier</u>, 316 F.3d 128, 136 (2d Cir. 2003) (holding that "the requirements of attending criminal proceedings and obeying the conditions of bail" constituted a post-arraignment seizure for a Section 1984 malicious prosecution claim).

is to punish malicious, wanton, or callous conduct and to set an example to deter others from the commission of similar violations in the future.

If you do decide to award punitive damages, the amount of punitive damages should be reasonable and should be proportionate only to the need to punish and deter.

4.    Taxes and Attorneys' Fees

If you do make an award of damages, such an award is not subject to federal or state income taxes and you should not consider such taxes in determining the amount of damages or increase the award for taxes.  Also, you should not concern yourselves with what Plaintiff would have to pay his attorneys for fees or expenses in deciding damages

**IV.    CLOSING INSTRUCTIONS**

I have now outlined for you the rules of law applicable to this case, the process by which you weigh the evidence and determine the facts, and the legal elements which must be proven by a preponderance of the evidence.  In a few minutes you will return to the jury room for your deliberations.  I will now give you some general rules regarding your deliberations.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be.  That is entirely for you to decide.

By way of reminder, I charge you once again that it is your responsibility to decide the facts in this case from the evidence presented during the trial and to apply the law as I have given

it to you.  Remember also that your verdict must be based solely on the evidence in the case and the law as I have given it to you, not on anything else.

**(A)**    **Foreperson**

Traditionally, juror number one acts as foreperson.  In order that your deliberations may proceed in an orderly fashion, you must have a foreperson, but, of course, the foreperson's vote is not entitled to greater weight than that of any other juror.

**(B)**    **Communication with the Court**

If it becomes necessary during your deliberations to communicate with me for any reason, simply send me a note signed by your foreperson or by one or more other members of the jury. No member of the jury should ever attempt to communicate with me or with any Court personnel by any means other than writing.  I will not communicate with any member of the jury on any subject touching on the merits of this case other than in writing or orally here in open Court.

**(C)**    **Requests for Trial Testimony**

If you wish to have some part of the testimony repeated, or to see any of the exhibits, you may make that request.  If you request to see some or all of the exhibits, we will send them into the jury room for you or make them available to you here in open Court.  If you request to hear certain testimony or to see the trial transcript regarding any matter, I will call you into the Courtroom and have the court reporter read those portions of the testimony to you or send responsive portions of the trial transcript into the jury room.  You can have any of the testimony read back to you or made available to you in transcript form.  I suggest, however, that you be

specific in your requests so as to avoid hearing testimony or receiving portions of the trial transcript that you do not need to assist you in your deliberations.

**(D)      Deliberations and Unanimous Verdict**

Your duty is to reach a fair conclusion from the law and the evidence.  It is an important one.  When you are in the jury room, listen to each other, and discuss the evidence and issues in the case amongst yourselves.  It is the duty of each of you, as jurors, to consult with one another, and to deliberate with a view toward reaching agreement on a verdict, if you can do so without violating your individual judgment and conscience.  While you should not surrender conscientious convictions of what the truth is and of the weight and effect of the evidence, and while each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors, you should examine the issues and the evidence before you with candor and frankness, and with proper deference to, and regard for, the opinions of your fellow jurors.

During your deliberations, you must not communicate with anyone about this case other than your fellow jurors and you must not provide any information to anyone about this case other than your fellow jurors.  You may not use any electronic device or media such as a telephone, cell phone, smartphone, iPhone, BlackBerry, or computer to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict, nor may you

use the Internet or any Internet service or any text or instant message service, or website such as Facebook, LinkedIn, YouTube, or X for those purposes.

You should not consult dictionaries or reference materials or use any other tool, electronic or traditional, to obtain information about the case or to help you decide the case.

In short, do not try to find any information about this case from any source outside what has been presented here at trial until I have accepted your verdict.  To do otherwise would violate your oath as a juror.

You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced they are wrong,  However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.

The decision you reach must be unanimous; you must all agree.

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict.  Do not indicate what the verdict is.  In no communication with the court should you give a numerical count of where the jury stands in deliberations.

To assist you in reaching a verdict, I have prepared a verdict sheet for your use.  Although I will provide each of you with a copy of the verdict form, your unanimous verdict must be recorded on the foreperson's verdict form.  I will also provide each of you with a copy of these instructions.  Please remember that you must follow these instructions as a whole, and you should not rely on any one portion in disregard of the remaining portions.

Remember in your deliberations that the dispute between the parties is, for them, no passing matter.  They and the Court rely upon you to give full and conscientious deliberation and

consideration to the issues and evidence before you.  By doing so, you carry out to the fullest your oaths as jurors to properly and truly try the issues of this case and render a verdict.

    I will ask you to wait for a few moments while I discuss with counsel whether there is anything further about which you need to be instructed.


Dated:  February 4, 2026

                                            /s/
                      _____
                      Kathy A. Polias, Esq. (KP-9025)
                      Kathy A. Polias, Attorney-at-Law
                      *Attorney for Plaintiff*


                      _____S_____
                      Michael J. Alber, Esq. (MA-2901)
                      The Alber Firm, P.C.
                      *Attorney for Plaintiff*


                      _____S_____
                      Lawrence Katz, Esq. (LK-0062)
                      The Alber Firm, P.C.
                      *Attorney for Plaintiff*


                      _____S_____
                      Leon Jacobson, Esq. (LJ -9425)
                      The Alber Firm, P.C.
                      *Attorney for Plaintiff*