Kathy A. Polias
Attorney-at-Law

68 Jay Street, Suite 201, Brooklyn, New York 11201

Tel. no.: (718) 808-3452, Fax no.: (718) 795-1620
E-mail: kathypoliasesq@gmail.com

J.D., Georgetown University Law School (2002)
B.A. in General Psychology, Tufts University (1997)

Licensed to practice law in New York State since 2004

---

February 13, 2026

VIA ECF

The Honorable Lee G. Dunst
United States Magistrate Judge
United States District Court, Eastern District of New York
Long Island Courthouse, 100 Federal Plaza
Central Islip, NY 11722

Re:   Jeantov Hercsky v. Jacqueline Evans,
      Docket No.: 17-cv-4199 (JMA)(LGD)

Dear Your Honor, Magistrate Judge Dunst:

      I represent Plaintiff Jeantov Hercsky in the above-referenced action. Pursuant to the Court's Order dated January 29, 2026, I write to address the admissibility of Defendant's Exhibit 12 (Queens District Attorney's letter to Plaintiff) and the portion of Defendant's Exhibit 17 that contains Defendant's 12/11/2014 e-mail to the Queens District Attorney and five color photographs.

I.    **The Portion of Defendant's Exhibit 17 That Contains Defendant's 12/11/2014 E-mail to the Queens District Attorney Along With Five Color Photographs Is Inadmissible**

      The portion of Defendant's Exhibit 17 that contains Defendant's 12/11/2014 e-mail to the Queens District Attorney along with five color photographs is inadmissible for the following reasons.

      Firstly, Defendant has not explained how these photos would be authenticated under FRE 901 and therefore how a foundation would be laid for them. Defendant has not provided any information about: who took these photos (it is clear that Defendant did not take these photos herself); the type of device with which they were taken and other factors concerning how they were taken; where they were stored or from where they were retrieved; how they were stored and

1

retrieved; the chain of custody; etc. As Defendant has not addressed the authentication of these photos, they are inadmissible under FRE 901.

      Secondly, the 12/9/2014 message that was forwarded by Defendant to Caroline Schneider of the Queens DA's Office on 12/11/2014 claims that the photos were taken on 12/5/2014, which was four days past 12/1/2014 – the date of the incident that Defendant claims caused her injuries. These photos were not taken contemporaneously with, or even close in time to, the 12/1/2014 incident. A four-day period is a sufficient amount of time for intervening factors to have affected Defendant's physical appearance in the photos, and therefore the photos cannot be deemed a *reliable* depiction of injuries that Defendant may have sustained during the incident four days earlier. Their lack of reliability also makes them irrelevant as one of the factors in the test of relevance under FRE 401 is whether the material "has any tendency to make a fact more or less probable than it would be without the evidence". The lack of contemporaneity, and therefore the lack of reliability, of the photos is especially pertinent in this circumstance for the following reasons:

    (a)    The photos are being offered by Defendant as evidence of an incident that is extraneous to this case – the December 1, 2014 incident. It is extraneous because it is not one of the incidents that directly underlies Plaintiff's causes of action. Although the Court has decided to admit evidence of the December 1, 2014 incident, the Court has acknowledged that the evidence admitted should be more limited than the evidence admitted of the February 2015 and May 2015 incidents which directly underlie Plaintiff's causes of action. If the evidence admitted is going to be limited, it certainly should not include photos that lack contemporaneity with the incident and therefore reliability.

    (b)    The photos are quite graphic and have the potential of currying the jury's sympathy for Defendant and making them view her as a battered woman, whom people are often conditioned (by society, by the media, etc.) to automatically believe. The prejudice of these photos to Plaintiff greatly outweighs any relevance that these photos have, for as stated above, their relevance is severely compromised by their lack of contemporaneity. They are therefore inadmissible under FRE 403 as well.

    (c)    In addition, the Court granted Defendant's motion in limine to preclude Plaintiff from calling Jennifer Guzzi Fuccillo to testify. Plaintiff wanted to call Jennifer Guzzi Fuccillo to refute allegations by Defendant that Plaintiff caused bruises and other physical injuries to Defendant on December 1, 2014. In other words, Plaintiff wanted to call Jennifer Guzzi Fuccillo regarding issues to which Defendant would have opened the door. As Plaintiff's ability to refute allegations to which Defendant would open the door is being circumscribed, Defendant's ability to open the door should be similarly circumscribed and should not include photos that are temporally removed from the December 1, 2014 incident.

II. **Defendant's Exhibit 12 (Queens District Attorney's Letter to Plaintiff) Is Admissible**

Defendant's Exhibit 12 is admissible. As the Court has deemed the underlying narrative and timeline in this case to have begun on December 1, 2014, then the event reflected in this Exhibit would be part of that narrative and timeline. This document pertains to an arrest of Plaintiff that occurred on December 28, 2014 as a result of a report made by Defendant to the police that Plaintiff had violated the Temporary Order of Protection that had been entered in the Queens County criminal proceeding that, in turn, had followed the December 1, 2014 arrest. This document shows that the Queens County District Attorney's Office did not even pursue charges against Plaintiff, which reflects on the merit of Defendant's report to the police that Plaintiff violated the Temporary Order of Protection. Plaintiff also requests permission to add this Exhibit to his Exhibit List, considering that it is relevant now that evidence pertaining to the December 1, 2014 incident, arrest, and resulting prosecution has been admitted.

Plaintiff thanks the Court for its time and attention to these matters.

Respectfully submitted by: _____/s/_____
Kathy A. Polias, Esq. (KP-9025)

cc: VIA ECF

Aaron J. Gold, Esq.
Steven W. Schlesinger, Esq.
Joseph J. Donaldson, Esq.
Ashley Czechowski, Esq.
Sabrina Morelli, Esq.
Kelley Drye & Warren LLP.
*Attorneys for Defendant Jacqueline Evans*