

**Aaron J. Gold**

Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, New York 10007

Tel: (212) 808-7614
agold@KelleyDrye.com

February 20, 2026

**By ECF**

Hon. Lee G. Dunst, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:    *Hercsky* **v.** *Evans*, **2:17-cv-04199-LGD**

Dear Judge Dunst:

    On behalf of Defendant Jaqueline Evans, we respond to Plaintiff's February 19, 2026 letter concerning proposed jury instructions. (*See* ECF No. 220.) Plaintiff is wrong on the law and the facts. Your honor's draft jury instructions will properly advise the jury (if his claims ever reach the jury) of the facts Plaintiff must prove to prevail on his malicious prosecution claims.

    An element of malicious prosecution includes that the underlying criminal proceeding terminate "*in favor of the accused.*" *Smith-Hunter* v. *Harvey*, 734 N.E.2d 750 (2000) (emphasis added). "In favor" of the accused does not just mean that a criminal case is over; it carries two other "threshold" requirements. *Smith-Hunter* v. *Harvey*, 95 N.Y.2d 191, 196–197 (2000). *First*, termination of the criminal case must first be "final," in that the criminal charges, when dismissed, cannot be refiled. *Genovese* v. *Cnty. of Suffolk*, 128 F. Supp. 3d 661, 671 (E.D.N.Y. 2015) (citing *Smith-Hunter,* 95 N.Y.2d at 197). *Second*, the "prosecution [must have] terminated in a manner not inconsistent with plaintiff's innocence," *id.* at 197, since New York "foreclose[s] malicious prosecution actions by those who carry even an aroma of guilt," *id.* at 200 (Rosenblatt, J. concurring). Proving this prong, along with the other malicious prosecution elements, is a "heavy burden" that *Plaintiff* must carry. *Moorhouse* v. *Standard, New York*, 124 A.D.3d 1, 7 (App. Div. 2014). That is the same now as when Plaintiff brought this case nearly nine years ago.

    Plaintiff based his malicious prosecution claims on two underlying criminal cases. *People of the State of New York* v. *Hercsky*, Docket No.: 2015SU022612 (for the February 1, 2015 call) was dismissed in August 2016 for factual insufficiency in the allegations under CPL § 170.30(1)(a) and § 170.35(1)(a). (*See* ECF No. 200; Unredacted DX 36, attached hereto.) *People of the State of New York* v. *Hercsky*, Docket No.: 2015SU005270 (for the May 22, 2015 call) was dismissed on January 10, 2017 "in the furtherance/interest of justice." (ECF No. 220 at 5.) Neither of these dismissals can satisfy the "favorable termination" element of a malicious prosecution claim.

That is because, not only does Plaintiff bear the burden to prove favorable termination, certain criminal dispositions (as those relevant here) are—as a matter of law—not favorable terminations. "'[A]n adjournment in contemplation of dismissal is not considered to be a favorable termination' for purposes of establishing a malicious prosecution claim." *Frederick* v. *City of New York*, 2016 WL 8711395, at *17 (E.D.N.Y. Mar. 25, 2016) (quoting *Green* v. *Mattingly*, 585 F.3d 97, 103 (2d Cir. 2009)). Nor do "[d]ismissals based on legal insufficiency . . . satisfy the favorable termination element." *See Gem Fin. Serv., Inc.* v. *City of New York*, 2014 WL 1010408, at *10 (E.D.N.Y. Mar. 17, 2014) (collecting decades of New York state and federal cases); *see Neal* v. *Fitzpatrick*, 250 F.Supp.2d 153, 155 (E.D.N.Y.2003) ("[T]he New York Court of Appeals in *Smith–Hunter* explicitly affirmed . . . that a termination for facial insufficiency does not constitute a favorable termination."). A "dismissal 'in the interest of justice'" is not itself favorable either because it "is neither an acquittal of the charges nor any determination of the merits," but instead "leaves the question of guilt or innocence unanswered." *Lopez-Motherway* v. *City of Long Beach*, 2021 WL 965158, at *6 (E.D.N.Y. Mar. 15, 2021) (quoting *Ryan* v. *New York Tel. Co.*, 62 N.Y.2d 494, 504–05 (N.Y. 1984)). Likewise with charges withdrawn "pursuant to a compromise between the accused and the complainant." *Rothstein* v. *Carriere*, 373 F.3d 275, 289 (2d Cir. 2004) (quoting *Smith-Hunter*, 95 N.Y.2d at 196–97). And "[t]he mere lapsing of the statute of limitations does not establish a formal abandonment of charges and is therefore insufficient to demonstrate a final, favorable termination." *Mangino* v. *Inc. Vill. of Patchogue*, 739 F. Supp. 2d 205, 230 (E.D.N.Y. 2010) (quoting *Neal,* 250 F. Supp. 2d at 156).

Again, New York "law . . . places a heavy burden on malicious prosecution *plaintiffs*" to prove their case, not defendants to disprove them. *Smith-Hunter*, 95 N.Y.2d at 195. Plaintiff mischaracterizes the law in trying to just that: force Ms. Evans to *disprove* his case at trial, and excuse him from *proving* his case with evidence that he has had since mid-2017 to gather. *Hughes* v. *Vento* is irrelevant; on a motion to dismiss (not a trial) "viewed in the light most favorable to the plaintiff," that plaintiff stated a cause of action. *See* 226 A.D.3d 753, 755 (App. Div. 2024). In *Sibblies* v. *City of New York*, the malicious prosecution plaintiff has been *acquitted by the jury* in her criminal case, and, unsurprisingly, "acquittal by a jury is not inconsistent with innocence." 219 A.D.3d 403, 405 (App. Div. 2023) (denying defendant's motion for summary judgment, also, not a trial). Further, in *Gagnon* v. *Village of Cooperstown*, the court also reviewed a defendant's motion for summary judgement on a malicious prosecution claim, and found the evidence insufficient to say, as a matter of law that a termination was unfavorable. 189 A.D.3d 1724, 1726–27 (App. Div. 2020) ("As the proponents of the summary judgment motion, defendants 'bore the burden of making a prima facie showing that plaintiff will be unable to establish at least one of the elements' of the malicious prosecution claim."). None of these cases even hint at shifting any burdens to Ms. Evans at trial. Plaintiff still must prove his case, which he cannot do. He cannot elude that responsibility just because he realized—"on the eve of trial in an eight-year old case" (Feb. 20, 2026 Order)—that he lacked evidence to prove his claims.

To date, Plaintiff has not (and by now *cannot*) adduce any evidence that the criminal cases underlying his malicious prosecution claims terminated in his favor. Yesterday's letter compounds his problem because he concedes with his two exhibits that his criminal cases did not terminate "favorably." The Court can, and should, dismiss his malicious prosecution claims *sua sponte* under Rule 56(f) (as its

procedural requirements have been functionally satisfied), or if not, when the time comes, under Rule 50(a), since Plaintiff cannot prove his malicious prosecution claims as a matter of law. That aside, if Plaintiff's malicious prosecution claims are submitted to the jury, this Court's latest draft of the proposed jury instructions correctly state that Plaintiff must prove that the "proceedings were dismissed with finality" and "show that the circumstances surrounding the termination of those criminal proceedings are consistent with the question of his innocence." (*See* Jury Instructions, at 21.)

\* \* \*

For the foregoing reasons, the Court should reject Plaintiff's proposed jury instruction concerning the "favorable termination" element of his malicious prosecution claims.

Respectfully Submitted,

*/s/ Aaron J .Gold*
Aaron J. Gold

cc: All counsel (Via ECF)

# DX 36

(Unredacted)

DC-88  Order on Motion                    Docket No. 2015 SU 022612

DISTRICT COURT OF THE COUNTY OF SUFFOLK, FIRST DISTRICT

Present:

HON. _____KAREN M. WILUTIS_____     Motion Date ___JULY 11___, 2016
                JUDGE

PEOPLE OF THE STATE OF NEW YORK

         AGAINST

JEANTOV HERCSKY

         Defendant

Upon the following papers numbered 1 to ___5___ read on this motion ___to dismiss and to obtain relief in the alternative___
Notice of motion and supporting affirmation_____1,2_____;
Affidavit in opposition_____3_____;
Reply affirmation_____4_____;
Filed papers_____Information 5_____;

(and after hearing counsel in support of and opposed to the motion) it is,

**ORDERED** that the dismissal portion of this motion is granted and the demand for relief in the alternative is denied as moot.

Movant is charged with criminal contempt in the second degree for intentionally disobeying an order of protection (PL § 215.50(3)), and he seeks dismissal on the ground the information is defective in that it fails to satisfy the requirements for sufficiency set out in CPL § 100.40(1)(c) (see CPL §§ 170.30(1)(a), 170.35(1)(a)).

For an information to be sufficient it, together with any depositions which support it, must contain nonhearsay allegations of fact establishing, if true, defendant's commission of every element of the charged offense (CPL § 100.40(1)(c)). The elements of criminal contempt in the second degree as charged here "'are that a lawful order of the court was in effect and was clearly expressed, that the defendant had knowledge of its provisions...and that the defendant intentionally disobeyed it" (People v. Spasoff, 52 Misc3d 134(A), 2016 NY Slip Op 51018(U), *2 [Second Department, Appellate Term, Ninth and Tenth Judicial Districts 2016]; People v. Celifie, 47 Misc3d 133(A), 2015 NY Slip Op 50466(U) [Second Department, Appellate Term, Ninth and Tenth Judicial Districts 2015][quoting People v. Labagh, 40 Misc3d 54, 56-57, 2013 NY Slip Op 23191, at *2 [Second Department, Appellate Term, Ninth and Tenth Judicial Districts 2013]; see also People v. Brandel, 30 Misc3d 134(A), 2011 NY Slip Op 50082(U), at *2 [Second

Suffolk County DA's Office's subpoenaed prodcution                PL 393

Department, Appellate Term, Ninth and Tenth Judicial Districts 2011]).

     To establish the intent element, the nonhearsay allegations of the information and/or any depositions supporting it must show defendant had knowledge the order of protection had issued. The factual portion of the information <u>sub judice</u> consists entirely of hearsay allegations, and the only document supporting the information is an uncertified copy of the order of protection movant is accused of violating. The parties make reference to a supporting deposition of the protected party named in the order of protection. However, this document is not part of the court file, and so cannot be considered as a supporting deposition.

     Neither the factual part of the information nor the uncertified copy of the order of protection contain nonhearsay allegations reflecting defendant had knowledge of the order of protection. Consequently, the information lacks sufficient allegations that defendant knew his conduct was in violation of that order. As an additional consequence, the information lacks sufficient allegations defendant's alleged behavior constituted intentional disobedience of the order. The information, then, is insufficient, and must be dismissed as such.

Dated: 7/18/16            _Karen M Wilutis_
                                                    J.D.C.

Order not to be published on line.

Suffolk County DA's Office's subpoenaed prodcution     PL 394